

1  FRED G. MEIS, ESQ., STATE BAR NO. 030712
   JOSEPH JAMES POPPEN, ESQ., STATE BAR NO. 239282
2  TABATHA YIN, ESQ., STATE BAR NO. 246197
   ABIGAIL M. MORRIS, ESQ., STATE BAR NO. 223278
3  MEIS & ASSOCIATES
   100 Bush Street, Suite 1800
4  San Francisco, CA  94104-3920
   Telephone:  (415) 981-4612
5  Facsimile:  (415) 398-5060
   Email:  fredgmeis@hotmail.com
6
   Attorneys for Plaintiff MICHAEL GALATI
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10
                     SAN FRANCISCO DISTRICT
11

12

13  MICHAEL GALATI,                    CASE NO. C 07 4035

14                  Plaintiff,         )
                                       )
15                                     )
        v.                             )
16                                     )
                                       )
    COUNTY OF SAN MATEO; SAN           )
17  MATEO COUNTY SHERIFF'S             )   COMPLAINT FOR DAMAGES
18  DEPARTMENT; GREG MUNKS             )   (42 U.S.C. § 1983; and pendant state law
    individually and in his official capacities )   claims)
19  as sheriff for the COUNTY OF SAN   )
    MATEO; DON HORSLEY individually    )
20  and in his former official capacities as )   JURY TRIAL DEMANDED
21  sheriff for the COUNTY OF SAN      )
    MATEO; SALVADOR ZUNO               )
22  individually and in his official capacities )
    as a sheriff's deputy for the COUNTY )
23  OF SAN MATEO; VICTOR LOPEZ         )
24  individually and in his official capacities )
    as a sheriff's deputy for the COUNTY )
25  OF SAN MATEO and DOES 1  to 100    )
    Inclusive,                         )
26                                     )
                    Defendants.        )
27  _____)

28

1

## INTRODUCTION

2

1.  This case is revolved around the false detention, arrest, assault, battery and malicious

3

prosecution of MICHAEL GALATI, who was at the time of this incident a thirty-eight (38) year-

4

old long time San Mateo County resident.

5

6

2.  On or about July 11, 2006, San Mateo County sheriff's deputies SALVADOR ZUNO and

7

VICTOR LOPEZ falsely detained, arrested, assaulted and battered Mr. Galati pursuant to an

8

alleged incident involving a blocked train at the San Mateo Caltrain station.  Deputies ZUNO and

9

LOPEZ, upon their arrival at the scene, rushed the person of Mr. Galati, physically detaining him

10

and forcing Mr. Galati to the ground without provocation or reason.  Deputies ZUNO and LOPEZ

11

detained, assaulted, battered, arrested and caused Mr. Galati to be prosecuted on false charges in

12

violation of his Federal and State constitutional rights.

13

14

3.  As a result of deputies ZUNO and LOPEZ' malicious and at best reckless conduct, Mr.

15

Galati was forced to remain in jail for twenty (20) days until bail was reduced from $50,000.00 to

16

$5,000.00 at which time Mr. Galati was able to scrape together the required deposit to be released

17

from jail.

18

19

4.  Further, at the August 3, 2006 Pre-Trial Conference the Court dismissed the remaining

20

charged counts and Mr. Galati voluntarily pled guilty to an infraction for the sole purpose of

21

avoiding further court proceedings and costs.  In addition, Mr. Galati was unable to work, endured

22

pain and suffering as well as severe emotional distress due to this incident.

23

24

25

## JURISDICTION

26

5.  This action arises under 42 U.S.C. §§ 1983, 1985 and 1986.  Jurisdiction is conferred upon

27

this court by 28 U.S.C. §§ 1331 and 1343 and by California tort law covering false arrest,

28

wrongful imprisonment, assault and battery.

1    6.  Plaintiff is required to comply with an administrative tort claim requirements under

2    California law.  Plaintiff has complied with all applicable government tort claim requirements.

3

4

5    **INTRA DISTRICT ASSIGNMENT**

6    7.  This action arises out of events and/or omissions which substantially occurred in San

7    Mateo County.  Therefore, the San Francisco District is a proper venue in which to file this action.

8

9    **PARTIES**

10    8.  Plaintiff MICHAEL GALATI is a competent adult, a resident of San Mateo County,

11    California and a United States citizen.

12

13    9.  Defendant COUNTY OF SAN MATEO ("COUNTY") is and at all times herein

14    mentioned was a municipal corporation, duly organized and existing under the laws of the State of

15    California.  Under its authority, the COUNTY operates defendant the San Mateo County Sheriff's

16    Department.

17    10. Defendant GREG MUNKS ("MUNKS") is currently employed by defendant COUNTY as

18    Sheriff for the COUNTY.  He is being sued individually and in his official capacity as sheriff for

19

20    the COUNTY.

