MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: EUGENE WHITLOCK, Deputy (SBN 237797)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA  94063
Telephone: (650) 363-4989
Fax:  (650) 363-4034
Email:  ewhitlock@co.sanmateo.ca.us

Attorneys for Defendant
COUNTY OF SAN MATEO, GREG MUNKS,
DON HORSLEY, SALVADOR ZUNO, and
VICTOR LOPEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GALATI,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN MATEO, et al.<br><br>    Defendant. | Case No. C-07-4035 BZ<br><br>**ANSWER TO COMPLAINT FOR DAMAGES; REQUEST FOR JURY TRIAL** |

     Defendants County of San Mateo, Greg Munks, Don Horsley, Salvador Zuno and Victor Lopez (collectively, the "County") hereby answer the Complaint of Plaintiff Michael Galati and admit, deny and allege (in paragraphs numbered to correspond to the numbered paragraphs of the Complaint) as follows:

     1.     Paragraph 1 of the Complaint does not contain factual allegations that can be admitted or denied and on that basis the County denies the allegations contained in paragraph 1.

     2.     The County denies the truth of the allegations contained in paragraph 2, expect that it admits that Deputies Zuno and Lopez did physically detain Plaintiff.

     3.     The County is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3, and on that basis denies them.  The County specifically denies that Deputies Zuno and Lopez acted maliciously or recklessly.

4. The County denies the allegations in paragraph 4. The Court did not dismiss the charged counts, they were voluntarily dismissed by the District Attorney. The County is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the remainder of paragraph 4 and on that basis denies them.

5. The County admits the allegations contained in paragraph 5.

6. The County is without sufficient knowledge to admit the allegations contained in paragraph 6, and on that basis denies them.

7. The County admits the truth of the allegations contained in paragraph 7.

8. The County is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8.

9. The County admits the truth of the allegations contained in paragraph 9, except that the County denies that it "operates" the Sheriff's Office.

10. The County admits the truth of the allegations contained in paragraph 10.

11. The County admits the truth of the allegations contained in paragraph 11, except that it denies that Plaintiff was wrongfully arrested or incarcerated.

12. The County admits the truth of the allegations contained in paragraph 12.

13. The County admits the truth of the allegations contained in paragraph 13.

14. The County is without sufficient knowledge to admit the allegations contained in paragraph 14, and on that basis denies them.

15. The County denies that Defendants Zuno, Lopez, Horsley and Munks committed the acts alleged in the Complaint and thus denies the allegations contained in paragraph 15.

16. The County denies that Defendants Zuno, Lopez, Horsley and Munks committed the acts alleged in the Complaint and thus denies the allegations contained in paragraph 16.

17. The County denies that Defendants Zuno, Lopez, Horsley and Munks committed the acts alleged in the Complaint and thus denies the allegations contained in paragraph 17.

18. The County denies the allegations contained in paragraph 18.

19. The County admits the allegations contained in paragraph 19.

2
Case No.C-07-4035 BZ
ANSWER TO COMPLAINT FOR DAMAGES; REQUEST FOR JURY TRIAL

20. The County denies the allegations contained in paragraph 20.

21. The County denies the allegations contained in paragraph 21 to the extent it states that false charges were made.

22. The County denies the allegations contained in paragraph 22 to the extent it states Plaintiff was falsely arrested.

23. The County denies the allegations in paragraph 23.

24. The County is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24, and on that basis denies them.

25. The County is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25, and on that basis denies them.

26. The County denies the allegations in paragraph 26.

27. The County denies the allegations in paragraph 27.

28. The County denies the allegations in paragraph 28.

29. The County denies the allegations in paragraph 29.

30. Paragraph 30 does not contain factual allegations that can be admitted or denied and on that basis the County denies the allegations contained in paragraph 30.

31. The County denies the allegations in paragraph 31.

32. Paragraph 32 does not contain factual allegations that can be admitted or denied and on that basis the County denies the allegations contained in paragraph 32.

33. The County denies the allegations in paragraph 33.

34. Paragraph 34 does not contain factual allegations that can be admitted or denied and on that basis the County denies the allegations contained in paragraph 34.

35. The County denies the allegations in paragraph 35.

36. The County denies the allegations in paragraph 36.

37. The County denies the allegations in paragraph 37.

38. The County denies the allegations in paragraph 38.

1  39.  Paragraph 39 does not contain factual allegations that can be admitted or denied and on that basis the County denies the allegations contained in paragraph 39.

2  40.  The County denies the allegations in paragraph 40.

3  41.  The County denies the allegations in paragraph 41.

4  42.  The County denies the allegations in paragraph 42.

5  43.  The County denies the allegations in paragraph 43.

6  44.  The County denies the allegations in paragraph 44.

