FRED G. MEIS, ESQ., STATE BAR NO. 030712
JOSEPH JAMES POPPEN, ESQ., STATE BAR NO. 239282
TABATHA YIN, ESQ., STATE BAR NO. 246197
LEON V. ROUBINIAN, ESQ., STATE BAR NO. 226893
MEIS & ASSOCIATES
100 Bush Street, Suite 1800
San Francisco, CA 94104-3920
Telephone: (415) 981-4612
Facsimile: (415) 398-5060
Email: fredgmeis@hotmail.com

Attorneys for Plaintiff MICHAEL GALATI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DISTRICT

| | |
|---|---|
| MICHAEL GALATI, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SAN MATEO; SAN MATEO COUNTY SHERIFF'S DEPARTMENT; GREG MUNKS individually and in his official capacities as sheriff for the COUNTY OF SAN MATEO; DON HORSLEY individually and in his former official capacities as sheriff for the COUNTY OF SAN MATEO; SALVADOR ZUNO individually and in his official capacities as a sheriff's deputy for the COUNTY OF SAN MATEO; VICTOR LOPEZ individually and in his official capacities as a sheriff's deputy for the COUNTY OF SAN MATEO and DOES 1 to 100 Inclusive, <br><br> Defendants. | Case No. C 07 4035 CW <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to the Court's *Order Setting Initial Case Management Conference and ADR Deadlines*, the parties jointly submit this Case Management Statement:

1. Jurisdiction and Service

This action arises under 42 U.S.C. §§ 1983, 1985 and 1986. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343 and by California tort law covering false arrest, wrongful imprisonment, assault and battery. Plaintiff has complied with all applicable government tort claim requirements. All defendants except Don Horsley have been served, though defendant Horsley has appeared by virtue of the *Answer to Complaint for Damages*.

2. Facts

*Plaintiff's description of the facts* - On or about July 11, 2006 Plaintiff Michael Galati arrived at the Caltrain station in San Mateo, California to take a train to San Francisco for the afternoon. At approximately 2:00 P.M. the train to San Francisco began pulling into the San Mateo CalTrain station. As the train approached, the conductor began to slow the train. The conductor then stuck her head out the window and yelled at Plaintiff for allegedly crossing the marked line with his bicycle. Once the train had pulled into the station, Plaintiff boarded the train, however another CalTrain employee instructed Plaintiff to de-board the train. Plaintiff did so and waited for the next train due to arrive in approximately thirty (30) minutes. While waiting, Plaintiff was not approached by any other CalTrain employees or asked to leave the station.

At approximately 2:35 P.M. another train heading towards San Francisco pulled into the station. As Plaintiff began to board the train, the conductor would not allow Plaintiff to board the train. Plaintiff asked the conductor why he was not allowed on the train and how he could get a refund for his ticket. During this discussion, deputies ZUNO and LOPEZ arrived on the scene. Immediately after they arrived, deputies ZUNO and LOPEZ physically assaulted and battered

Plaintiff without provocation or resistance. Plaintiff was slammed backwards across the train station platform because of the force by which both deputies physically attacked him. Plaintiff then threw his bicycle aside in order to protect himself and in an attempt to cooperate with the deputies. During the next ten (10) minutes defendant ZUNO kicked Plaintiff in the ribs and chest while defendant LOPEZ handcuffed Plaintiff and told him that he was going to jail for assault with a deadly weapon and other charges.

