MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: Eugene Whitlock, Deputy (SBN 237797)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4989
Facsimile: (650) 363-4034
E-mail: ewhitlock@co.sanmateo.ca.us

Attorneys for Defendants
COUNTY OF SAN MATEO, GREG MUNKS, DON HORSLEY, SALVADOR ZUNO and VICTOR LOPEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL GALATI,

Plaintiffs,

vs.

COUNTY OF SAN MATEO; SAN MATEO COUNTY SHERIFF'S DEPARTMENT, GREG MUNKS individually and in his official capacities as Sheriff for the COUNTY OF SAN MATEO, DON HORSLEY individually and in his former official capacities as Sheriff of the COUNTY OF SAN MATEO; SALVADOR ZUNO, individually and in his official capacities as a Sheriff's Deputy for the COUNTY OF SAN MATEO; VICTOR LOPEZ individually and in his official capacities as Sheriff's Deputy for the COUNTY OF SAN MATEO and DOES 1 to 100, inclusive.

Defendants.

Case No. CV 07-04035 CW

**NOTICE OF MOTION, MOTION, AND MEMORADUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATON**

Hearing:

Date: February 21, 2008
Time: 10:00 a.m.
Dept: Courtroom 12, 19th Floor

HON. CLAUDIA WILKEN

# TABLE OF CONTENTS

**Page(s)**

MEMORANDUM OF POINTS AND AUTHORITIES ..... 1

I. INTRODUCTION ..... 1

II. STANDARD OF REVIEW. ..... 1

III. FACTS. ..... 2

IV. ARGUMENT. ..... 3

A. UNDER *HECK V. HUMPHREY*, PLAINTIFF CANNOT MAINTAIN HIS SECTION 1983 CAUSES OF ACTION OR THE STATE LAW COUNTERPARTS. ..... 3

B. THE COUNTY IS IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDEMNT. ..... 5

C. UNDER *MONELL*, THE COUNTY CANNOT IS NOT LIABLE FOR ANY VIOLATIONS OF SECTION 1983 ..... 5

D. DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY. ..... 7

1. DEFENDANTS LOPEZ AND ZUNO'S ARREST OF PLAINTIFF DID NOT VIOLATE CLEARLY ESTABLISHED LAW AND WAS REASONABLE. ..... 7

a. Defendants' Arrest of Plaintiff Did Not Violate Clearly Established Law ..... 8

b. Defendants' Arrest of Plaintiff Was Reasonable ..... 8

2. DEFENDANTS LOPEZ AND ZUNO'S USE OF FORCE DID NOT VIOLATE CLEARLY ESTABLISHED LAW AND WAS REASONABLE. ..... 9

a. Defendants' Use of Force Did Not Violate Clearly Established Law ..... 10

b. Defendants' Use of Force Was Reasonable ..... 10

E. PLAINTIFF CANNOT PREVAIL ON HIS ASSAULT OR BATTERY CAUSES ACTION BECAUSE HE CANNOT PROVE THAT DEFENDANTS ACTED WITH UNREASONABLE FORCE. ..... 11

F. THE STATE CLAIMS MUST BE DISMISSED AGAINST HORSLEY AND MUNKS BECAUSE PLAINTIFF DID NOT COMPLY WITH THE CLAIM FILING REQUIREMENT OF THE CALIFORNIA GOVERNMENT CLAIMS ACT. ..... 12

G. DEFENDANTS ARE IMMUNE FROM SUIT FOR MALICIOUS PROSECUTION UNDER CALIFORNIA GOVERNMENT CODE 821.6. ..... 12

**TABLE OF CONTENTS: (continued)** **Page(s)**

H. DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PRAYER FOR PUNITIVE DAMAGES........13

# TABLE OF AUTHORITIES

**Page(s)**

**CALIFORNIA CASES:**

*Edson v. City of Anaheim*,
63 Cal.App.4th 1269 (1998) .......... 11

*Munoz v. City of Union City*,
120 Cal.App.4th 1077 (2004) .......... 11

*Susag v. City of Lake Forest*,
94 Cal.App.4th 1401 (2002) .......... 5

*Truong v. Orange County Sheriff's Department*,
129 Cal.App.4th 1423 (2005) .......... 5

*Venegas v. County of Los Angeles*,
32 Cal.4th 820 (2004) .......... 5

**FEDERAL CASES:**

*Barry v. Fowler*,
902 F.2d 770 (9th Cir. 1990) .......... 8

*Bowles v. State*,
37 F.Supp.2d 608 (S.D.N.Y. (1999) .......... 10

*Brandon v. Rite Aid Corp., Inc.*,
408 F.Supp.2d 964 (E.D.Cal.2006) .......... 13

