MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: Eugene Whitlock, Deputy (SBN 237797)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4989
Facsimile: (650) 363-4034
E-mail: ewhitlock@co.sanmateo.ca.us

Attorneys for Defendants
COUNTY OF SAN MATEO, GREG MUNKS, DON HORSLEY, SALVADOR ZUNO and VICTOR LOPEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GALATI,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN MATEO; SAN MATEO COUNTY SHERIFF'S DEPARTMENT, GREG MUNKS individually and in his official capacities as Sheriff for the COUNTY OF SAN MATEO, DON HORSLEY individually and in his former official capacities as Sheriff of the COUNTY OF SAN MATEO; SALVADOR ZUNO, individually and in his official capacities as a Sheriff's Deputy for the COUNTY OF SAN MATEO; VICTOR LOPEZ individually and in his official capacities as Sheriff's Deputy for the COUNTY OF SAN MATEO and DOES 1 to 100, inclusive.<br><br>　　　　　Defendants. | Case No. CV 07-04035 CW<br><br>**DECLARATION OF VICTOR LOPEZ IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

I, Victor Lopez, declare:

1.　I am a deputy sheriff for the County of San Mateo Sheriff's Office and have been so employed since August 2002. At the time of Plaintiff's arrest on July 11, 2006 I was assigned to the San Mateo County Sheriff's Office – Transit Police Bureau, which provides law enforcement services to Caltrain (the Peninsula Corridor Commuter Railroad) by contract.

2. I am not a final policymaker for the Sheriff's Office or the County of San Mateo.

3. On July 11, 2006, Deputy Zuno and I were called to the San Mateo Caltrain station to respond to complaints that an individual, who was later identified as Michael Galati, was blocking Caltrain #151 from departing and yelling at a train conductor.

4. Before we arrived to the San Mateo Caltrain Station, we had been informed by County Communications that Galati had allowed the train to depart.

5. A second train had arrived by the time Deputy Zuno and I arrived at the train station. When we arrived, I observed and heard Galati screaming profanities, e.g. "F--- You, You Motherf-----", into the face of Conductor Joe Allred while waving his hand and pointing it just inches from the conductor's face in an aggressive manner.

6. I verbally ordered Galati to back away from the train, telling him to "Step back." He replied "No, F--- you, Why, F---you?"

7. When I repeated my command and motioned for Galati to step away from the train, he turned in what I believe was an aggressive manner and he had this enraged look on his face.

8. Deputy Zuno attempted to physically subdue Galati by grabbing him and ordered him to let go of the bicycle.

9. Galati repeated his profanities and began to physically resist.

10. I continued to instruct Galati to stop resisting and to stop fighting, but he merely became more violent and aggressive towards us.

11. The struggle resulted in both Deputy Zuno and I wrestling with Galati on the train kiosk bench where Galati landed on top of me with his bicycle. The bicycle was between me and Galati and Galati began to pressure the bicycle on top of my upper body and neck area. I ordered Galati to stop and let go of the bicycle to no avail as I was using both my arms to keep the bicycle away from my neck area and prevent serious injury to myself. With the assistance of Deputy Zuno we managed to get the bicycle away from Galati however he continued to struggle as Galati struck both of us several times with his arms and elbows during the struggle. We fell to the ground where we eventually, we were able to secure Galati in handcuffs. However, he continued to kick and scream obscenities.

12. The level of force Deputy Zuno and I used to bring Mr. Galati under control and arrest

him was the minimum amount we could use without risking injury to myself or Deputy Zuno due to Mr. Galati's violent resistance of arrest.

13. We employed and attempted commonly recognized pain compliance techniques, such as arm bars, wrist locks and knee strikes in order to bring Galati under control.

14. After Mr. Galati was brought under control we checked him for injuries and did not find any. We also asked Galati if he needed any medical attention. Galati responded with a variety of profanities and did not request any medical attention.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: January 17, 2008

By: _____ #733
Victor Lopez

L:\LITIGATE\G_CASES\Galati\Pleadings\Declaration of Lopez.doc

Case No. CV 07-04035 CW                    3
DECLARATION OF VICTOR LOPEZ IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT