MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: Eugene Whitlock, Deputy (SBN 237797)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4989
Facsimile: (650) 363-4034
E-mail: ewhitlock@co.sanmateo.ca.us

Attorneys for Defendants
COUNTY OF SAN MATEO, GREG MUNKS, DON HORSLEY, SALVADOR ZUNO and VICTOR LOPEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GALATI,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN MATEO; SAN MATEO COUNTY SHERIFF'S DEPARTMENT, GREG MUNKS individually and in his official capacities as Sheriff for the COUNTY OF SAN MATEO, DON HORSLEY individually and in his former official capacities as Sheriff of the COUNTY OF SAN MATEO; SALVADOR ZUNO, individually and in his official capacities as a Sheriff's Deputy for the COUNTY OF SAN MATEO; VICTOR LOPEZ individually and in his official capacities as Sheriff's Deputy for the COUNTY OF SAN MATEO and DOES 1 to 100, inclusive.<br><br>　　　　Defendants. | Case No. CV 07-04035 CW<br><br>**[PROPOSED] ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

　　　　The parties appeared before the Court on February 21, 2007 on Defendants' Motion for Summary Judgment and/or Summary Adjudication. Having considered the moving papers, Plaintiff's Opposition, the County's Reply, admissible supporting evidence submitted by all parties and argument, the Court concludes that the Defendants are entitled to Judgment as a matter of law on each of Plaintiff's claims.

## DISCUSSION.

Case No. CV 07-04035 CW
[PROPOSED] ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

A. **UNDER *HECK V. HUMPHREY*, DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S SECTION 1983, STATE CONSTITUTION AND STATE TORT LAW CAUSES OF ACTION**

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court wrote that

> in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a write of habeas corpus. . . the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Heck* at 486-487.

In sum, a plaintiff does not even have a "cause of action under § 1983 unless and until the conviction or sentence is reversed . . . ." *Heck* at 489. See also *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998); *Guerrero v. Gates*, 442 F.3d 697, 703 (9tth Cir. 2006).

Each of Plaintiff's first three causes of action, alleging violations of § 1983, and their state law counterparts necessarily calls into question Plaintiff's conviction, i.e. he has to prove that there was no probable cause to arrest him and that he was innocent of the crime to which he pleaded guilty in order to prevail on these claims. Therefore, Plaintiff must he must first invalidate his conviction prior to filing suit under § 1983 and/or the California Constitution. But Plaintiff has not done so. Plaintiff's conviction by way of his guilty plea has not been reversed or expunged.

Given that Plaintiff's civil rights claims must be dismissed, his state law causes of action alleging torts that stemmed from the original, lawful arrest must also be dismissed.[1] *See, e.g., Truong v. Orange County Sheriff's Department*, 129 Cal.App.4th 1423 (2005); *Susag v. City of Lake Forest*, 94 Cal.App.4th 1401 (2002).

Defendants are thus entitled to summary judgment on the entirety of Plaintiff's complaint, with the exception of the excessive force claim which is not subject to the *Heck* bar.

B. **DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ON THE EXCESSIVE FORCE CLAIMS.**

---

[1] Causes of Action Four (Assault), Five (Battery), Ten (False Arrest and Imprisonment), Eleven (Negligence), Twelve (Malicious Prosecution), Thirteen (Intentional Infliction of Emotional Distress), Fourteen (Negligent Hiring and Training), and Fifteen (Defamation)

"In *Saucier v. Katz*, the Supreme Court held that a court should determine whether an officer is entitled to qualified immunity by first deciding whether, "[t]aken in the light most favorable to the party asserting the injury, [ ] the facts alleged show the officer's conduct violated a constitutional right." 533 U.S. 194, 201 (2001)(citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). If so, the court must determine whether the right violated was clearly established such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202 (citing *Wilson v. Layne*, 526 U.S. 603, 615 (1999)). If we conclude that both of these inquiries are answered in the affirmative, the officer is not entitled to qualified immunity. *Id.* at 201." *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053 (9th Cir. 2007).

### 1. DEFENDANTS LOPEZ AND ZUNO'S ARREST OF PLAINTIFF DID NOT VIOLATE CLEARLY ESTABLISHED LAW AND WAS REASONABLE.

"Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (quotation omitted); *Galvin v. Hay*, 374 F.3d 739, 758 (9th Cir. 2004) (applying California's statutory version of qualified immunity) (citing Cal. Penal Code § 847(b)(1)). The "broad discretion that must be afforded to police officers who face a tense situation," includes mistakes of fact establishing "the existence of probable cause". *Jeffers v. Gomez*, 267 F.3d 895, 909 (9th Cir.2001).

#### a. Defendants' Arrest of Plaintiff Did Not Violate Clearly Established Law

The arrest of an individual whom officers personally observed disturbing the peace, delaying a train, attempting battery on a peace officer, and resisting arrest does not constitute an unlawful arrest.

#### b. Defendants' Arrest of Plaintiff Was Reasonable

Probable cause exists when "under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that" a crime had been committed. *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986). "A police officer has probable cause to effect an arrest if 'at the moment the arrest was made ... the facts and circumstances within [his] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing' that the suspect had violated a criminal law." *Orin v. Barclay*, 272 F.3d 1207, 1218 (9th Cir. 2001). Probable cause is not offense specific, i.e. so long as there are objective facts that would provide legal justification for the arrest – regardless of the arresting officer's subjective reasoning for the arrest – the arrest is justified. *See Devenpeck v. Alford*, 543 U.S. 146, 152-53 (2004). Even if the arrest is for

multiple crimes, there need be probable cause for only one of the charges. *Barry v. Fowler*, 902 F.2d 770, 773 n. 5 (9th Cir.1990)(explaining that when there is one arrest for multiple crimes, and the Court determines there was probable cause for one of the charges, it does not matter whether there was probable cause for the other charges).

