FRED G. MEIS, ESQ., STATE BAR NO. 030712
JOSEPH JAMES POPPEN, ESQ., STATE BAR NO. 239282
TABATHA YIN, ESQ., STATE BAR NO. 246197
LEON V. ROUBINIAN, ESQ., STATE BAR NO. 226893
MEIS & ASSOCIATES
100 Bush Street, Suite 1800
San Francisco, CA 94104-3920
Telephone: (415) 981-4612
Facsimile: (415) 398-5060
Email: fredgmeis@hotmail.com

Attorneys for Plaintiff MICHAEL GALATI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GALATI, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SAN MATEO; SAN MATEO COUNTY SHERIFF'S DEPARTMENT; GREG MUNKS individually and in his official capacities as sheriff for the COUNTY OF SAN MATEO; DON HORSLEY individually and in his former official capacities as sheriff for the COUNTY OF SAN MATEO; SALVADOR ZUNO individually and in his official capacities as a sheriff's deputy for the COUNTY OF SAN MATEO; VICTOR LOPEZ individually and in his official capacities as a sheriff's deputy for the COUNTY OF SAN MATEO and DOES 1 to 100 Inclusive, <br><br> Defendants. | Case No. CV 07 4035 CW <br><br> **DECLARATION OF LEON V. ROUBINIAN IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S REQUEST FOR RULE 56(f) RELIEF** <br><br> Date: February 21, 2008 <br> Time: 2:00 p.m. <br> Dept.: Courtroom 2, 4th Floor <br> Judge: Hon. Claudia Wilken |

---

DECLARATION OF LEON V. ROUBINIAN

1

I, Leon V, Roubinain, declare:

1. I am an attorney at law duly licensed to practice before all courts of the State of California, and an associate with the Law Offices of Meis & Associates, the attorneys of record for plaintiff in the above-captioned action.

2. Plaintiff's government claim was drafted by former Meis & Associates employee Abigail Morris, Esq. I have reviewed the files for the above-captioned lawsuit. The file that Ms. Morris used to draft the claim contains a copy of the Incident Report attached as Exhibit B to the Declaration of Eugene Whitlock.

3. Deputy Lopez, Deputy Zuno, and the Sheriff's Department are identified in the Incident Teport. Sheriff Munks and Sheriff Horsley were not.

4. The first Case Management Conference for this action was held on December 11, 2007. This Court set the discovery cut-off as June 11, 2008.

5. On pg. 6 of their Memorandum in Support of Summary Judgment, defendants argue, "Plaintiff has absolutely no evidence of the existence of any custom or policy attributable to the County of San Mateo, let alone a custom or policy that deprives individuals such as Plaintiff of their constitutional rights."

6. Defendants argue at pg. 8 of their Memorandum, "Plaintiff cannot establish and has no evidence to prove a deliberate failure to train such that his rights would have been protected."

7. As of the writing of this memorandum, plaintiff has not completed any discovery on the issues defendants raise concerning *Monell* liability or the Sheriff's training practices. Indeed, these are matters within defendants' control. Plaintiff expects in short time to propound requests for production of documents and subpoenas seeking information about practices and customs concerning standard operating and training procedures procedure for the San Mateo County Sheriff. Likewise, should this case not resolve through the Court's ordered mediation scheduled

for March 6, 2008, plaintiff plans to depose the Deputies Zuno, Lopez, Munks, Horsley, and any other individuals with final policy-making authority.

8. Punishing plaintiff for not completing his discovery less than two months after the first Case Management Conference is not in the interests of justice. This is a clear example of a premature motion for summary judgment under Federal Rules of Civil Procedure Rule 56(f).

9. The video footage of the deputies' arrest of Mr. Galati is attached as Exhibit A to the printed courtesy copy of this declaration. I have viewed this video with Mr. Galati, who informed that it is a true recording of what happened at the San Mateo CalTrain station on the afternoon of July 11, 2006. In his accompanying declaration, Mr. Galati declares at paragraphs 6, 11, 13, 14, and 16 that the footage is an accurate recording of what transpired.

10. There are significant discrepancies between the video footage and the declarations of Salvador Zuno, Victor Lopez, Michael Gondron, Eric Pennington, Joe Allred, and Renato Chua. Defendants use these declarations to seek summary disposition of claims involving issues of probable cause, excessive force, and assault and battery. While plaintiff demonstrates numerous materials disputes of fact in his Memorandum, plaintiff must be given the opportunity to further establish contradictions between the video footage and the declarations defendants rely upon. This requires, at a minimum, that plaintiff be given the opportunity to depose Deputies Zuno and Lopez.

///

DECLARATION OF LEON V. ROUBINIAN

3

1  11. In sum, plaintiff requests that this Court deny defendants' motion for summary judgment
2  pursuant to Federal Rule of Procedure Rule 56(f). Alternatively, plaintiff requests that the Court
3  continue this motion so that plaintiffs have the opportunity to conduct the discovery set out above.
4
5  I declare under penalty of perjury under the laws of the State of California that the foregoing is
6  true and correct.
7
8  DATED:   January 31, 2008
9                                                                                  Leon V. Roubinian