MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: Eugene Whitlock, Deputy (SBN 237797)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4989
Facsimile: (650) 363-4034
E-mail: ewhitlock@co.sanmateo.ca.us

Attorneys for Defendants
COUNTY OF SAN MATEO, GREG MUNKS, DON
HORSLEY, SALVADOR ZUNO and VICTOR
LOPEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GALATI,<br><br>               Plaintiffs,<br><br>          vs.<br><br>COUNTY OF SAN MATEO; SAN MATEO COUNTY SHERIFF'S DEPARTMENT, GREG MUNKS individually and in his official capacities as Sheriff for the COUNTY OF SAN MATEO, DON HORSLEY individually and in his former official capacities as Sheriff of the COUNTY OF SAN MATEO; SALVADOR ZUNO, individually and in his official capacities as a Sheriff's Deputy for the COUNTY OF SAN MATEO; VICTOR LOPEZ individually and in his official capacities as Sheriff's Deputy for the COUNTY OF SAN MATEO and DOES 1 to 100, inclusive.<br><br>               Defendants. | Case No. CV 07-04035 CW<br><br>**CORRECTED SECOND DECLARATION OF EUGENE WHITLOCK IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

I, EUGENE WHITLOCK, declare:

1.      I am employed as a Deputy County Counsel with the County of San Mateo and represent the Defendants in this matter.

2.      In September 2007, I forwarded to Plaintiff's counsel a copy of the police report and other materials related to Plaintiff's arrest. This report included statements from the police officers and

witnesses, and contact information for each of the witnesses.

3.      On January 2, 2008, I wrote to Plaintiff's counsel to inquire if a February 21, 2008 date would be acceptable and on January 3, Plaintiff's counsel agreed to the date. *See* Exhibit A (copy of email correspondence).

4.      Attached hereto as Exhibit B is a true and correct copy of a record of Plaintiff's convictions.

5.      In response to Defendants' Requests for Production of Documents, Plaintiff did not produce one single document. For example, Plaintiff did not produce (1) the documents *he* identified as part of his Rule 26 disclosures; (2) documents which he claimed in his complaint were evidence refuting the charges against him; (3) documents which he claimed in his complaint showed that the Court dismissed charges against him; and (4) documents evidencing the severe injury he claimed in his complaint. *See* Exhibit C attached hereto.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: February 7, 2008

By: _____
Eugene Whitlock

L:\LITIGATE\G_CASES\Galati\Pleadings\Corrected Declaration of Whitlock #2.doc

# EXHIBIT C

1  FRED G. MEIS, ESQ., STATE BAR NO. 030712
   JOSEPH JAMES POPPEN, ESQ., STATE BAR NO. 239282
2  LEON V. ROUBINIAN, ESQ., STATE BAR NO. 226893
   MEIS & ASSOCIATES
3  100 Bush Street, Suite 1800
   San Francisco, CA  94104-3920
4  Telephone:  (415) 981-4612
   Facsimile:  (415) 398-5060
5  Email:  fredgmeis@hotmail.com

6  Attorneys for Plaintiff MICHAEL GALATI

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11

12

13 MICHAEL GALATI,                    )   Case No. CV 07 4035 CW
                                      )
14              Plaintiff,            )
                                      )
15       v.                           )   **PLAINTIFF'S RESPONSES TO**
                                      )   **DEFENDANTS' REQUESTS FOR**
16 COUNTY OF SAN MATEO; SAN           )   **PRODUCTION, SET ONE**
17 MATEO COUNTY SHERIFF'S             )
   DEPARTMENT; GREG MUNKS             )
18 individually and in his official capacities )
   as sheriff for the COUNTY OF       )
19 SAN MATEO; DON HORSLEY individually )
   and in his former official capacities as )
20 sheriff for the COUNTY OF SAN       )
21 MATEO; SALVADOR ZUNO               )
   individually and in his official capacities )
22 as a sheriff's deputy for the COUNTY )
   OF SAN MATEO; VICTOR LOPEZ         )
23 individually and in his official capacities )
   as a sheriff's deputy for the COUNTY )
24 OF SAN MATEO and DOES 1  to 100    )
25 Inclusive,                         )
                                      )
26              Defendants.           )
                                      )
27 ─────────────────────────────────)

28

Propounding Party:    Defendants County of San Mateo et al.

Responding Party:    Plaintiff Michael Galati

Set No.:    One

COMES NOW PLAINTIFF, Michael Galati, by and through his attorneys, responds to the Request for Production propounded by defendant herein. In reviewing and relying upon the following Response to the Request for Production, the demanding party should be aware that the responding party has not completed discovery or trial preparation and that the responses set forth herein are based only upon the information and documentation which are presently available to, and specifically disclose only those contentions which presently occur to the responding party.

It is anticipated that further discovery, independent factual investigation, and legal research and analysis will supply additional documents, add meaning to the known documents, and establish new factual and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the plaintiff's present responses and contentions in litigation. The following responses are given without prejudice to plaintiff's right to produce evidence of any subsequently discovered fact, document, or witness, or facts, documents, or witnesses, which this responding party may later locate. Responding party, accordingly, reserves the right to produce additional documents and witnesses at trial. This response is made in a good faith effort to identify as many facts, documents and witnesses as are presently available, but is in no way to the prejudice of responding party in relation to any further discovery, research or analysis.

Some of the demands are unclear and ambiguous. In the spirit of cooperation, plaintiff has answered the demands to the best of her current ability.

## **GENERAL OBJECTION**

Use of ambiguous terms "concern", "concerning" etc: Plaintiff generally objects to all requests or documents which are described as "concern" and "concerning". Plaintiffs and/or plaintiffs' counsel cannot properly respond to such requests without being forced to speculate as to whether

1  particular documents may as "concern" or is "concerning" the matters set forth in said request. In

2  some instances, plaintiff and/or plaintiff's counsel would be forced to interpret documents in an

3  attempt to comply with these requests, thereby potentially revealing privileged communications,

4  attorney/client work produce and introducing a significant element of subjective judgment into the

5  process of responding. Without waiving the aforementioned objections, plaintiff, where

6  appropriate, will attempt in good faith and in the spirit of cooperation to respond to these requests

7  by interpreting these requests narrowly and in an objective fashion.

8

9  **REQUEST FOR PRODUCTION NO. 1:**

10  ALL DOCUMENT YOU IDENTIFY as part of the disclosures required by Rule 26 of the Federal

11  Rules of Civil Procedure

  **RESPONSE TO REQUEST NO. 1**

12

13  Plaintiff agrees to comply with this request

14  **REQUEST FOR PRODUCTION NO. 2:**

15  ALL DOCUMENTS CONCERNING the allegations in paragraph 18 through 21 of YOUR

16  Complaint describing what transpired at the San Mateo Caltrain station on July 11, 2006.

  **RESPONSE TO REQUEST NO. 2**

17

18  Plaintiff objects to the extent this request seeks documents covered by the attorney client privilege,

19  work product privilege, and/or any other privilege. Plaintiff also objects to the use of the defined

20  term "concerning." Subject to the preliminary statement and general objections, Plaintiff

  continues to search for responsive documents and agrees to produce such documents he locates.

21

  **REQUEST FOR PRODUCTION NO. 3:**

22  ALL DOCUMENTS CONCERNING the allegations in paragraph 23 of YOUR Complaint

23  pertaining to the "evidence refuting" the charges against you.

24  **RESPONSE TO REQUEST NO. 3**

25  Plaintiff objects to the extent this request seeks documents covered by the attorney client privilege,

26  work product privilege, and/or any other privilege. Plaintiff also objects to the use of the defined

27  term "concerning." Subject to the preliminary statement and general objections, Plaintiff

28  continues to search for responsive documents and agrees to produce such documents he locates.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS CONCERNING the allegations in paragraph 24 of YOUR Complaint showing the Court's alleged dismissal of certain charges against YOU due to insufficient evidence.

**RESPONSE TO REQUEST NO. 4**

Plaintiff objects to the extent this request seeks documents covered by the attorney client privilege, work product privilege, and/or any other privilege. Plaintiff also objects to the use of the defined term "concerning." Subject to the preliminary statement and general objections, Plaintiff continues to search for responsive documents and agrees to produce such documents he locates.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS CONCERNING the allegations in paragraph 26 of YOUR Complaint showing the Court's alleged dismissal of certain charges against YOU.

**RESPONSE TO REQUEST NO. 5**

Plaintiff objects to the extent this request seeks documents covered by the attorney client privilege, work product privilege, and/or any other privilege. Plaintiff also objects to the use of the defined term "concerning." Subject to the preliminary statement and general objections, Plaintiff continues to search for responsive documents and agrees to produce such documents he locates.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS CONCERNING the allegations in paragraph 26 of YOUR Complaint showing that Deputies Zuno and Lopez physically attacked you without provocation, reason, or resistance.

**RESPONSE TO REQUEST NO. 6**

Plaintiff objects to the extent this request seeks documents covered by the attorney client privilege, work product privilege, and/or any other privilege. Plaintiff also objects to the use of the defined term "concerning." Subject to the preliminary statement and general objections, Plaintiff continues to search for responsive documents and agrees to produce such documents he locates.

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS CONCERNING the allegations on paragraph 27 of YOUR Complaint showing that YOU sustained "severe injuries."

///

1    **RESPONSE TO REQUEST NO. 7**

2    Plaintiff objects to the extent this request seeks documents covered by the attorney client privilege,

3    work product privilege, and/or any other privilege.  Plaintiff also objects to the use of the defined

4    term "concerning."  Subject to the preliminary statement and general objections, Plaintiff

5    continues to search for responsive documents and agrees to produce such documents he locates.

6    **REQUEST FOR PRODUCTION NO. 8:**

7    ALL DOCUMENTS CONCERNING the allegations in paragraph 27 of YOUR Complaint

8    showing that you were "unable to work" and "suffered extreme emotional.distress."

9    **RESPONSE TO REQUEST NO. 8**

10   Plaintiff objects to the extent this request seeks documents covered by the attorney client privilege,

11   work product privilege, and/or any other privilege.  Plaintiff also objects to the use of the defined

12   term "concerning."  Subject to the preliminary statement and general objections, Plaintiff

     continues to search for responsive documents and agrees to produce such documents he locates.

13   **REQUEST FOR PRODUCTION NO. 9:**

14   ALL DOCUMENTS CONCERNING YOUR physical condition AND mental condition from July

15   1996 to the present, including but not limited to medical records, drug prescriptions,

16   psychological/psychiatric records and therapy records

17   **RESPONSE TO REQUEST NO: 9**

18   Plaintiff objects to the extent this request seeks documents covered by the attorney client privilege,

19   work product privilege, right to privacy and/or any other privilege.  Plaintiff further objects that the

20   request is overbroad in time period it encompasses, oppressive, burdensome, harassing and seeks

     documents beyond the scope of permissible discovery. . Plaintiff also objects to the use of the

21   defined term "concerning."  Subject to the preliminary statement and general objections, Plaintiff

22   will not comply with this request.

23

24

25

26

27

28   ///

**REQUEST FOR PRODUCTION NO. 10:**

ALL DOCUMENTS CONCERNING YOUR employment for the past five years

**RESPONSE TO REQUEST NO. 10**

Plaintiff objects to the extent this request seeks documents covered by the attorney client privilege, work product privilege, right to privacy and/or any other privilege. Plaintiff further objects that the request is overbroad in time period it encompasses, oppressive, burdensome, harassing and seeks documents beyond the scope of permissible discovery. Plaintiff also objects to the use of the defined term "concerning." Subject to the preliminary statement and general objections, Plaintiff will not comply with this request.

**REQUEST FOR PRODUCTION NO. 11:**

YOUR Federal Income Tax Returns for the fiscal year 2001 through the present.

**RESPONSE TO REQUEST NO. 11**

Plaintiff objects to the extent this request seeks documents covered by the attorney client privilege, work product privilege, taxpayer privilege, right to privacy and/or any other privilege. Plaintiff further objects that the request is overbroad in time period it encompasses, oppressive, burdensome, harassing and seeks documents beyond the scope of permissible discovery. Subject to the preliminary statement and general objections, Plaintiff will not comply with this request.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS CONCERNING the allegations in YOUR Complaint showing that you suffered past and future special damages.

**RESPONSE TO REQUEST NO. 12**

Plaintiff objects to the extent this request seeks documents covered by the attorney client privilege, work product privilege, and/or any other privilege. Plaintiff also objects to the use of the defined term "concerning." Subject to the preliminary statement and general objections, Plaintiff continues to search for responsive documents and agrees to produce such documents he locates

///

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS CONCERNING the allegations in paragraphs 36, 37, 38, 42, 43, 48, 49, 62, 65, 68, 70, 71, 76, 79, 80 of YOUR Complaint that YOU have been damaged and/or suffered harm.

**RESPONSE TO REQUEST NO. 13**

Plaintiff objects to the extent this request seeks documents covered by the attorney client privilege, work product privilege, and/or any other privilege.  Plaintiff also objects to the use of the defined term "concerning."  Subject to the preliminary statement and general objections, Plaintiff continues to search for responsive documents and agrees to produce such documents he locates

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS CONCERNING ANY tort claim filed by YOU with ANY public entity pursuant to California's Tort Claim Act.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the extent this request seeks documents covered by the attorney client privilege, work product privilege, and/or any other privilege.  Plaintiff also objects to the use of the defined term "concerning."  Subject to the preliminary statement and general objections, Plaintiff continues to search for responsive documents and agrees to produce such documents he locates

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS CONCERNING YOUR arrests and criminal convictions, including sentencing information and probation reports, from January 2001 to the present.

**RESPONSE TO REQUEST NO. 15**

Plaintiff objects to the extent this request seeks documents covered by the attorney client privilege, work product privilege, right to privacy and/or any other privilege.  Plaintiff further objects that the request is overbroad in time period it encompasses, oppressive, burdensome, harassing and seeks documents beyond the scope of permissible discovery.   Plaintiff also objects to the use of the defined term "concerning."  Subject to the preliminary statement and general objections, Plaintiff refuses to comply.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS CONCERNING the allegations in paragraph 78 concerning the "oral and written false statements.".

**RESPONSE TO REQUEST NO. 16**

Plaintiff objects to the extent this request seeks documents covered by the attorney client privilege, work product privilege, and/or any other privilege.  Plaintiff also objects to the use of the defined term "concerning."  Subject to the preliminary statement and general objections, Plaintiff continues to search for responsive documents and agrees to produce such documents he locates

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS CONCERNING the allegations in paragraph 79 concerning the harm to YOUR reputation and the public ridicule YOU were subjected to.

**RESPONSE TO REQUEST NO. 17**

Plaintiff objects to the extent this request seeks documents covered by the attorney client privilege, work product privilege, and/or any other privilege.  Plaintiff also objects to the use of the defined term "concerning."  Subject to the preliminary statement and general objections, Plaintiff continues to search for responsive documents and agrees to produce such documents he locates

DATED:  February 6, 2008

MEIS & ASSOCIATES

BY: 

LEON V. ROUBINIAN, Esq.
Attorneys for Plaintiff
MICHAEL GALATI

8

1
2
3
4

# **VERIFICATION TO FOLLOW**

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Verification*

## PROOF OF SERVICE

I, Pavel Krepkiy, declare as follows:

I am over the age of eighteen years, and not a party to this action. My business address is 100 Bush Street, Suite 1800, San Francisco, California 94104.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On February 6, 2008, at my place of business at San Francisco, California, a copy of the following document(s):

PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUESTS FOR PRODUCTION, SET ONE

was placed for deposit in a sealed envelope addressed to:

Eugene Whitlock, Esq.
County Counsel
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
FAX: (650) 363-4034

and the named document was served in the manner indicated below:

**XX   BY MAIL:** I caused true and correct copies of the above documents, by following ordinary business practices, to be placed and sealed in envelope(s) addressed to the addressee(s), at Meis & Associates, 100 Bush Street, Suite 1800, San Francisco, California, 94104, for collection and mailing with the United States Postal Service, and in the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

**BY PERSONAL SERVICE:** I placed true and correct copies of the above documents in a sealed envelope(s) addressed to the addressee(s) and I delivered such envelope(s) by hand on the office(s) of the addressee(s).

**BY FEDERAL EXPRESS:** I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered to FEDERAL EXPRESS for overnight courier service to the office(s) of the addressee(s).

**BY FACSIMILE:** I caused a copy(ies) of such document(s) to be transmitted via facsimile machine. The fax number of the machine from which the document was transmitted was (415) 398-5060. The fax number(s) of the machine(s) to which the document(s) were transmitted are listed above. The fax transmission was reported as complete and without error. I caused the transmitting facsimile to print a transmission record of the transmission, a copy of which is attached to this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 6, 2008

PAVEL KREPKIY

1