21    11. Defendant DON HORSLEY ("HORSLEY") was employed by defendant COUNTY as

22    Sheriff for the COUNTY when Plaintiff was wrongfully arrested and incarcerated.  He is being

23    sued individually and in his official capacity as the former sheriff for the COUNTY.

24    12. Defendant SALVADOR ZUNO ("ZUNO") is and at all times herein mentioned was

25    employed by defendant COUNTY as a deputy sheriff.  He is being sued individually and in his

26

27    official capacity as a deputy sheriff for the COUNTY.

28    \\

1    13. Defendant VICTOR LOPEZ ("LOPEZ") is and at all times herein mentioned was

2    employed by defendant COUNTY as a deputy sheriff. He is being sued individually and in his

3    official capacity as a deputy sheriff for the COUNTY.

4
5    14. Plaintiff is ignorant of the true names and/or capacities of Defendants DOES 1 through

6    100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend

7    this complaint to allege their true names and capacities when ascertained. Plaintiff believes and

8    alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries

9    and/or damages hereinafter set forth. Each defendant proximately caused injuries and damages

10    because of their negligence, breach of duty, negligent supervision, management or control, their

11    violation of public policy, assault and false arrest. Each defendant is liable for his/her personal

12    conduct, vicarious or imputed negligence, fault or breach of duty, whether severally or jointly, or

13    whether based upon agency, employment, ownership, entrustment, custody, care or control or

14    upon any other act or omission. Plaintiff will seek leave to amend this complaint subject to

15    further discovery.

16
17    15. In doing the acts and/or omissions alleged herein, defendants ZUNO, LOPEZ, HORSLEY

18    and MUNKS acted within the course and scope of their employment for the COUNTY.

19
20    16. In doing the acts and/or omissions alleged herein, defendants ZUNO, LOPEZ, HORSLEY

21    and MUNKS acted under color of authority and/or under color of law.

22    17. Due to the acts and/or omissions alleged herein, defendants acted as the agent, servant and

23    employee and/or in concert with each of the said other defendants herein.

24    \\

25    \\

26    \\

27    \\

28    \\

## FACTS

18. On or about July 11, 2006 Plaintiff MICHAEL GALATI arrived at the Caltrain station in San Mateo, California with the intent to take a train to San Francisco for the afternoon. At approximately 2:00 P.M. the train to San Francisco began pulling into the San Mateo CalTrain station. As the train approached, the conductor of the train began to slow the train. The conductor then stuck her head out the window and yelled at Plaintiff for allegedly crossing the marked line with his bicycle. Once the train had pulled into the station, Plaintiff boarded the train, however another CalTrain employee instructed Plaintiff to de-board the train. Plaintiff de-boarded the train without incident so as to wait for the next train which was due to arrive in approximately thirty (30) minutes. As Plaintiff waited for the next train to arrive, he was not approached by any other CalTrain employees or asked to leave the station.

19. At approximately 2:35 P.M. another train heading towards San Francisco pulled into the station. As Plaintiff began to board the train, the conductor of this train would not allow Plaintiff to board the train. As Plaintiff spoke to the conductor about why he was not allowed on the train and how he could get a refund for his ticket, deputies ZUNO and LOPEZ arrived on the scene.

20. When deputies ZUNO and LOPEZ arrived on the scene they immediately, physically assaulted and battered Plaintiff without provocation or resistance. Plaintiff was slammed backwards across the train station platform because of the force by which both deputies physically attacked him. Plaintiff then threw his bicycle aside in order to protect himself and in an attempt to cooperate with the deputies. During the next ten (10) minutes defendant ZUNO proceeded to kick Plaintiff in the ribs and chest while defendant LOPEZ handcuffed Plaintiff and told him that he was going to jail for assault with a deadly weapon and other charges.

\\

\\

21. Plaintiff was then placed in the deputies' squad car and taken to jail where he awaited arraignment on the charges false by deputies ZUNO and LOPEZ. Plaintiff was charged with and prosecuted for four (4) counts, all of which were ultimately dismissed.

22. On or about July 11, 2006 COUNTY sheriff's deputies SALVADOR ZUNO and VICTOR LOPEZ falsely arrested Mr. Michael Galati. Mr. Galati was later charged with assault with a deadly weapon upon deputy ZUNO (Plaintiff's bicycle), resisting arrest and willfully using force upon deputies ZUNO and LOPEZ. Plaintiff was never prosecuted for the alleged incident involving the blocked train at the CalTrain station.

23. No evidence of these charges exists nor did any such evidence ever exist because the charges against Plaintiff were all fabricated by deputies ZUNO and LOPEZ. In fact, evidence directly refuting these charges was discovered at which point the charges were dismissed.

24. Nevertheless, Mr. Galati was taken to jail, charged with the above crimes and remained in jail for twenty (20) days until his preliminary hearing on July 25, 2006 at which time the Court dismissed the charge of assault with a deadly weapon due to insufficient evidence. At that time the Court reduced bail from $50,000.00 to $5,000.00 and set a pre-trial conference for August 3, 2006.

25. Plaintiff remained in jail for six (6) more days until he was able to scrape together the money needed to post bail. Plaintiff posted bail and was released on July 31, 2006.

26. At the August 3, 2006 Pre-Trial Conference the Court dismissed the remaining misdemeanor counts. Plaintiff then pled guilty to an infraction so as to avoid further court appearances and costs. All other counts were dismissed because the minimal evidence that existed clearly showed that none of the charges brought had any basis in fact, but were simply false by defendants ZUNO and LOPEZ. In fact, such evidence showed deputies ZUNO and LOPEZ physically attacking Plaintiff without provocation, reason or resistance. Based upon the

1  evidence Plaintiff was not acting in an aggressive manner nor was he aware of the deputies

2  presence at the station until they rushed towards him and physically attacked him from the side

3  and behind.

4

5  27. Due to the reckless and malicious conduct of deputies ZUNO and LOPEZ, Mr. Galati

6  sustained severe injuries.

7  28. For example, Mr. Galati was imprisoned for twenty (20) days, was unable to work and

8  suffered extreme emotional distress.

9  29. Mr. Galati suffered a violation of his constitutional rights under the Fourth and Fourteenth

10  Amendments to the United States Constitution to be free from an unreasonable search and seizure

11

12  of his person, a loss of his physical liberty, physical pain and suffering, emotional trauma and

13  suffering, and accompanying financial loss.

14

15  **CAUSES OF ACTION**

16  **FIRST CAUSE OF ACTION**

17

18  (42 U.S.C. § 1983 – VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT)

19  (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

20  30. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29.

21  31. Defendants' above-described conduct violated plaintiff's right to be free from

22  unreasonable seizures without probable cause under the Fourth and Fourteenth Amendments to

23  the United States Constitution.

24

25  WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

26  \\

27  \\

28  \\

COMPLAINT FOR DAMAGES

1

## SECOND CAUSE OF ACTION

(42 U.S.C. § 1983 – VIOLATION OF FOURTEENTH AMENDMENT)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31.

33. Defendants' above-described conduct violated plaintiff's right to be free from

unreasonable seizures and excessive and/or arbitrary force without reasonable or probable cause

under the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

(42 U.S.C. § 1983 – VIOLATION OF CIVIL RIGHT TO LIFE AND LIBERTY)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33.

35. Defendants acted under color of law in subjecting plaintiff to an unreasonable seizure,

thereby depriving plaintiff of certain constitutionally protected rights, including, but not limited

to:

      a.   The right no to be deprived of life or liberty without due process of law, as

          guaranteed by the Fourth and Fourteenth Amendments to the United States

          Constitution;

      b.   The right to equal protection of the laws, as guaranteed by the Fourteenth

          Amendment to the United States Constitution; and

      c.   The right to be free from pre-conviction punishment as guaranteed by the Fourth,

          Fifth and Fourteenth Amendments to the United States Constitution.

\\

1    36. As a proximate result of the foregoing wrongful acts of defendants, Plaintiff has sustained,

2    and will in the future sustain, pecuniary loss and other compensable injuries.

3    37. As a further proximate result of the acts of defendants, Plaintiff suffered general damages

4
     including pain and suffering.
5

6    38. In doing the foregoing wrongful acts, defendants and each of them, acted reckless and

7    callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them,

8    were willful, oppressive, fraudulent and malicious.

9    WHEREFORE, Plaintiff prays for relief as hereinafter set forth.
10

11

12                              **FOURTH CAUSE OF ACTION**

13                                     (ASSAULT)

14              (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

15    39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38.

16    40. That the defendants, and each of them, demonstrated an unlawful intent to inflict
17
      immediate injury upon plaintiff. They acted with the intent to cause a harmful or offensive
18
19    contact with plaintiff.

20    41. That plaintiff became aware of the defendants' actions and was caused and placed in

21    imminent apprehension of physical and emotional harm.

22    42. That as a direct and proximate result of the defendants' conduct, as alleged herein,
23
      plaintiff suffered, fright, shock, pain, suffering, and extreme mental anguish. Accordingly
24
25    plaintiff has suffered past and future general damages in amounts to be determined by proof at

26    trial.

27    \\

28    \\

43. That as a direct and proximate result of the defendants' conduct, plaintiff was not able to work. He has suffered, as a result, past and future special damages in amounts to be determined by proof at trial.

44. That in threatening plaintiff, the individual defendants ZUNO and LOPEZ acted maliciously and oppressively, in willful and conscious disregard for plaintiff's rights and safety and with the sole intent to harm plaintiff. Plaintiff is therefore entitled to punitive or exemplary damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

(BATTERY)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

45. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44.

46. That the defendants, and each of them, intended to cause and did cause harmful contact with plaintiff's person.

47. That plaintiff did not consent to the defendants' harmful contact.

48. That as a direct and proximate result of the defendants' conduct, as alleged herein, plaintiff suffered fright, shock, pain, suffering, and extreme mental anguish. Accordingly plaintiff has suffered past and future general damages in amounts to be determined by proof at trial.

49. That as a direct and proximate result of the defendants' conduct, plaintiff was unable to work. He has, as a result, suffered past and future special damages in amounts to be determined by proof at trial.

\\

\\

50. That in causing harmful contact with plaintiff, defendants ZUNO and LOPEZ acted maliciously and oppressively, in willful and conscious disregard for plaintiff's rights and safety and with the sole intent to harm plaintiff. Plaintiff is therefore entitled to punitive or exemplary damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA CONSTITUTION ARTICLE 1, § 13)

### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

51. Plaintiff re-alleges and incorporates by reference paragraphs 1-50.

52. Defendants' above-described conduct violated plaintiff's right to be free from unreasonable seizures without probable cause as guaranteed under Article 1, § 13 of the California Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (DUE PROCESS VIOLATION OF CALIFORNIA CONSTITUTION ARTICLE 1, § 7(a))

### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

53. Plaintiff re-alleges and incorporates by reference paragraphs 1-52.

54. Defendants' above-described conduct violated plaintiff's right not to be deprived of life, liberty or property without due process of law as guaranteed under Article 1, Section 7(a) of the California Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

\\

1

**EIGHTH CAUSE OF ACTION**

2

(EQUAL PROTECTION VIOLATION OF CALIFORNIA CONSTITUTION ARTICLE 1, § 7(a))

3

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

4

5

55. Plaintiff re-alleges and incorporates by reference paragraphs 1-54.

6

56. Defendants' above-described conduct violated plaintiff's right to equal protection as

7

guaranteed under Article 1, Section 7(a) of the California Constitution.

8

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

9

10

**NINTH CAUSE OF ACTION**

11

(VIOLATION OF CALIFORNIA CIVIL CODE § 52.1)

12

13

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

14

57. Plaintiff re-alleges and incorporates by reference paragraphs 1-56.

15

58. Defendants' above described conduct constituted interference and attempted interference

16

with Plaintiff's peaceable exercise and enjoyment of rights secured by the laws of the United

17

States Constitution and the State of California in violation of California Civil Code § 52.1.

18

19

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

20

\\

21

\\

22

\\

23

\\

24

\\

25

\\

26

\\

27

\\

28

\\

**TENTH CAUSE OF ACTION**

(FALSE ARREST AND IMPRISONMENT)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

59. Plaintiff re-alleges and incorporates by reference paragraphs 1-58.

60. Defendants and DOES 1 through 100 inclusive, in their individual capacities, and official capacities as employees of the COUNTY, falsely arrested and imprisoned Plaintiff without probable cause. Plaintiff had not committed the crimes with which he was charged.

61. Defendants ZUNO and LOPEZ and DOES 1 through 100 inclusive, failed to observe proper procedures in falsely arresting and imprisoning Plaintiff without probable cause. Deputies ZUNO and LOPEZ exceeded the limits of his authority as deputy sheriffs in falsely arresting and imprisoning Plaintiff without probable cause.

62. As a proximate result of Deputy ZUNO and LOPEZ' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


**ELEVENTH CAUSE OF ACTION**

(NEGLIGENCE)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

63. Plaintiff re-alleges and incorporates by reference paragraphs 1-62.

64. Defendants ZUNO and LOPEZ and DOES 1 through 100 inclusive, in their individual capacities and official capacities as employees of the COUNTY, negligent actions and/or negligent failures to act, as set forth above proximately caused the emotional, physical and financial injuries visited upon plaintiff MICHAEL GALATI on or about July 11, 2006.

\\

65. Plaintiff brings this action and claim for damages from, said defendants for negligent actions and failure to act, and resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## TWELFTH CAUSE OF ACTION

(MALICIOUS PROSECUTION)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

66. Plaintiff re-alleges and incorporates by reference paragraphs 1-65.

67. Defendants ZUNO, LOPEZ, MUNKS, HORSLEY and DOES 1 through 100 inclusive, in their individual capacities and official capacities as employees of the COUNTY, malicious prosecution and/or wrongful detention included, but was not limited to, imprisonment and prosecution without probable cause, and failure to follow proper procedures resulting in the malicious prosecution of plaintiff.

68. Plaintiff brings this action and his claim for damages against said defendants for malicious prosecution and resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRTEENTH CAUSE OF ACTION

(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

69. Plaintiff re-alleges and incorporates by reference paragraphs 1-68.

70. Defendants ZUNO, LOPEZ, MUNKS, HORSLEY and DOES 1 through 100 inclusive, in their individual capacities and official capacities as employees of the COUNTY caused intentional infliction of emotional distress that included but was not limited to mental abuse.  The mental

1  abuse caused Plaintiff to reasonably fear for his safety.  The mental abuse resulted in Plaintiff

2  suffering severe emotional distress with attendant physical manifestations.

3  71. Plaintiff brings this action and his claim for damages against defendants for negligent

4

5  infliction of emotional distress and resulting injuries and damages.

6  WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

7

8  **FOURTEENTH CAUSE OF ACTION**

9  (NEGLIGENT HIRING, TRAINING, SUPERVISION AND DISCLIPINE)

10  (AGAINST DEFENDANT SHERIFF GREG MUNKS; DEFENDANT FORMER SHERIFF

11  DON HORSLEY AND DOES 1 THROUGH 100)

12

13  72. Plaintiff re-alleges and incorporates by reference paragraphs 1-71.

14  73. Defendants MUNKS, HORSLEY and DOES 1 through 100 inclusive, in their individual

15  capacities and their official capacities as employees of the COUNTY have and had a mandatory

16  duty of care to property and adequately hire, train, retain, supervise and discipline its sheriff's

17  deputies so as to avoid unreasonable risk of harm to citizens.

18

19  74. With deliberate indifference defendants MUNKS, HORSLEY and DOES 1 through 100

20  inclusive, failed to take necessary, proper and/or adequate measures in order to prevent the

21  violation of Plaintiff's rights and the injury to Plaintiff.

22  75. Defendants MUNKS, HORSLEY and DOES 1 through 100 inclusive, breached a duty of

23  care to law-abiding citizens and failed to adequately train sheriff's deputies in the proper and

24  reasonable making of arrests and treating citizens in a manner that is not in violation of their

25

26  rights.  This lack of adequate supervisory training and/or policies and procedures demonstrates a

27  failure to make reasonable arrests and to prevent malicious, unlawful behavior towards citizens by

28  deputies employed by the COUNTY.

76. As a proximate result of defendants MUNKS, HORSLEY and DOES 1 through 100 inclusive, negligent conduct, Plaintiff suffered severe emotional and mental distress and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTEENTH CAUSE OF ACTION

### (DEFAMATION)

### (AGAINST ALL DEFENDANTS AND DOES 1 THROUGH 100)

77. Plaintiff re-alleges and incorporates by reference paragraphs 1-76.

78. Defendants and DOES 1 through 100 inclusive caused defamation that included, but was not limited to publishing one or more oral and written false statements which were intended to impeach Plaintiff's honesty, integrity, virtue or reputation.

79. Plaintiff, who is not a public figure, suffered harm to his reputation and public ridicule due to the defamatory statements of defendants.

80. Plaintiff brings this action and claim for damages against defendants for defamation and the resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

81. Plaintiff hereby demands a jury trial in this action.

\\
\\
\\
\\
\\

1

**PRAYER**

2

WHEREFORE, Plaintiff prays for relief as follows:

3

82. For general damages in the sum of $5,000,000.00;

4

5

83. For special damages in a sum according to proof;

6

84. For punitive damages in a sum according to proof;

7

85. For injunctive relief enjoining the COUNTY from authorizing, allowing or ratifying the

8

practice by any police officer of falsely arresting law-abiding citizens;

9

86. For reasonable attorney fees;

10

87. For costs of suit herein incurred; and

11

12

88. For such other and further relief as the Court deems just and proper.

13

14

DATED:   August 6, 2007                MEIS & ASSOCIATES

15

16

17                                      BY:_____
                                            FRED O. MEIS, Esq.
18                                          Attorneys for Plaintiff
                                            MICHAEL GALATI
19

20

21

22

23

24

25

26

27

28