7  45.  Paragraph 45 does not contain factual allegations that can be admitted or denied and on that basis the County denies the allegations contained in paragraph 45.

8  46.  The County denies the allegations in paragraph 46.

9  47.  The County denies the allegations in paragraph 47.

10  48.  The County denies the allegations in paragraph 48.

11  49.  The County denies the allegations in paragraph 49.

12  50.  The County denies the allegations in paragraph 50.

13  51.  Paragraph 51 does not contain factual allegations that can be admitted or denied and on that basis the County denies the allegations contained in paragraph 51.

14  52.  The County denies the allegations in paragraph 52.

15  53.  Paragraph 53 does not contain factual allegations that can be admitted or denied and on that basis the County denies the allegations contained in paragraph 53.

16  54.  The County denies the allegations in paragraph 54.

17  55.  Paragraph 55 does not contain factual allegations that can be admitted or denied and on that basis the County denies the allegations contained in paragraph 55.

18  56.  The County denies the allegations in paragraph 56.

19  57.  Paragraph 57 does not contain factual allegations that can be admitted or denied and on that basis the County denies the allegations contained in paragraph 57.

20  58.  The County denies the allegations in paragraph 58.

59. Paragraph 59 does not contain factual allegations that can be admitted or denied and on that basis the County denies the allegations contained in paragraph 59.

60. The County denies the allegations in paragraph 60.

61. The County denies the allegations in paragraph 61.

62. The County denies the allegations in paragraph 62.

63. Paragraph 63 does not contain factual allegations that can be admitted or denied and on that basis the County denies the allegations contained in paragraph 63.

64. The County denies the allegations in paragraph 64.

65. The County denies the allegations in paragraph 65.

66. Paragraph 66 does not contain factual allegations that can be admitted or denied and on that basis the County denies the allegations contained in paragraph 66.

67. The County denies the allegations in paragraph 67.

68. The County denies the allegations in paragraph 68.

69. Paragraph 69 does not contain factual allegations that can be admitted or denied and on that basis the County denies the allegations contained in paragraph 69.

70. The County denies the allegations in paragraph 70.

71. The County denies the allegations in paragraph 71.

72. Paragraph 72 does not contain factual allegations that can be admitted or denied and on that basis the County denies the allegations contained in paragraph 72.

73. The County denies the allegations in paragraph 73.

74. The County denies the allegations in paragraph 74.

75. The County denies the allegations in paragraph 75.

76. The County denies the allegations in paragraph 76.

77. Paragraph 77 does not contain factual allegations that can be admitted or denied and on that basis the County denies the allegations contained in paragraph 77.

78. The County denies the allegations in paragraph 78.

79. The County denies the allegations in paragraph 79.

80.     The County denies the allegations in paragraph 80.

**FIRST AFFIRMATIVE DEFENSE**
(Plaintiff at Fault)

As a separate and distinct affirmative defense to the Complaint, the County alleges that the plaintiff was careless, negligent and at fault in and about the matters complained of, and that such carelessness, negligence and fault proximately and concurrently caused the alleged damages sustained by the plaintiff. Under principles of comparative fault, the plaintiff must bear sole, or partial responsibility for his alleged injuries, damages or other alleged loss, if any, using a percentage allocation of the plaintiff's fault or negligence.  Specifically, Plaintiff had committed multiple crimes which subjected him the lawful arrest made by Defendants.  Plaintiff's violent resistance of his arrest caused the alleged injuries he suffered.

**SECOND AFFIRMATIVE DEFENSE**
(Third Parties)

As a separate, distinct and affirmative defense to the Complaint, the County alleges that the happening of the incidents complained of, and the loss and damage, if any, which the plaintiff allegedly sustained, was caused wholly or in part by the fault of persons, firms, corporations, or entities other than the County, and such fault is imputed to the plaintiff and either eliminates or comparatively reduces the percentage of fault, if any, of the County with respect to the matters complained of in the Complaint.  Specifically, the conduct of the CalTrain personnel in denying him boarding on the train contributed to Plaintiff's alleged injuries.

**THIRD AFFIRMATIVE DEFENSE**
(Government Claims Act)

As a separate and distinct affirmative defense to the Complaint, the County alleges that the plaintiff's state law claims are barred due to his failure to comply with the claims presentation procedures set forth in California's Government Claims Act [California Government Code Sections 905, et seq].  The scope of this complaint far exceeds Plaintiff's

6

Case No.C-07-4035 BZ
ANSWER TO COMPLAINT FOR DAMAGES; REQUEST FOR JURY TRIAL

claim to the County and thus he did not exhaust the remedies with respect to the claims omitted from the claim to the County.

**FOURTH AFFIRMATIVE DEFENSE**
(State Law Immunities)

As a separate and distinct affirmative defense to the Complaint, the County alleges that it is immunized from liability for plaintiff's state law claims by Government Code Sections 810 through 1000, including but not limited to sections 815, 815.2, 815.6, 818, 818.6, 818.8, 820.2, 820.4, 820.6, 820.8, 820.25, 821.4, 821.6, 822.2, 840, 840.6, 855.6, 855.8.

**FIFTH AFFIRMATIVE DEFENSE**
(Qualified Immunity)

As a separate and distinct affirmative defense to the Complaint, the County alleges that it is immunized from liability for the plaintiff's claims by qualified immunity. Defendants had no reason to believe that their conduct did not conform to the law.

**SIXTH AFFIRMATIVE DEFENSE**
(Unclean Hands)

The County alleges that plaintiff has unclean hands. Plaintiff had committed multiple crimes and was being arrested at the time of the alleged conduct complained of in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**
(Res Judicata/Collateral Estoppel)

As a separate and distinct affirmative defense to the Complaint, the County alleges that this action is barred due to the doctrines of res judicata and/or collateral estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**
(Estoppel)

As a separate and distinct affirmative defense to the Complaint, the County alleges that each and every cause of action of the Complaint is barred by the doctrine of estoppel; the plaintiff is estopped from recovering the amounts claimed, or any amount at all.

### NINTH AFFIRMATIVE DEFENSE
(Waiver)

As a separate and distinct affirmative defense to the Complaint, the County alleges that each and every cause of action in the Complaint is barred because the plaintiff has waived any right he may have had to the amounts claimed, or any amount at all.

### TENTH AFFIRMATIVE DEFENSE
(Mitigation)

As a separate and distinct affirmative defense to the Complaint, the County alleges that the plaintiff has failed to mitigate any or all of the damages alleged in the Complaint, and is thereby precluded from recovering those damages which reasonably could have been avoided by the exercise of due care on the plaintiff's part. Plaintiff should not have resisted arrest, could have paid bail sooner and spent less time in jail and could have returned to work sooner than he did. His failure to take the steps necessary to minimize his alleged damages precludes his recovery.

### ELEVENTH AFFIRMATIVE DEFENSE
(Consent)

As a separate and distinct affirmative defense to the Complaint, the County alleges that neither the Complaint nor any of its purported causes of action states a claim upon which relief can be granted, because the plaintiff consented to all acts of the County as alleged in the Complaint and contributed to the incidents referred to in the Complaint. Plaintiff's criminal conduct equates to his consent to be arrested and detained.

### TWELFTH AFFIRMATIVE DEFENSE
(Eleventh Amendment)

As a separate and distinct affirmative defense to the Complaint, the County alleges that it is immune from suit under the Eleventh Amendment.

//

//

8

Case No.C-07-4035 BZ
ANSWER TO COMPLAINT FOR DAMAGES; REQUEST FOR JURY TRIAL

**THIRTEENTH AFFIRMATIVE DEFENSE**
(Failure to Exhaust Administrative Remedies)

The County alleges that Plaintiff has failed to exhaust mandatory administrative remedies. The scope of this complaint far exceeds Plaintiff's claim to the County and thus he did not exhaust the remedies with respect to the claims omitted from the claim to the County.

**FOURTEENTH AFFIRMATIVE DEFENSE**
(Statute of Limitations)

The County alleges that the action is barred by the statute of limitations and or the doctrine of laches.

**FIFTEENTH AFFIRMATIVE DEFENSE**
(Negligence)

The County alleges that at no time relevant to this litigation was the Due process Clause of the United States Constitution implicated, because the conduct of the County was, at most, a mere negligent act of an official (and negligence is expressly hereby denied), and the plaintiff is therefore precluded from maintaining causes of action for violation of civil rights.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
(*Respondeat Superior*)

The County alleges that to the extent plaintiff's claims for violation of civil rights are based upon a theory of *respondeat superior*, this answering defendant is not liable.

**PRAYER**

WHEREFORE, the County prays for judgment against the plaintiff as follows:

1. That the plaintiff take nothing by way of his Complaint;

2. That all costs of suit, including attorneys' fees, be awarded to the County;

3. That judgment be entered in favor of the County; and

//

//

9

Case No.C-07-4035 BZ
ANSWER TO COMPLAINT FOR DAMAGES; REQUEST FOR JURY TRIAL

1  4. That this Court award such further relief it deems just and proper.

Dated: October 25, 2007

                                MICHAEL P. MURPHY, COUNTY COUNSEL

                                By: _____/s/_____.
                                    Eugene Whitlock, Deputy
                                Attorneys for Defendants
                                COUNTY OF SAN MATEO, GREG MUNKS,
                                DON HORSLEY, SALVADOR ZUNO, and
                                VICTOR LOPEZ

L:\LITIGATE\G_CASES\Galati\Pleadings\Answer.doc