Plaintiff was then placed in the deputies' squad car and taken to jail where he awaited arraignment on charges by deputies ZUNO and LOPEZ. These false charges included assault with a deadly weapon upon deputy ZUNO (Plaintiff's bicycle), resisting arrest and willfully using force upon deputies ZUNO and LOPEZ. Plaintiff was never prosecuted for allegedly blocking the train at the CalTrain station

No evidence of these charges exists nor did any such evidence ever exist because they were all fabricated by deputies ZUNO and LOPEZ. Indeed, evidence directly refuting these charges was discovered, at which point the charges were dismissed. Nevertheless, Mr. Galati was taken to jail, charged with the above crimes and remained in jail for twenty (20) days until his preliminary hearing on July 25, 2006, at which time the District Attorney dismissed the charge of assault with a deadly weapon due to insufficient evidence. The Court also reduced bail from $50,000.00 to $5,000.00 and set a pre-trial conference for August 3, 2006. Plaintiff remained in jail for six (6) more days until he was able to scrape together the money needed to post bail. Plaintiff posted bail and was finally released on July 31, 2006.

At the August 3, 2006 Pre-Trial Conference the District Attorney dismissed the remaining misdemeanor counts. Plaintiff pled guilty to an infraction so as to avoid further court appearances and costs. All other counts were dismissed because the evidence showed deputies ZUNO and LOPEZ physically attacking Plaintiff without provocation, reason or resistance. Plaintiff was not

acting in an aggressive manner nor was he aware of the deputies' presence at the station until they rushed towards him and physically attacked him from the side and behind.

Due to the reckless and malicious conduct of deputies ZUNO and LOPEZ, Mr. Galati sustained severe injuries, including imprisonment for twenty (20) days, inability to work, and extreme emotional distress.

*Defendants' description of facts –*

As CalTrain #151 was pulling in to the CalTrain station on July 11, 2006, Plaintiff was stepping back and forth on the edge of the platform effectively blocking the train. The engineer of the train repeatedly blew the train's whistle to get Plaintiff to move back. Because Plaintiff did not move back, the engineer was forced to stop the train short to avoid striking Plaintiff. The engineer notified the conductor and relayed that because of his conduct, Plaintiff should not be allowed to board. Plaintiff boarded the train with his bike and began to shout obscenities and racial slurs at the engineer. The two conductors then directed Plaintiff to get off the train. Once off the train, Plaintiff continued his verbal tirade and challenged the conductors to fight. As the train departed, Plaintiff struck the train with his hand.

At approximately 14:19 hours, Defendants Deputy Lopez and Deputy Zuno responded to the San Mateo CalTrain Station on the report of Plaintiff blocking a moving train #151. The San Mateo County Sheriff's Office provides law enforcement services to the San Mateo County Transit District (SamTrans). While en route to the scene, County Communications advised Lopez and Zuno that Plaintiff had stopped blocking the train. When Lopez and Zuno arrived at the station at approximately 14:32 hours, Plaintiff was present. Plaintiff was shouting profanities at the crew of a subsequent train in a loud, confrontational manner and it appeared that he was going to become physically

aggressive. The crew had been ordered by CalTrain central operations not to permit Plaintiff to board the train because he had blocked the previous train. Defendants Lopez and Zuno ordered Plaintiff to back away from the train and he began to shout profanities at them. When Lopez and Zuno approached Plaintiff, he appeared to swing his bicycle at Lopez. Then Lopez and Zuno subdued Plaintiff after an extensive physical confrontation during which Defendant struck Lopez and Zuno several times as he used his arms and elbows to resist arrest. Lopez and Zuno were eventually able to handcuff Plaintiff, arrest him and escort him into the vehicle for transport to the County jail and booking.

After being booked, Plaintiff was kept in custody at the County jail because he could not post bail. Plaintiff remained in custody through his arraignment and until a plea deal was reached with the District Attorney. After approximately 26 days in jail, Plaintiff plead guilty to an infraction in exchange for the District Attorney dismissing the rest of the charges against him.

At no time did Defendants physically strike Plaintiff or cause him injury. Plaintiff, if he in fact suffered any injury, injured himself while he was resisting arrest and refusing to cooperate with Sheriff's deputies when he was at the County jail.

3. Legal Issues

*Plaintiff's description of legal issues* - Whether plaintiff will be able to demonstrate that his injuries were the result of misconduct by County of San Mateo and its named defendant employees. More specifically, did defendants' actions violate plaintiff's constitutional right to be free from unreasonable search and/or seizure without probable cause and the right to be free from excessive and/or arbitrary force? Furthermore, did defendants' actions constitute assault, battery, interference with peaceable existence, false arrest and imprisonment, negligence, malicious prosecution,

intentional infliction of emotional distress, and defamation? Finally, were plaintiff's injuries the result of County's negligent hiring, training, and supervision of the defendant deputy sheriffs?

*Defendant's Description of Legal Issues* – Did Defendants have probable cause to arrest Plaintiff? If yes, did Defendants use the force necessary to effectuate the arrest?

### 4. Motions

There are no pending or anticipated motions at this juncture.

### 5. Amendment of pleadings

Plaintiff does not anticipate adding parties or claims, though this could change based on the outcome of discovery proceedings.

### 6. Evidence preservation

From plaintiff's perspective, it is critical that any video footage relating to allegations in the Complaint is preserved.

### 7. Disclosures

Plaintiff will serve his initial disclosures on November 26, 2007.

Defendants have already served their initial disclosures.

### 8. Discovery

The parties have not conducted any formal discovery to date.

*Plaintiff's anticipated discovery* – Plaintiff's anticipated discovery includes requests for production relating to the July 11, 2006 incident and the subsequent prosecution and imprisonment of plaintiff. It also includes documents pertaining to other incidents of excessive force, malicious prosecution, and the like involving Deputies Zuno and Lopez. Plaintiff will seek documents concerning the means by which the County of San Mateo, the San Mateo County Sheriff, Greg Munks, and Don Horsley hire, train,

retain, supervise and discipline sheriff's deputies so as to avoid unreasonable risk of harm to citizens. This is a preliminary, non-exhaustive list.

At this early stage, plaintiff anticipates deposing Greg Munks, Don Horsley, Salvador Zuno, Victor Lopez, and various CalTrain employees identified in the police report as witnesses to the incident.

*Defendants' anticipated discovery* – Deposition of Plaintiff, interrogatories and document request; depositions of the percipient, non-party witnesses (approximately 8).

9. Class Actions

Not applicable

10. Related Cases

Not Applicable

11. Relief

Plaintiff's prayer for relief seeks the following:

For general damages in the sum of $5,000,000.00;

For special damages in a sum according to proof;

For punitive damages in a sum according to proof;

For injunctive relief enjoining the COUNTY from authorizing, allowing or ratifying the practice by any police officer of falsely arresting law-abiding citizens;

For reasonable attorney fees;

For costs of suit herein incurred; and

For such other and further relief as the Court deems just and proper.

12. Settlement and ADR

The parties have discussed, but not agreed to ADR.

13. Consent to Magistrate Judge For All Purposes

Plaintiff has declined consenting to a Magistrate Judge for all purposes.

14. Other references

Not applicable

15. Narrowing of Issues

Not applicable at this juncture

16. Expedited Schedule

Not applicable

17. Scheduling

Designation of experts: To be determined

Discovery cut-off: To be determined

Hearing of dispositive motions: To be determined

Pretrial conference: To be determined

Trial: To be determined

18. Trial

Jury trial with anticipated length of five days.

19. Disclosure of Non-party Interested Entities or Persons

Plaintiff has filed the required document.

DATED:   November 26, 2007         MEIS & ASSOCIATES

                                   BY: _____/s/_____
                                   LEON V. ROUBINIAN, Esq.
                                   Attorneys for Plaintiff
                                   MICHAEL GALATI

DATED: November 26, 2007               MICHAEL P. MURPHY, COUNTY COUNSEL

BY:  _____/s/_____
EUGENE WHITLOCK, DEPUTY
Attorneys for Defendants
COUNTY OF SAN MATEO, GREG MUNKS, DON HORSLEY, SALVADOR ZUNO, and VICTOR LOPEZ

L:\LITIGATE\G_CASES\Galati\Pleadings\Joint CMC Statement.doc