*Cabrera V. City of Huntington Park,*,
159 F.3d 374 (9th Cir. 1998) .......... 4, 8

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) .......... 2

*City of Newport v. Fact Concerts, Inc,*,
453 U.S. 247 (1981) .......... 13

*City of St. Louis v. Praprotnik*,
485 U.S. 112 (1988) .......... 5, 6

*Cunningham v. Gates*,
229 F.3d 1271 (9th Cir. 2000) .......... 10, 11

*Davis v. City of Las Vegas*,
478 F.3d 1048 (9th Cir. 2007) .......... 7

*Devenpeck v. Alford*,
543 U.S. 146 (2004) .......... 8

**TABLE OF AUTHORITIES: (continued)** **Page(s)**

*Drummond ex. rel Drummond v. City of Anaheim*, 343 F.3d 1052 (9th Cir. 2003) ........ 10

*Forrester v. City of San Diego*, 25 F.3d 804 (9th Cir. 1994) ........ 10, 11

*Galvin v. Hay*, 374 F.3d 739 (9th Cir. 2004) ........ 7

*Gillette v. Delmore*, 979 F.2d 1342 (9th Cir. 1992) ........ 6

*Graham v. Connor*, 490 U.S. 386 (1989) ........ 9, 10

*Guerrero v. Gates*, 442 F.3d 697 (9th Cir. 2006) ........ 4, 5

*Heck v. Humphrey*, 512 U.S. 477 (1994) ........ 1, 3, 4

*Hunter v. Bryant*, 502 U.S. 224 (1991) ........ 7

*Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551 (9th Cir. 1991) ........ 2

*Jeffers v. Gomez*, 267 F.3d 895 (9th Cir. 1991) ........ 8

*Jett v. Dallas Independent School Dt.*, 491 U.S. 701 (1989) ........ 6

*Lee v. City of Los Angeles*, 250 F. 3d 668 (9th Cir. 2001) ........ 6

*Long v. Pend Oreille County*, *2006 WL 2850011, *10 (E.D. Wash.2006)* ........ 10

*Mateyko v. Felix*, 924 F.2d 824 (9th Cir. 1990) ........ 6

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) ........ 5, 6

*Nolin v. Isbell*, 207 F.3d 1253 (11th Cir. 2000) ........ 10

*Orin v. Barclay*, 272 F.3d 1207 (9th Cir. 2001) ........ 8

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) ........ 6

**TABLE OF AUTHORITIES: (continued)** **Page(s)**

*Peng v. Mei Chin Penghu*,
335 F.3d 970 (9th Cir. 2003) .......... 9

*Saucier v. Katz*,
533 U.S. 194 (2001) .......... 7

*Siegert v. Gilley*,
500 U.S. 226 (1991) .......... 7

*Smith v. Wade*,
461 U.S. 30 (1983) .......... 13

*Tennessee v. Garner*,
471 U.S. 1 (1985) .......... 9

*United States v. Smith*,
790 F.2d 789 (9th Cir. 1986) .......... 8

*Walker v. County of Santa Clara*,
No. 04-02211 RMW, 2005 WL 2437037 (N.D. Cal. September 30, 2005) .......... 5

*White v. City of Fresno*,
2007 WL 3341470, *32 (E.D. Cal. 2007) .......... 13

*Wilson v. Layne*,
526 U.S. 603, 615 (1999) .......... 7

**FEDERAL STATUES**:

42 U.S.C. § 1983 .......... passim

**Federal Rules of Civil Procedure**

Rule 56(c) .......... 1, 2

Rule 56 .......... 1

**TABLE OF AUTHORITIES: (continued)** **Page(s)**

**CALIFORNIA STATUES:**

**California Penal Code**

§ 148(a) ....................9
§ 243(b) ....................9
§ 245(a) ....................9
§ 415(1) ....................9
§ 415(2) ....................1, 3
§ 415(3) ....................9
§ 847 ....................8
§ 847(b)(1) ....................7
§ 369i ....................9

**California Civil Code**

§ 52.1 ....................4
§ 3294(a) ....................13

**California Goverment Code**

§ 818 ....................13
§ 821.6 ....................12
§ 911.2(a) ....................12
§ 945.4 ....................12
§ 950.2 ....................12

Case No. CV 07-04035 CW vi
NOTICE OF MOTION, MOTION, AND MEMORADUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATON

## NOTICE OF MOTION AND MOTION

TO: PLAINTIFF MICHAEL GALATI AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on Thursday, February 21, 2008 at 2:00 p.m., or as soon thereafter as the matter can be heard in Courtroom 2, 4th Floor, of the above-entitled court, located at 1301 Clay Street, Oakland, California, Defendants will, and hereby move for Summary Judgment, alternatively Summary Adjudication of Issues on the grounds that the County is entitled to Judgment as a matter of law on all of Plaintiff's claims and, alternatively, there are no facts that support Plaintiff's claims to compensatory damages for his alleged injuries or for punitive damages. This Motion is based on Rule 56 of the Federal Rules of Civil Procedure, this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the Declarations in Support Of the Defendants' Motion and any other matters the court deems relevant.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

On August 3, 2006, Plaintiff pleaded guilty to disturbing the peace under California Penal Code § 415(2) in connection with his arrest on July 11, 2006. Under the principles set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), this conviction must first be overturned before Plaintiff can pursue his 42 U.S.C § 1983 claims of unreasonable search and seizure (and analogous state law constitutional claims) because those claims imply that his arrest and conviction were invalid. Because Plaintiff has not overturned his own guilty plea, his § 1983 claims, and state law constitutional claims, necessarily fail. In turn, Plaintiff's state law tort claims must also be dismissed.

The only claim not subject to the *Heck v. Humphrey* bar is Plaintiff's excessive force claim. Defendants, however, are entitled to judgment on this claim not only because they did not use excessive force but also because Plaintiff has no evidence to prove his claim of excessive force.

Finally, as detailed below, there are several, additional independent bases for granting judgment to Defendants.

### II. STANDARD OF REVIEW.

Under Federal Rule of Civil Procedure Rule 56(c), summary judgment is proper "if the pleadings,

Case No. CV 07-04035 CW

NOTICE OF MOTION, MOTION, AND MEMORADUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATON

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." (Fed. Rule. Civ. Pro. 56(c)). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986.) Once the moving party has made a showing of a failure to establish the existence of an essential element to that party's case, "the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense." *Intel Corp. v. Hartford Acc. & Indem. Co.,* 952 F.2d 1551, 1558 (9th Cir. 1991.)

## III. FACTS.

On July 11, 2006, San Mateo County Deputy Sheriffs Lopez and Zuno[1] were called to the San Mateo Caltrain station to respond to complaints that an individual, who was later identified as Plaintiff Galati, was blocking Caltrain #151 from departing and yelling at a train conductor. Before the deputies arrived to the San Mateo Caltrain Station, they had been informed by County Communications, i.e. "dispatch", that Plaintiff had allowed the train to depart. *See* Declaration of Zuno, ¶¶3-4; Declaration of Lopez, ¶¶3-4; Declaration of Pichi, ¶¶2-5 (describing the incident with train #151); Declaration of Patterson (describing the incident with train #151). *See also* Declaration of Whitlock, ¶4 (San Mateo County Sherriff's Office Incident Report related to July 11, 2006 arrest of Plaintiff).

A second train had arrived by the time Deputies Lopez and Zuno arrived at the train station. When they arrived, the deputies personally observed and heard Plaintiff screaming profanities, e.g. "F--- You, You Motherf-----", into the face of Conductor Joe Allred while waving his hand and pointing it just inches from the conductor's face in an aggressive manner. Deputy Lopez verbally ordered Plaintiff to back away from the train, telling him to "Step back." Plaintiff replied "No, F--- you, Why?" When Deputy Lopez repeated his command and motioned for Plaintiff to step away from the train, Plaintiff swung his bike in the direction of Deputy Lopez in an apparent attempt to strike him. Deputy Zuno then

[1] The San Mateo County Sheriff's Office – Transit Police Bureau provides law enforcement services to Caltrain (the Peninsula Corridor Commuter Railroad) by contract.

attempted to physically subdue and ordered him to let go of the bicycle. Plaintiff repeated his profanities and began to physically resist. *See* Declaration of Zuno, ¶¶5-12; Declaration of Lopez, ¶¶5-12; Declaration of Pennington, ¶¶2-6; Declaration of Allred, ¶¶4-6; Declaration of Chua, ¶¶4-6; Declaration of Gordon,¶¶4-6. *See also* Declaration of Whitlock, ¶4 (San Mateo County Sherriff's Office Incident Report related to July 11, 2006 arrest of Plaintiff).

Deputy Lopez continued to instruct Plaintiff to stop resisting and to stop fighting, but Plaintiff merely became more violent and aggressive towards the deputies. The struggle resulted in both deputies and Plaintiff wrestling on the ground. Plaintiff had pinned Deputy Lopez under his bicycle and was pushing it against his torso during the struggle. Plaintiff struck both deputies several times with his arms and elbows during the struggle. Eventually, the deputies were able to secure Plaintiff in handcuffs. Plaintiff, however, continued to kick and scream obscenities. *See* Declaration of Zuno, ¶¶5-12; Declaration of Lopez, ¶5-12; Declaration of Pennington, ¶¶2-6; Declaration of Allred, ¶¶4-6; Declaration of Chua, ¶¶4-6; Declaration of Gordon,¶¶4-6. *See also* Declaration of Whitlock, ¶4 (San Mateo County Sherriff's Office Incident Report related to July 11, 2006 arrest of Plaintiff).

Plaintiff was arraigned on July 13, 2006 and held in custody with bail set at $50,000. At a hearing on July 25, 2006, the District Attorney dismissed Count 1 (assault with a deadly weapon) on its own motion. Bail was accordingly reduced to $5,000 and Plaintiff remained in custody. As part of a plea bargain, on August 3, 2006 Plaintiff pleaded guilty to a newly added count of disturbing the peace under California Penal Code § 415(2) and the District Attorney dismissed the other counts against Plaintiff. Plaintiff was fined $282, ordered to pay $33 to the California State Restitution Fund, given a credit of $300 towards the balance of the fine for the time spent in custody and ordered to pay a further $20 court security fee. *See* Declaration of Whitlock, ¶¶2-3 (referencing docket sheet of the San Mateo County Superior Court and transcript of plea).

## IV. ARGUMENT.

### A. UNDER *HECK V. HUMPHREY*, PLAINTIFF'S SECTION 1983, STATE CONSTITUTION AND STATE TORT LAW CAUSES OF ACTION MUST BE DIMISSMED.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court wrote that

in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for

> other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a write of habeas corpus. . . the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Heck* at 486-487.

In short, a plaintiff does not even have a "cause of action under § 1983 unless and until the conviction or sentence is reversed . . .." *Heck* at 489.

In *Cabrera v. City of Huntington Park*, 159 F.3d 374 (9th Cir. 1998), the Ninth Circuit applied Heck in a case where the plaintiff sued under § 1983, asserting claims of false arrest and imprisonment, and malicious prosecution. The Ninth Circuit wrote that in order for Plaintiff "[t]o prevail on his § 1983 claim for false arrest and imprisonment, Cabrera would have to demonstrate that there was no probable cause to arrest him." *Cabrera* at 380. The Ninth Circuit continued to state that the plaintiff's "false arrest and imprisonment claims were not cognizable and did not accrue until his conviction was invalidated . . .." *Id. See also Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006)("Guerrero's success on the majority of his § 1983 claims would necessarily imply the invalidity of his two convictions for possession of narcotics. *Wrongful arrest*, *malicious prosecution*, and a conspiracy among Los Angeles officials to bring false charges against Guerrero could not have occurred unless he were innocent of the crimes for which he was convicted.")(emphasis added).

Plaintiff's First Cause of Action alleges that his "right to be free from unreasonable seizures without probable cause" was violated. Plaintiff's Second Cause of Action also alleges an unreasonable seizure without probable cause[2]. The Third Cause of Action alleges an unreasonable seizure acting under the color of state law. Plaintiff has also made the same claims under the California Constitution in Causes of Action Six (unreasonable seizure without probably cause), Seven (deprivation of life, liberty or property without due process), Eight (equal protection), and Nine (California Civil Code § 52.1).

It is clear that each of these causes of action necessarily calls into question Plaintiff's conviction, i.e. he has to prove that there was no probable cause to arrest him and that he was innocent of the crime

---

[2] Defendants concede that Plaintiff's allegation of excessive force is not subject to the *Heck* bar.

to which he pleaded guilty in order to prevail on these claims. Therefore, as in *Cabrera* and *Guerrero*, Plaintiff must he must first invalidate his conviction prior to filing suit under § 1983 and/or the California Constitution. Because Plaintiff's guilty plea has not been reversed or expunged, these causes of action cannot lie and should be dismissed.

Given that Plaintiff's civil rights claims must be dismissed, his state law causes of action alleging torts that stemmed from the original, lawful arrest must also be dismissed.[3] *See, e.g., Truong v. Orange County Sheriff's Department*, 129 Cal.App.4th 1423 (2005); *Susag v. City of Lake Forest*, 94 Cal.App.4th 1401 (2002).

Defendants are thus entitled to summary judgment on the entirety of Plaintiff's complaint, with the exception of the excessive force claim.

### B. THE COUNTY IS IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDEMNT.

The County is immune from suit under the Eleventh Amendment. Plaintiff's theory of liability with respect to the County must be that the elected Sheriff, *i.e.* the final policymaker for the Sheriff's Office, somehow failed in his law enforcement-related duties. For the purposes of Eleventh Amendment Immunity, the Sheriff is a state policymaker and thus the County is immune from suit. *Venegas v. County of Los Angeles*, 32 Cal.4th 820 (2004); *Walker v. County of Santa Clara*, No. 04-02211 RMW, 2005 WL 2437037 (N.D. Cal. September 30, 2005) (holding the Sheriff to be immune from a *Monell* claim).

### C. UNDER *MONELL*, THE COUNTY IS NOT LIABLE FOR ANY ALLEGED VIOLATIONS OF SECTION 1983.

The Supreme Court has held that local government bodies are "persons" within the meaning of § 1983 and may be sued directly under that statute. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978)). However, the Supreme Court has also "made clear that the municipality itself must cause the constitutional

---

[3] Causes of Action Four (Assault), Five (Battery), Ten (False Arrest and Imprisonment), Eleven (Negligence), Twelve (Malicious Prosecution), Thirteen (Intentional Infliction of Emotional Distress), Fourteen (Negligent Hiring and Training), and Fifteen (Defamation)

deprivation and that [the local governmental agency] may not be held vicariously liable for the unconstitutional acts of its employees under the theory of *respondeat superior*." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992).

Accordingly, Plaintiff can prove the County's liability only if he can show: (1) that an entity employee committed the alleged constitutional violation pursuant to a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local governmental entity," *Jett v. Dallas Independent School Dt.,* 491 U.S. 701, 737 (1989); or (2) that the individual that committed the constitutional offense was an official with "final policy-making authority," *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986); or (3) that an official with policy-making authority ratified a subordinate's unconstitutional action and the basis for it. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

All of Plaintiff's allegations are based on the alleged misconduct of Deputies Zuno and Lopez, neither of whom is an official with final policy-making authority. *See* Declaration of Zuno, ¶2; Declaration of Lopez, ¶2. Their individual, isolated conduct does not amount to a policy of the County. Plaintiff has absolutely no evidence of the existence of any custom or policy attributable to the County of San Mateo, let alone a custom or policy that deprives individuals such as Plaintiff of their constitutional rights.

As to Plaintiff's specific claim that Defendant County failed to properly train its employees[4], he can only succeed if he can establish that "his [] constitutional injury would have been avoided had the governmental entity properly trained its employees." *Lee v. City of Los Angeles*, 250 F. 3d 668, 681 (9th Cir. 2001). And he must offer evidence indicating the County "knew it was creating an unjustifiable risk to its citizenry and ignore[ed] that risk." *Mateyko v. Felix*, 924 F.2d 824, 826 (9th Cir. 1990)(holding evidence police department trained officers for three to four hours in the use of Tazer guns, without more, was insufficient to establish *Monell* claim, noting "failure to provide a more lengthy training program suggests at most negligence on the part of [the employer] in miscalculating the amount of time

[4] Fourteenth Cause of Action.

necessary to adequately prepare its officers"). Plaintiff cannot establish and has no evidence to prove a deliberate failure to train such that his rights would have been protected.

Accordingly, the Court also can grant judgment in favor of the County of San Mateo[5] under *Monell* on Plaintiff's § 1983 causes of action (First through Third) and on Plaintiff's failure to train cause of action.

**D. DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.**

As further basis for this Court to grant judgment to Defendants, the Defendants are entitled to qualified immunity.

> "In *Saucier v. Katz*, the Supreme Court held that a court should determine whether an officer is entitled to qualified immunity by first deciding whether, "[t]aken in the light most favorable to the party asserting the injury, [ ] the facts alleged show the officer's conduct violated a constitutional right." 533 U.S. 194, 201 (2001)(citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). If so, the court must determine whether the right violated was clearly established such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202 (citing *Wilson v. Layne*, 526 U.S. 603, 615 (1999)). If we conclude that both of these inquiries are answered in the affirmative, the officer is not entitled to qualified immunity. *Id.* at 201." *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053 (9th Cir. 2007).

The existence of a factual dispute is, of itself, not a sufficient basis to deny summary judgment on a qualified immunity claim. *Saucier v. Katz*, 533 U.S. 194, 200 (2001).

Thus, even if the Court were to conclude that Defendants Zuno and Lopez violated Plaintiff's rights in effectuating his arrest and using force on him, they are still protected by qualified immunity because their conduct was reasonable.

**1. DEFENDANTS LOPEZ AND ZUNO'S ARREST OF PLAINTIFF DID NOT VIOLATE CLEARLY ESTABLISHED LAW AND WAS REASONABLE.**

"Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (quotation omitted); *Galvin v. Hay*, 374 F.3d 739, 758 (9th Cir. 2004) (applying California's statutory version of qualified immunity) (citing Cal. Penal Code § 847(b)(1)). The "broad discretion that must be afforded to police officers who face a tense situation," includes mistakes of fact establishing "the existence of probable

[5] The Sheriff's Office is not a separate legal entity that can be sued.

cause". *Jeffers v. Gomez*, 267 F.3d 895, 909 (9th Cir.2001).

In this analysis, the Court's focus is specifically on the conduct of Deputies Zuno and Lopez to determine whether their conduct both constituted a violation of clearly established law and was unreasonable.

**a. Defendants' Arrest of Plaintiff Did Not Violate Clearly Established Law**

Defendants do not dispute that Plaintiff has the right to be free from unlawful arrests. However, arresting an individual whom officers personally observed disturbing the peace, delaying a train, attempting battery on a peace officer, and resisting arrest does not constitute an unlawful arrest.

**b. Defendants' Arrest of Plaintiff Was Reasonable**

Probable cause exists when "under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that" a crime had been committed. *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986). "A police officer has probable cause to effect an arrest if 'at the moment the arrest was made ... the facts and circumstances within [his] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing' that the suspect had violated a criminal law." *Orin v. Barclay*, 272 F.3d 1207, 1218 (9th Cir. 2001). Probable cause is not offense specific, i.e. so long as there are objective facts that would provide legal justification for the arrest – regardless of the arresting officer's subjective reasoning for the arrest – the arrest is justified. *See Devenpeck v. Alford*, 543 U.S. 146, 152-53 (2004). Even if the arrest is for multiple crimes, there need be probable cause for only one of the charges. *Barry v. Fowler*, 902 F.2d 770, 773 n. 5 (9th Cir.1990) (explaining that when there is one arrest for multiple crimes, and the Court determines there was probable cause for one of the charges, it does not matter whether there was probable cause for the other charges). If there is probable cause to arrest, continued detention is lawful. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 378 (9th Cir. 1998); Cal. Penal Code § 847.

Before the deputies arrived to the San Mateo Caltrain Station they had been informed by County Communications that Plaintiff was on the train tracks blocking Caltrain #151 from departing and that he was yelling at the train conductor. After arriving at the station, the two deputies personally observed Plaintiff screaming profanities into the face of the conductor of a subsequent train in an aggressive

manner. When the deputies ordered Plaintiff to back away from the train he swung his bike in the direction of Deputy Lopez in an apparent attempt to strike him. The deputies then physically subdued Plaintiff as he violently resisted the deputies' attempts to bring him under control and arrest him.

These facts clearly establish probable cause to arrest. The deputies reasonably believed based on the information provided to them and what they had personally observed that Plaintiff had committed violations of California Penal Code § 369i (interfering with the operation of a rail line); § 415(1)(challenging another to fight in a public place); § 415(3)(use of offensive words in a public place in order to provoke a violent reaction); § 245(a)(assault with a weapon or force likely to produce great bodily injury), § 148(a)(resisting, delaying or obstructing an officer) and § 243(b)(battery against a peace officer). Significantly, Plaintiff pleaded guilty to disturbing the peace – an acknowledgment that the deputies had probable cause to arrest him.

There is no material dispute about the facts from which jurors could draw differing conclusions and this Court can properly determine as a matter of law that the deputies did have probable cause to arrest Plaintiff. *See, e.g., Peng v. Mei Chin Penghu*, 335 F.3d 970, 979-80 (9th Cir. 2003). Accordingly, judgment should be entered for Defendants on Plaintiff's Federal and State Constitutional claims connected with his arrest, and related state law tort claims.

### 2. DEFENDANTS LOPEZ AND ZUNO'S USE OF FORCE DID NOT VIOLATE CLEARLY ESTABLISHED LAW AND WAS REASONABLE.

Claims of excessive force are analyzed under the Fourth Amendment's reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Tennessee v. Garner*, 471 U.S. 1, 7 (1985). The Court must determine whether the physical restraint of Plaintiff in order to subdue him was reasonable "from the perspective of a reasonable officer on the scene, rather than with the 20/ 20 vision of hindsight." *Graham*, 490 U.S. at 396-97. The Court must allow for "the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97. Factors to consider include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. The first issue to consider is the "type and amount of force inflicted."

*Drummond ex. rel Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003)

**a. Defendants' Use of Force Did Not Violate Clearly Established Law**

Defendants agree that Plaintiff has the right to be free from the use of unreasonable force in the execution of an arrest. However, a "police officer's right to make an arrest necessarily includes the right to use some degree of force." *Cunningham v. Gates*, 229 F.3d 1271, 1290 (9th Cir. 2000)(citing *Graham v. Connor*). The use of force is permissible even against individuals who are not resisting arrest. *See, e.g., Forrester v. City of San Diego*, 25 F.3d 804, 807 (9th Cir. 1994)(finding the use of pain compliance techniques on nonresisting abortion protestors that resulted in bruises, a pinched nerve and a broken wrist was objectively reasonable). Moreover, "injuries reflecting only minimal force are insufficient to qualify as constitutionally excessive or overcome the officers' entitlement to qualified immunity." *Long v. Pend Oreille County*, 2006 WL 2850011, *10 (E.D.Wash. 2006)(citing *Nolin v. Isbell*, 207 F.3d 1253, 1258 (11th Cir. 2000) (Police officer's use of force against arrestee was de minimis, and thus, officer did not lose his qualified immunity from arrestee's § 1983 claim alleging excessive force; officer grabbed arrestee and shoved him a few feet against a vehicle, pushed his knee into the arrestee's back and pushed arrestee's head against the van, searched arrestee's groin area in an uncomfortable manner, and placed the arrestee in handcuffs) and *Bowles v. State*, 37 F.Supp.2d 608, 612 (S.D.N.Y. 1999)(In § 1983 action, arrestee failed to state claim of use of excessive force, where arrestee merely alleged that he was pushed and shoved by officer during search incident to arrest)).

Given that Plaintiff was plainly and indisputably resisting arrest, the defendant deputies were certainly entitled to use force in order to effect the arrest.

**b. Defendants' Use of Force Was Reasonable**

The deputies' *de minimis* use of force was the minimum amount of force necessary to bring Plaintiff under control after he ignore the deputies' verbal directions and began to attack them. *See* Declaration of Zuno, ¶12; Declaration of Lopez, ¶12; Declaration of Pennington, ¶¶7-8. They neither kicked nor punched him, but attempted to employ commonly recognized pain compliance techniques, such as arm bars and wrist locks, in order to bring him under control while he resisted. *See* Declaration of Zuno, ¶13; Declaration of Lopez, ¶¶13; Declaration of Allred, ¶¶4-6; Declaration of Chua, ¶¶4-6; Declaration of Gordon, ¶¶4-6. After Plaintiff was brought under control the deputies checked him for

injuries and did not find any nor did Plaintiff complain of any injuries. *See* Declaration of Zuno, ¶14; Declaration of Lopez, ¶14. This was confirmed by the exams conducted by medical personnel at the Sheriff's Office upon Plaintiff's booking at the jail. *See* Declaration of Banks, ¶2 (Plaintiff's medical records from the jail); Declaration of Merson, ¶2 (records of Plaintiff upon booking at the jail, indicating that he was "medically clear). The absence of any injury necessarily negates Plaintiff's excessive force claims. The level of force used by the deputies was minimal and certainly within the realm of what has been deemed reasonable by the Ninth Circuit. *See, e.g., Forrester* and *Cunnigham, supra.*

The severity of the crimes that necessitated the use of force– attempted assault on a police officer and resisting arrest – generally merits the use of more than a minimal amount of force. The deputies had received reports of and personally observed Plaintiff's confrontational behavior and attempt to lure the train conductor into a fight. Plaintiff ignored a direct command to back away from the train, responded aggressively to the deputies and then violently resisted their attempt to handcuff and arrest him. A reasonable police officer would have believed that Plaintiff posed an immediate threat given this behavior. Plaintiff "actively" resisted arrest and needed to be subdued with force so that he could not cause injury to others.

In light of Plaintiff's refusal to follow the deputies' verbal commands, his violent resistance, his lack of serious injury, and the fact he was not yet handcuffed when he was subdued and thus posed at least a minimal threat, this Court cannot conclude that a reasonable officer would have had "fair notice" under existing case law that the force employed was unlawful, and that any mistake to the contrary would have been unreasonable. The deputies' conduct was reasonable.

**E. PLAINTIFF CANNOT PREVAIL ON HIS ASSAULT OR BATTERY CAUSES ACTION BECAUSE HE CANNOT PROVE THAT DEFENDANTS ACTED WITH UNREASONABLE FORCE.**

In order to prevail on a battery claim against law enforcement, a plaintiff must "prove unreasonable force as an element of the tort." *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272 (1998). "[A] a prima facie battery is not established unless and until *plaintiff* proves unreasonable force was used." *Id* at 1273 (emphasis added). Plaintiff cannot provide any evidence to indicate that the deputies' use of force was objectively unreasonable based on the facts and circumstances facing them. *See Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1103 (2004). Plaintiff cannot prove the

elements of either his assault or battery claims, and therefore this is a further reason to grant Defendants summary judgment on Causes of Action Four and Five.

### F. THE STATE CLAIMS MUST BE DISMISSED AGAINST HORSLEY AND MUNKS BECAUSE PLAINTIFF DID NOT COMPLY WITH THE CLAIM FILING REQUIREMENT OF THE CALIFORNIA GOVERNMENT CLAIMS ACT.

California Government Code § 945.4 and § 950.2, respectively, prohibit suits for money or damages from being brought against a public entity and public employee on a cause of action for which a claim is required to be presented until a written claim has been presented to the public entity and has been rejected in whole or in part.

Plaintiff submitted a claim against Deputies Lopez, Zuno and the "Sheriff's Dept." but not against former Sheriff Horsley or current Sheriff Munks. *See* Declaration of Soria, ¶¶2-3. The deadline for submitting claims expired six months after Plaintiff's cause of action accrued, i.e. January 10, 2007, and Plaintiff cannot submit any further claims. *See* Government Code § 911.2(a)(six month deadline to file a claim).

Accordingly, judgment should be entered in favor of Defendants Horsley and Munks on Causes of Action Four (Assault), Five (Battery), Ten (False Arrest and Imprisonment), Eleven (Negligence), Twelve (Malicious Prosecution), Thirteen (Intentional Infliction of Emotional Distress), Fourteen (Negligent Hiring and Training), and Fifteen (Defamation).

### G. DEFENDANTS ARE IMMUNE FROM SUIT FOR MALICIOUS PROSECUTION UNDER CALIFORNIA GOVERNMENT CODE 821.6.

Plaintiff's Twelfth Cause of Action alleges that Defendants are guilty of malicious prosecution. Government Code § 821.6 provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Government Code § 821.6 clearly grants immunity to public employees, including law enforcement officers – and each Defendant was a law enforcement officer at the time of the conduct in question. *See, e.g., Randle v. City and County of San Francisco*, 186 Cal.App.3d 449, 455-456 (1986). Under no theory can Plaintiff succeed on this cause of action. Therefore, judgment should be entered in favor of Defendants on Cause of Action twelve.

### H. DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PRAYER FOR PUNITIVE DAMAGES.

A municipal entity is immune from punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); California Government Code § 818. Accordingly, Plaintiff cannot collect punitive damages from the County.

In order for Plaintiff to collect punitive damages against the individual defendants, Plaintiff must prove that their conduct was "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, (1983). Further, in order to "recover punitive damages pursuant to California Civil Code § 3294(a), the Plaintiffs must establish by clear and convincing evidence that the Defendants acted with oppression, fraud, or malice. *Brandon v. Rite Aid Corp., Inc.*, 408 F.Supp.2d 964, 981 (E.D.Cal.2006). This higher standard of proof applies at all stages of the proceeding, including at summary judgment." *White v. City of Fresno*, 2007 WL 3341470, *32 (E.D. Cal. 2007).

Plaintiff has introduced no evidence to support a finding that any of the individual defendants had an evil motive or intent. Nor can Plaintiff prove by clear and convincing evidence that any of the individual defendants acted with oppression, fraud, or malice. Accordingly, they too are entitled to judgment on the issue of punitive damages.

Dated: January 17, 2008

Respectfully submitted,

MICHAEL P. MURPHY, COUNTY COUNSEL

By: /s/
Eugene Whitlock, Deputy

Attorneys for Defendants
COUNTY OF SAN MATEO et al.

L:\LITIGATE\G_CASES\Galati\Pleadings\Summary Judgment Memo.doc