Before the deputies arrived to the San Mateo Caltrain Station they had been informed by County Communications that Plaintiff was on the train tracks blocking Caltrain #151 from departing and that he was yelling at the train conductor. After arriving at the station, the two deputies personally observed Plaintiff screaming profanities into the face of the conductor of a subsequent train in an aggressive manner. When the deputies ordered Plaintiff to back away from the train he swung his bike in the direction of Deputy Lopez in an apparent attempt to strike him. The deputies then physically subdued Plaintiff as he violently resisted the deputies' attempts to bring him under control and arrest him.

These facts clearly establish probable cause to arrest. The deputies reasonably believed based on the information provided to them and what they had personally observed that Plaintiff had committed violations of California Penal Code § 369i (interfering with the operation of a rail line); § 415(1) (challenging another to fight in a public place); § 415(3) (use of offensive words in a public place in order to provoke a violent reaction); § 245(a) (assault with a weapon or force likely to produce great bodily injury), § 148(a) (resisting, delaying or obstructing an officer) and § 243(b) (battery against a peace officer). Significantly, Plaintiff pleaded guilty to disturbing the peace – an acknowledgment that the deputies had probable cause to arrest him.

Accordingly, judgment should be entered for Defendants on Plaintiff's Federal and State Constitutional claims based on his arrest, and related state law tort claims.

2. **DEFENDANTS LOPEZ AND ZUNO'S USE OF FORCE DID NOT VIOLATE CLEARLY ESTABLISHED LAW AND WAS REASONABLE.**

Claims of excessive force are analyzed under the Fourth Amendment's reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). The Court must determine whether the physical restraint of Plaintiff in order to subdue him was reasonable "from the perspective of a reasonable officer on the scene, rather than with the 20/ 20 vision of hindsight." *Graham*, 490 U.S. at 396-97. The Court must allow for "the fact that police officers are often forced to make split-second judgments-in circumstances

that are tense, uncertain, and rapidly evolving about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97. Factors to consider include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. The first issue to consider is the "type and amount of force inflicted." *Drummond ex. rel Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003).

### a.     Defendants' Use of Force Did Not Violate Clearly Established Law

Defendants agree that Plaintiff has the right to be free from the use of unreasonable force in the execution of an arrest. However, a "police officer's right to make an arrest necessarily includes the right to use some degree of force." *Cunningham v. Gates*, 229 F.3d 1271, 1290 (9th Cir. 2000) (citing *Graham v. Connor*). The use of force is permissible even against individuals who are not resisting arrest. *See, e.g., Forrester v. City of San Diego*, 25 F.3d 804, 807 (9th Cir. 1994)(finding the use of pain compliance techniques on nonresisting abortion protestors that resulted in bruises, a pinched nerve and a broken wrist was objectively reasonable). Moreover, "injuries reflecting only minimal force are insufficient to qualify as constitutionally excessive or overcome the officers' entitlement to qualified immunity." *Long v. Pend Oreille County*, 2006 WL 2850011, *10 (E.D.Wash. 2006) (citing *Nolin v. Isbell*, 207 F.3d 1253, 1258 (11th Cir. 2000)(Police officer's use of force against arrestee was de minimis, and thus, officer did not lose his qualified immunity from arrestee's § 1983 claim alleging excessive force; officer grabbed arrestee and shoved him a few feet against a vehicle, pushed his knee into the arrestee's back and pushed arrestee's head against the van, searched arrestee's groin area in an uncomfortable manner, and placed the arrestee in handcuffs) and *Bowles v. State*, 37 F.Supp.2d 608, 612 (S.D.N.Y. 1999) (In § 1983 action, arrestee failed to state claim of use of excessive force, where arrestee merely alleged that he was pushed and shoved by officer during search incident to arrest)).

Given that Plaintiff was plainly and indisputably resisting arrest, the defendant deputies were certainly entitled to use force in order to effect the arrest.

### b.     Defendants' Use of Force Was Reasonable

The deputies' *de minimis* use of force was reasonable. The deputies neither kicked nor punched him, but attempted to employ commonly recognized pain compliance techniques, such as arm bars and

wrist locks, in order to bring him under control while he resisted. After Plaintiff was brought under control the deputies checked him for injuries and did not find any nor did Plaintiff complain of any injuries. This was confirmed by the exams conducted by medical personnel at the Sheriff's Office upon Plaintiff's booking at the jail. The absence of any injury necessarily negates Plaintiff's excessive force claims. The level of force used by the deputies was minimal and certainly within the realm of what has been deemed reasonable by the Ninth Circuit. *See, e.g., Forrester* and *Cunnigham, supra.*

In light of Plaintiff's refusal to follow the deputies' verbal commands, his violent resistance, his lack of serious injury, and the fact he was not yet handcuffed when he was subdued and thus posed at least a minimal threat, this Court cannot conclude that a reasonable officer would have had "fair notice" under existing case law that the force employed was unlawful, and that any mistake to the contrary would have been unreasonable. The deputies' conduct was reasonable.

Therefore, Defendants are also entitled to summary judgment on Plaintiff's excessive force claim.

## CONCLUSION.

Defendants Motion for Summary Judgment is GRANTED.

Dated: February ___, 2008

By: _____
JUDGE CLAUDIA WILKEN
UNITED STATES DISTRICT COURT

L:\LITIGATE\G_CASES\Galati\Pleadings\Proposed Order for MSJ.doc

Case No. CV 07-04035 CW                6
[PROPOSED] ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT