FRED G. MEIS, ESQ., STATE BAR NO. 030712
LEON V. ROUBINIAN, ESQ., STATE BAR NO. 226893
MEIS & ASSOCIATES
100 Bush Street, Suite 1800
San Francisco, CA 94104-3920
Telephone: (415) 981-4612
Facsimile: (415) 398-5060
Email: fredgmeis@hotmail.com

Attorneys for Plaintiff MICHAEL GALATI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GALATI, | Case No. CV 07 4035 CW |
| Plaintiff, | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF MICHAEL GALATI'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| COUNTY OF SAN MATEO; SAN MATEO COUNTY SHERIFF'S DEPARTMENT; GREG MUNKS individually and in his official capacities as sheriff for the COUNTY OF SAN MATEO; DON HORSLEY individually and in his former official capacities as sheriff for the COUNTY OF SAN MATEO; SALVADOR ZUNO individually and in his official capacities as a sheriff's deputy for the COUNTY OF SAN MATEO; VICTOR LOPEZ individually and in his official capacities as a sheriff's deputy for the COUNTY OF SAN MATEO and DOES 1 to 100 Inclusive, | **DISCOVERY MATTER** Date:   TBD Time:   TBD Dept.:  TBD Judge:  Hon. Claudia Wilken |
| Defendants. | |

1

<u>TABLE OF CONTENTS</u>

I.   INTRODUCTION..................................................................................1

II.  FACTUAL BACKGROUND..............................................................1

III. ARGUMENT.......................................................................................4

     I.   STANDARDS GOVERNING REQUESTS FOR PRODUCTION..............4

     II.  STATEMENT OF ITEMS IN DISPUTE.........................................5

     III. BECAUSE DEFENDANTS ARE NOT SUBSTANTIALLY
          JUSTIFIED IN REFUSING TO PRODUCE THE REQUESTED
          DOCUMENTS, PLAINTIFF IS ENTITLED TO AN AWARD OF
          EXPENSES FOR BRININGING THIS MOTION, INCLUDING
          REASONABLE ATTORNEY FEES.................................................23

IV.  CONCLUSION...................................................................................23

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

## CASE LAW

*Kelly v. City of San Jose*,
114 F.R.D. 653 (N.D. Cal. 1987)..................................................................5


*Wm. T. Thompson Co. v. General Nutrition Corp., Inc.*,
671 F.2d 100, 104 (3rd Cir. 1982)...............................................................5

## FEDERAL STATUTES

42 U.S.C. § 1983.................................................................................1, 3

## FEDERAL RULES OF CIVIL PROCEDURE

Rule 26(b)(1)...........................................................................................4

Rule 34...................................................................................................4

Rule 37(a)...............................................................................................5

Rule 37(a)(3)(B)(iv).................................................................................5

Rule 37(a)(5)...........................................................................................23

## STATE STATUTES

Cal. Penal Code § 148(a)(1).....................................................................3

Cal. Penal Code § 243 (b).........................................................................3

Penal Code § 415(2)................................................................................3

## SECONDARY SOURCES

The Rutter Group, Federal Civil Procedure Before Trial (2008), Ch. 11:647..................5

## I.    INTRODUCTION

This is a civil rights case brought under 42 U.S.C. § 1983 and under California state law, arising from arrest of plaintiff Michael Galati on July 11, 2006.  On that day, defendant deputies Salvador Zuno and Victor Lopez unlawfully arrested and used excessive force against Mr. Galati, causing him bodily injuries, emotional distress, and twenty days in jail.  To learn more this incident and other instances of misconduct involving the deputy defendants, plaintiff propounded formal requests for production of documents.  For several of these requests, defendants simply responded, "Defendants will not produce these documents, to the extent that they exist, without a court order."  Plaintiff now moves this Court for such an order, and an award of expenses for bringing this unnecessary motion.

## II.    FACTUAL BACKGROUND

Plaintiff Michael Galati filed this lawsuit August 6, 2007, naming as defendants the County of San Mateo, Greg Munks, Don Horsley, Salvador Lopez, and Victor Zuno.  A true and correct copy of the Complaint is attached as Exhibit A to the Declaration of Leon V. Roubinian in Support of Plaintiff's Motion to Compel Production of Documents ("Roubinian Dec").   Plaintiff alleges that on July 11, 2006, he arrived at the Caltrain station in San Mateo, California, at approximately 2:00 pm to take the train to San Francisco. Complaint, ¶ 18.  After Mr. Galati boarded the first train, he was instructed to leave that train for allegedly crossing a yellow line with his bicycle.  *Id.* He then waited for approximately 30 minutes for the next train to arrive, during which time he was never approached by any other Caltrain employees or asked to leave the station.  *Id.* When the next train arrived, the conductor would not allow Mr. Galati to board the train.  Complaint, ¶ 19.

After Mr. Galati had stepped away from the train, he noticed an individual who he believes to be Deputy Lopez aggressively charging toward him.  See Roubinian Dec at Exhibit B, Declaration of Michael Galati in Opposition to Motion for Summary Judgment ("Galati Dec") at

¶¶ 9-10.  Defendant Lopez was no more than 6 steps away from Mr. Galati when Mr. Galati first noticed him, and approximately 2-3 steps away from Mr. Galati when he first yelled at Mr. Galati to "sit down."  Galati Dec, ¶ 10.  Almost simultaneously with this command, Deputy Zuno grabbed Mr. Galati from behind, suddenly and without any warning putting him in a bear hug. This security footage is attached as Exhibit C to Roubinian Dec, and is included in the courtesy printed version of that declaration.

On pg. 5 of the Incident Report, a true and correct copy of which is attached as Exhibit D to Roubinian Dec, the Report states that Deputy Lopez verbally ordered Mr. Galati to "step back" and that Mr. Galati replied with expletives.  This is false, as it was a matter of seconds between the time the deputies appeared on the scene and the time they seized Mr. Galati.  Furthermore, Mr. Galati was already away from both the train and any conductors.  There was nothing to step back from and therefore they had no reason to instruct Mr. Galati to step back.  Exhibt B, Galati Dec, ¶ 12.

The Incident Report then follows, "Deputy Lopez reiterated his command and motioned for Mr. Galati to step away from the train crew."  This is yet another falsehood, as the there was no such deliberate exchange, or even time for such a deliberate exchange.  Galati Dec, ¶ 13.

Contrary to the statements of the arresting deputies, at no time during this incident did Mr. Galati ever swing his bike at either deputy, as he never even had the opportunity to do so.  Galati Dec at ¶ 14.  Although it is not even mentioned in the Incident Report, neither did Mr. Galati ever pin his bicycle on top of a deputy.  This is yet another fabrication.  Galati Dec, ¶ 15.

After Deputy Zuno put Mr. Galati in a "bear hug" without warning, he swung Mr. Galati around toward a bench.  Shortly after, Mr. Galati had no choice but to drop his bicycle to the side.  Mr. Galati was not resisting at any point, and was completely overpowered by the two deputies. The deputies seized Mr. Galati with speed, force and domination.  Galati Dec, ¶ 15; Exh. A

Complaint, ¶ 20.  After approximately seven to ten seconds of being swung around in a "bear hug", Mr. Galati was able to come to a knee so as to avoid landing on top of Deputy Lopez.

Deputy Lopez then came behind Mr. Galati and handcuffed him.  Exh. B Galati Dec, ¶ 18. While Mr. Galati was being handcuffed and his hands were behind his back, Deputy Zuno came around and forcefully kicked him twice in ribs, striking Mr. Galati with the tip of his boot.  Galati Dec, ¶ 19; Exh. A Complaint, ¶ 20.  Deputy Zuno then told Mr. Galati in a taunting manner, "You're going to jail."  Exh. B Galati Dec, ¶ 20; Exh. A Complaint ¶ 20.  Mr. Galati's ribs were in severe pain following this incident, with the pain continuing until his release from jail on July 31, 2006.  Exh. B Galati Dec, ¶ 21.

Mr. Galati was taken to jail that afternoon and arrived there at approximately 3:10 p.m. Galati Dec, ¶ 22.  After two days in jail, Mr. Galati appeared at a felony arraignment on July 13, 2006.  Exh. E Docket Sheet at pg. 1.  As a result of the false information provided by Deputies Zuno and Lopez, Mr. Galati was charged with assault with a deadly weapon (his bicycle), misdemeanor resisting arrest, delaying or obstructing an officer arrest (Cal. Penal Code § 148(a)(1)), and misdemeanor battery against an officer (Cal. Penal Code § 243 (b)).  Based on these charges, bail was set at $50,000.  Docket Sheet at pg. 5; Exh. A Complaint, ¶¶ 22, 24.  Mr. Galati did not have the financial means to post such a high bail.  Exh. B, Galati Dec, ¶ 27.

After Mr. Galati spent two weeks in jail, the district attorney on July 25, 2006 dropped the felony assault charge.  Exh. E Docket Sheet at pg. 6.  Bail was accordingly reduced to $5,000, which Mr. Galati posted on July 31, 2006.  *Id.* at pg. 7.  On August 3, 2006, the district attorney dropped the remaining misdemeanor charges in exchange for Mr. Galati's pleading guilty to an infraction of disturbing the peace (Penal Code § 415(2) *Id.* at pgs. 8-9.

Plaintiff's Complaint brought causes of action for 42 U.S.C. section 1983 violations, as well as state law causes of action for, *inter alia*, assault, battery, false arrest and imprisonment,

negligence, malicious prosecution, intentional infliction of emotional distress, and negligent hiring, training, supervision, and discipline. Plaintiff initiated document discovery by serving on each of the five defendants an identical Request for Production of Documents. Attached as Exhibit F to Roubinian Dec is a true and correct copy of *Plaintiff's Request for Production of Documents to Defendant County of San Mateo*, served on March 4, 2008. As set forth in greater detail below, plaintiff seeks information that will shed light on this incident and other instances of misconduct involving the deputy defendants, such as complaints from the public and records of discipline. Defendants responded to several of these requests as follows: "Defendants will not produce these documents, to the extent that they exist, without a court order." Attached as Exhibit G to Roubinian Dec is a true and correct copy of defendants' responses. In an effort to meet and confer about these incomplete responses, Plaintiff sent defense counsel an email on April 10, 2008. Defense counsel immediately reiterated his clients' refusal to produce the requested documents without a court order. A true and correct copy of the email exchange is attached as Exhibit F to Roubinian Dec. Defense counsel maintained this position on April 14, 2008, during a in-person conversation about this matter. The discovery cut-off for this case is June 11, 2008.

### III.    ARGUMENT

I.    STANDARDS GOVERNING REQUESTS FOR PRODUCTION

Each party generally has the right to discover "any non-privileged matter that is relevant to any party's claim or defense. Federal Rules of Civil Procedure, Rule 26(b)(1). In addition, for good cause, the court may permit discovery of information "relevant to the subject matter involved in the action." *Id*. Pursuant to F.R.C.P. Rule 34, a party may serve on any other party a request to produce documents within the scope of permissible discovery. The party to whom a Rule 34 request is made is under a duty to respond in writing within thirty days of service of the request.

When an action in federal court brings both federal and state law causes of action, federal

1  law determines issues concerning privilege. *See Wm. T. Thompson Co. v. General Nutrition*

2  *Corp., Inc.*, 671 F.2d 100, 104 (3rd Cir. 1982); *see also* The Rutter Group, Federal Civil Procedure

3  Before Trial (2008), Ch. 11:647 ("It would be 'unworkable' to hold information privileged for one

4
5  set of claims and not the other"). Under federal case law, *Kelly v. San Jose* provides the detailed

6  procedure by which defendants may raise a privilege with respect to the law enforcement records

7  seek. *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987). Where, as here, defendants

8  have failed to properly assert a privilege or make another objection within the thirty-day time

9  period permitted, any privileges or objections are waived.

10
11  When a responding party refuses to produce document within the scope of discovery, the

12  requesting party may move to compel pursuant to F.R.C.P. Rule 37(a)(3)(B)(iv). If a motion to

13  compel responses is granted, the court usually awards expenses, including attorney fees, against

14  the losing party unless it finds such party made or opposed the motion with substantial

15  justification. F.R.C.P. Rule 37(a). Where, as here, the responding party has no justification for

16  refusing to produce the requested documents, a court must grant the requesting party an award of

17  expenses for bringing the motion.

18
19  II.    STATEMENT OF ITEMS IN DISPUTE

20  Pursuant to Local Rule 37-2, plaintiff sets forth below each disputed request, the responses

21  thereto, and the basis for plaintiff's contention that he is entitled to the requested discovery:

22  **REQUEST FOR PRODUCTION NO. 1:**

23  ALL DOCUMENTS constituting, reflecting or referring to ALL complaints filed by ALL persons

24  with the San Mateo County Sheriff's Office, its agents, agencies, affiliates, and/or departments

25  against defendant Salvador Zuno for acts indicating OR constituting dishonesty, false arrest, illegal

26  search AND seizure, AND the fabrication of charges and/or evidence.

27
28

---

5

**RESPONSE**

Defendants will not produce these documents, to the extent that they exist, without a court order.

**REASONS WHY THE COURT MUST ORDER PRODUCTION**

1. Defendants do not assert any timely objections. They simply invite plaintiff to file a motion to compel.

2. Public complaints concerning dishonesty, false arrest, illegal search and seizure, and the fabrication of charges and/or evidence on the part of Deputy Zuno are directly relevant to the subject matter of plaintiff's Complaint, as they are the very acts of wrongdoing plaintiff alleges in his complaint.

3. This information is directly relevant to plaintiff's fourteenth cause of action, which alleges that plaintiff's injuries were a proximate result of the negligent hiring, training, supervision, and discipline of the deputy defendants. Public complaints concerning other incidents will tend to demonstrate a pattern and practice of the conduct described in the request.

4. Plaintiff Michael Galati contests the facts set forth in the Incident Report, namely that he swung a bicycle at Deputy Lopez. As such, Deputy Zuno's propensity to lie or tell the truth is at issue.

5. If Deputy Zuno has been subject to previous complaints as described in this request, he will have and does have an economic motive to fabricate or lie – to avoid discipline and its concomitant loss of wages, benefits, or even future promotions and advancements.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS constituting, reflecting or referring to ALL complaints filed by ALL persons with the San Mateo County Sheriff's Office, its agents, agencies, affiliates, and/or departments against defendant Victor Lopez for acts indicating OR constituting dishonesty, false arrest, illegal search AND seizure, AND the fabrication of charges and/or evidence.

**RESPONSE**

Defendants will not produce these documents, to the extent that they exist, without a court order.

**REASONS WHY THE COURT MUST ORDER PRODUCTION**

1. Defendants do not assert any timely objections. They simply invite plaintiff to file a motion to compel.

2. Public complaints concerning dishonesty, false arrest, illegal search and seizure, and the fabrication of charges and/or evidence on the part of Deputy Lopez are directly relevant to the subject matter of plaintiff's Complaint, as they are the very acts of wrongdoing plaintiff alleges in his complaint.

3. This information is directly relevant to plaintiff's fourteenth cause of action, which alleges that plaintiff's injuries were a proximate result of the negligent hiring, training, supervision, and discipline of the deputy defendants. Public complaints concerning other incidents will tend to demonstrate a pattern and practice of the conduct described in the request.

4. Plaintiff Michael Galati contests the facts set forth in the Incident Report, namely that he swung a bicycle at Deputy Lopez. As such, Deputy Lopez's propensity to lie or tell the truth is at issue.

5. If Deputy Lopez has been subject to previous complaints as described in this request, he will have and does have an economic motive to fabricate or lie – to avoid discipline and its concomitant loss of wages, benefits, or even future promotions and advancements.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS constituting, reflecting OR referring to ALL complaints filed by ALL persons with the San Mateo County Sheriff's Office, its agents, agencies, affiliates, and/or departments against defendant Salvador Zuno for any acts involving morally lax character.

**RESPONSE**

Defendants will not produce these documents, to the extent that they exist, without a court order.

**REASONS WHY THE COURT MUST ORDER PRODUCTION**

1. Defendants do not assert any timely objections. They simply invite plaintiff to file a motion to compel.

2. Public complaints concerning morally lax behavior on the part of Deputy Zuno are directly relevant to the subject matter of plaintiff's Complaint, as the Complaint alleges that Deputy Zuno fabricated charges against plaintiff and that the incident report contained numerous fabrications.

3. This information is directly relevant to plaintiff's fourteenth cause of action, which alleges that plaintiff's injuries were a proximate result of the negligent hiring, training, supervision, and discipline of the deputy defendants. Public complaints in other incidents will tend to demonstrate a pattern and practice of the conduct described in the request.

4. If Deputy Zuno has been subject to previous complaints as described in this request, he will have and does have an economic motive to fabricate or lie – to avoid discipline and its concomitant loss of wages, benefits, or even future promotions and advancements.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS constituting, reflecting OR referring to ALL complaints filed by ALL persons with the San Mateo County Sheriff's Office, its agents, agencies, affiliates, and/or departments against defendant Victor Lopez for any acts involving morally lax character.

**RESPONSE**

Defendants will not produce these documents, to the extent that they exist, without a court order.

**REASONS WHY THE COURT MUST ORDER PRODUCTION**

1. Defendants do not assert any timely objections. They simply invite plaintiff to file a

motion to compel.

2. Public complaints concerning morally lax behavior on the part of Deputy Lopez are directly relevant to the subject matter of plaintiff's Complaint, as the Complaint alleges that Deputy Lopez fabricated charges against him and that the incident report contained numerous fabrications.

3. This information is directly relevant to plaintiff's fourteenth cause of action, which alleges that plaintiff's injuries were a proximate result of the negligent hiring, training, supervision, and discipline of the deputy defendants. Public complaints in other incidents will tend to demonstrate a pattern and practice of the conduct described in the request.

4. If Deputy Lopez has been subject to previous complaints as described in this request, he will have and does have an economic motive to fabricate or lie – to avoid discipline and its concomitant loss of wages, benefits, or even future promotions and advancements.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS constituting, reflecting OR referring to ALL complaints filed by ALL persons with the San Mateo County Sheriff's Office, its agents, agencies, affiliates, and/or departments against defendant Salvador Zuno for acts of aggressive behavior, acts of violence and/or attempted violence, AND acts of excessive force and/or attempted excessive force

**RESPONSE**

Defendants will not produce these documents, to the extent that they exist, without a court order.

**REASONS WHY THE COURT MUST ORDER PRODUCTION**

1. Defendants do not assert any timely objections. They simply invite plaintiff to file a motion to compel.

2. Public complaints concerning acts of aggressive behavior and/or excessive force on the part of Deputy Zuno are directly relevant to the subject matter of plaintiff's Complaint, as they are

the very acts of wrongdoing plaintiff alleges in his complaint.

3. This information is directly relevant to plaintiff's fourteenth cause of action, which alleges that plaintiff's injuries were a proximate result of the negligent hiring, training, supervision, and discipline of the deputy defendants. Public complaints in other incidents will tend to demonstrate a pattern and practice of the conduct described in the request.

4. If Deputy Zuno has been subject to previous complaints as described in this request, he will have and does have an economic motive to fabricate or lie – to avoid discipline and its concomitant loss of wages, benefits, or even future promotions and advancements.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS constituting, reflecting OR referring to ALL complaints filed by ALL persons with the San Mateo County Sheriff's Office, its agents, agencies, affiliates, and/or departments against defendant Victor Lopez for acts of aggressive behavior, acts of violence and/or attempted violence, AND acts of excessive force and/or attempted excessive force

**RESPONSE**

Defendants will not produce these documents, to the extent that they exist, without a court order.

**REASONS WHY THE COURT MUST ORDER PRODUCTION**

1. Defendants do not assert any timely objections. They simply invite plaintiff to file a motion to compel.

2. Public complaints concerning acts of aggressive behavior and/or excessive force on the part of Deputy Lopez are directly relevant to the subject matter of plaintiff's Complaint, as they are the very acts of wrongdoing plaintiff alleges in his complaint.

3. This information is directly relevant to plaintiff's fourteenth cause of action, which alleges that plaintiff's injuries were a proximate result of the negligent hiring, training, supervision, and discipline of the deputy defendants. Public complaints in other incidents will

tend to demonstrate a pattern and practice of the conduct described in the request.

4. If Deputy Lopez has been subject to previous complaints as described in this request, he will have and does have an economic motive to fabricate or lie – to avoid discipline and its concomitant loss of wages, benefits, or even future promotions and advancements.

**REQUEST FOR PRODUCTION NO. 7:**

ALL statements, written or oral, by ALL persons who have brought complaints as described in Requests 1, 2, 3, 4, 5, and 6 above against defendant Salvador Zuno.

**RESPONSE**

Defendants will not produce these documents, to the extent that they exist, without a court order.

**REASONS WHY THE COURT MUST ORDER PRODUCTION**

1. Defendants do not assert any timely objections. They simply invite plaintiff to file a motion to compel.

2. Statements concerning dishonesty, false arrest, illegal search and seizure, the fabrication of charges and/or evidence, morally lax character, acts of aggression, and use of excessive force on the part of Deputy Zuno are directly relevant to the subject matter of plaintiff's Complaint, as they are the very acts of wrongdoing plaintiff alleges in his complaint.

3. This information is directly relevant to plaintiff's fourteenth cause of action, which alleges that plaintiff's injuries were a proximate result of the negligent hiring, training, supervision, and discipline of the deputy defendants. Statements from other incidents will tend to demonstrate a pattern and practice of the conduct described in the request.

4. Plaintiff Michael Galati contests the facts set forth in the Incident Report, namely that he swung a bicycle at Deputy Lopez. As such, Deputy Zuno's propensity to lie or tell the truth is at issue.

5. If Deputy Zuno has been subject to previous complaints as described in this request, he

will have and does have an economic motive to fabricate or lie – to avoid discipline and its

concomitant loss of wages, benefits, or even future promotions and advancements.

**REQUEST FOR PRODUCTION NO. 8:**

ALL statements, written or oral, by ALL persons who have brought complaints as described in

Requests 1, 2, 3, 4, 5, and 6 above against defendant Victor Lopez

**RESPONSE**

Defendants will not produce these documents, to the extent that they exist, without a court order.

**REASONS WHY THE COURT MUST ORDER PRODUCTION**

1. Defendants do not assert any timely objections.  They simply invite plaintiff to file a motion to compel.

2. Statements concerning dishonesty, false arrest, illegal search and seizure, the fabrication of charges and/or evidence, morally lax character, acts of aggression, and use of excessive force on the part of Deputy Lopez are directly relevant to the subject matter of plaintiff's Complaint, as they are the very acts of wrongdoing plaintiff alleges in his complaint.

3. This information is directly relevant to plaintiff's fourteenth cause of action, which alleges that plaintiff's injuries were a proximate result of the negligent hiring, training, supervision, and discipline of the deputy defendants.  Statements from other incidents will tend to demonstrate a pattern and practice of the conduct described in the request.

4. Plaintiff Michael Galati contests the facts set forth in the Incident Report, namely that he swung a bicycle at Deputy Lopez.  As such, Deputy Lopez's propensity to lie or tell the truth is at issue.

5. If Deputy Lopez has been subject to previous complaints as described in this request, he will have and does have an economic motive to fabricate or lie – to avoid discipline and its concomitant loss of wages, benefits, or even future promotions and advancements.

**REQUEST FOR PRODUCTION NO. 9:**

ALL documents reflecting or referring to the names, addresses and telephone number of ALL

persons who made complaints and/or statements described in Requests 1, 2, 3, 4, 5, 6, 7, and 8

above.

**RESPONSE**

Defendants will not produce these documents, to the extent that they exist, without a court order.

**REASONS WHY THE COURT MUST ORDER PRODUCTION**

     1. Defendants do not assert any timely objections. They simply invite plaintiff to file a

motion to compel.

     2. The documents requested are vitally relevant to plaintiff's efforts to locate witnesses to

other instances of misconduct as described in the requests above.

**REQUEST FOR PRODUCTION NO. 10:**

ALL statements, written or oral, by ALL persons who communicated with the San Mateo County

Sheriff's Office, its agents, agencies, affiliates, departments investigators and/or other personnel as

described in Requests 1, 2, 3, 4, 5, 6, 7, 8, and 9 above.

**RESPONSE**

Defendants will not produce these documents, to the extent that they exist, without a court order.

**REASONS WHY THE COURT MUST ORDER PRODUCTION**

     1. Defendants do not assert any timely objections. They simply invite plaintiff to file a

motion to compel.

     2. Statements concerning dishonesty, false arrest, illegal search and seizure, the fabrication

of charges and/or evidence, morally lax character, acts of aggression, and use of excessive force on

the part of the deputy defendants are directly relevant to the subject matter of plaintiff's

Complaint, as they are the very acts of wrongdoing plaintiff alleges in his complaint.

3. This information is directly relevant to plaintiff's fourteenth cause of action, which alleges that plaintiff's injuries were a proximate result of the negligent hiring, training, supervision, and discipline of the deputy defendants. Statements in connection with other incidents will tend to demonstrate a pattern and practice of the conduct described in the request.

4. Plaintiff Michael Galati contests the facts set forth in the Incident Report, namely that he swung a bicycle at Deputy Lopez. As such, the deputy defendants' propensity to lie or tell the truth is at issue.

5. If the deputy defendants have been subject to previous complaints as described in this request, they will have and do have an economic motive to fabricate or lie – to avoid discipline and its concomitant loss of wages, benefits, or even future promotions and advancements.

**REQUEST FOR PRODUCTION NO. 11:**

ALL tape recordings and/or transcriptions thereof, notes, AND memoranda by investigation personnel of the San Mateo Sheriff's department, its agents, agencies, affiliates, departments, investigators and/or other personnel made concerning complaints AND statements described in Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 above.

**RESPONSE**

Defendants will not produce these documents, to the extent that they exist, without a court order.

**REASONS WHY THE COURT MUST ORDER PRODUCTION**

1. Defendants do not assert any timely objections. They simply invite plaintiff to file a motion to compel.

2. The requested recordings and/or transcriptions thereof, notes, and memoranda by investigation personnel Statements concerning dishonesty, false arrest, illegal search and seizure, the fabrication of charges and/or evidence, morally lax character, acts of aggression, and use of excessive force on the part of the deputy defendants are directly relevant to the subject matter of

plaintiff's Complaint, as they are the very acts of wrongdoing plaintiff alleges in his complaint.

3. This information is directly relevant to plaintiff's fourteenth cause of action, which alleges that plaintiff's injuries were a proximate result of the negligent hiring, training, supervision, and discipline of the deputy defendants. Recordings and/or transcriptions thereof, notes, and memoranda from other incidents will tend to demonstrate a pattern and practice of the conduct described in the request.

4. Plaintiff Michael Galati contests the facts set forth in the Incident Report, namely that he swung a bicycle at Deputy Lopez. As such, the defendant deputies' propensity to lie or tell the truth is at issue.

5. If the deputy defendants had been subject to previous complaints as described in this request, they will have and do have an economic motive to fabricate or lie – to avoid discipline and its concomitant loss of wages, benefits, or even future promotions and advancements.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS maintained by the San Mateo County Sheriff's Office concerning statements AND opinions, including, but not limited to, findings, letters, formal reports, and oral conversations made by superior deputies and/or fellow deputies, regarding Salavador Zuno, which pertain to acts indicating on constituting dishonesty, false arrest, illegal search and seizure, the fabrication of charges and/or evidence, AND any act demonstrating morally lax character.

**RESPONSE**

Defendants will not produce these documents, to the extent that they exist, without a court order.

**REASONS WHY THE COURT MUST ORDER PRODUCTION**

1. Defendants do not assert any timely objections. They simply invite plaintiff to file a motion to compel.

2. The requested documents concerning dishonesty, false arrest, illegal search and seizure,

the fabrication of charges and/or evidence, and acts demonstrating morally lax character on the part of Deputy Zuno are directly relevant to the subject matter of plaintiff's Complaint, as they are the very acts of wrongdoing plaintiff alleges in his complaint.

3. This information is directly relevant to plaintiff's fourteenth cause of action, which alleges that plaintiff's injuries were a proximate result of the negligent hiring, training, supervision, and discipline of the deputy defendants. Reports concerning plaintiff's incident and other incidents will tend to demonstrate a pattern and practice of the conduct described in the request.

4. Plaintiff Michael Galati contests the facts set forth in the Incident Report, namely that he swung a bicycle at Deputy Lopez. As such, Deputy Zuno's propensity to lie or tell the truth is at issue.

5. If Deputy Zuno has been subject to previous complaints as described in this request, he will have and does have an economic motive to fabricate or lie – to avoid discipline and its concomitant loss of wages, benefits, or even future promotions and advancements.

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS maintained by the San Mateo County Sheriff's Office concerning statements AND opinions, including, but not limited to, findings, letters, formal reports, and oral conversations made be superior deputies and/or fellow deputies, regarding Victor Lopez, which pertain to acts indicating on constituting dishonesty, false arrest, illegal search and seizure, the fabrication of charges and/or evidence, AND any act demonstrating morally lax character.

**RESPONSE**

Defendants will not produce these documents, to the extent that they exist, without a court order.

**REASONS WHY THE COURT MUST ORDER PRODUCTION**

1. Defendants do not assert any timely objections. They simply invite plaintiff to file a

motion to compel.

2. The requested documents concerning dishonesty, false arrest, illegal search and seizure, the fabrication of charges and/or evidence, and acts demonstrating morally lax character on the part of Deputy Lopez are directly relevant to the subject matter of plaintiff's Complaint, as they are the very acts of wrongdoing plaintiff alleges in his complaint.

3. This information is directly relevant to plaintiff's fourteenth cause of action, which alleges that plaintiff's injuries were a proximate result of the negligent hiring, training, supervision, and discipline of the deputy defendants. Reports concerning plaintiff's incident and other incidents will tend to demonstrate a pattern and practice of the conduct described in the request.

4. Plaintiff Michael Galati contests the facts set forth in the Incident Report, namely that he swung a bicycle at Deputy Lopez. As such, Deputy Lopez's propensity to lie or tell the truth is at issue.

5. If Deputy Lopez has been subject to previous complaints as described in this request, he will have and does have an economic motive to fabricate or lie – to avoid discipline and its concomitant loss of wages, benefits, or even future promotions and advancements.

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS maintained by the San Mateo County Sheriff's Office concerning statements and opinions, including, but not limited to, findings, letters, formal reports, and oral conversations made by superior deputies and/or fellow deputies, regarding Salvador Zuno, which pertain to acts of aggressive behavior, acts of violence and/or attempted violence, AND acts of excessive force and/or attempted excessive force.

**RESPONSE**

Defendants will not produce these documents, to the extent that they exist, without a court order.

**REASONS WHY THE COURT MUST ORDER PRODUCTION**

1. Defendants do not assert any timely objections. They simply invite plaintiff to file a motion to compel.

2. The requested documents concerning aggressive behavior and use of excessive force on the part of Deputy Zuno are directly relevant to the subject matter of plaintiff's Complaint, as they are the very acts of wrongdoing plaintiff alleges in his complaint.

3. This information is directly relevant to plaintiff's fourteenth cause of action, which alleges that plaintiff's injuries were a proximate result of the negligent hiring, training, supervision, and discipline of the deputy defendants. Reports concerning plaintiff's incident and other incidents will tend to demonstrate a pattern and practice of the conduct described in the request.

4. If Deputy Zuno has been subject to findings as described in this request, he will have and does have an economic motive to fabricate or lie – to avoid discipline and its concomitant loss of wages, benefits, or even future promotions and advancements.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS maintained by the San Mateo County Sheriff's Office concerning statements and opinions, including, but not limited to, findings, letters, formal reports, and oral conversations made by superior deputies and/or fellow deputies, regarding Victor Lopez, which pertain to acts of aggressive behavior, acts of violence and/or attempted violence, AND acts of excessive force and/or attempted excessive force.

**RESPONSE**

Defendants will not produce these documents, to the extent that they exist, without a court order.

**REASONS WHY THE COURT MUST ORDER PRODUCTION**

1. Defendants do not assert any timely objections. They simply invite plaintiff to file a

motion to compel.

2. The requested documents concerning aggressive behavior and use of excessive force on the part of Deputy Lopez are directly relevant to the subject matter of plaintiff's Complaint, as they are the very acts of wrongdoing plaintiff alleges in his complaint.

3. This information is directly relevant to plaintiff's fourteenth cause of action, which alleges that plaintiff's injuries were a proximate result of the negligent hiring, training, supervision, and discipline of the deputy defendants. Reports concerning plaintiff's incident and other incidents will tend to demonstrate a pattern and practice of conduct described in the request.

4. If Deputy Lopez has been subject to findings as described in this request, he will have and does have an economic motive to fabricate or lie – to avoid discipline and its concomitant loss of wages, benefits, or even future promotions and advancements.

**REQUEST FOR PRODUCTION NO. 17:**

ALL records of discipline imposed by the San Mateo County's Sheriff's Office on Salvador Zuno for the conduct specified in Request Nos. 14 and 16, above.

**RESPONSE**

Defendants will not produce these documents, to the extent that they exist, without a court order.

**REASONS WHY THE COURT MUST ORDER PRODUCTION**

1. Defendants do not assert any timely objections. They simply invite plaintiff to file a motion to compel.

2. The requested disciplinary records the very acts of wrongdoing plaintiff alleges in his complaint.

3. This information is directly relevant to plaintiff's fourteenth cause of action, which alleges that plaintiff's injuries were a proximate result of the negligent hiring, training, supervision, and discipline of the deputy defendants. The disciplinary records sought will tend to

demonstrate a pattern and practice of the conduct described in the request.

    4. Plaintiff Michael Galati contests the facts set forth in the Incident Report, namely that he swung a bicycle at Deputy Lopez. As such, Deputy Zuno's propensity to lie, as set forth in disciplinary records, is at issue.

    5. If Deputy Zuno has been subject to previous discipline, he will have and does have an economic motive to fabricate or lie – to avoid discipline and its concomitant loss of wages, benefits, or even future promotions and advancements.

**REQUEST FOR PRODUCTION NO. 18:**

ALL records of discipline imposed by the San Mateo County's Sheriff's Office on Victor Lopez for the conduct specified in Request Nos. 15 and 17, above.

**RESPONSE**

Defendants will not produce these documents, to the extent that they exist, without a court order.

**REASONS WHY THE COURT MUST ORDER PRODUCTION**

    1. Defendants do not assert any timely objections. They simply invite plaintiff to file a motion to compel.

    2. The requested disciplinary records concern the very acts of wrongdoing plaintiff alleges in his complaint.

    3. This information is directly relevant to plaintiff's fourteenth cause of action, which alleges that plaintiff's injuries were a proximate result of the negligent hiring, training, supervision, and discipline of the deputy defendants. The disciplinary records sought will tend to demonstrate a pattern and practice of the conduct described in the request.

    4. Plaintiff Michael Galati contests the facts set forth in the Incident Report, namely that he swung a bicycle at Deputy Lopez. As such, Deputy Lopez's propensity to lie, as set forth in disciplinary records, is at issue.

5. If Deputy Lopez has been subject to previous discipline, he will have and does have an economic motive to fabricate or lie – to avoid discipline and its concomitant loss of wages, benefits, or even future promotions and advancements.

**REQUEST FOR PRODUCTION NO. 32:**

ALL civil complaints that have been filed in any civil court against Salvador Zuno that allegedly resulted from his activities while acting in his capacity as a law enforcement officer.

**RESPONSE**

Defendants will not produce these documents, to the extent that they exist, without a court order.

**REASONS WHY THE COURT MUST ORDER PRODUCTION**

1. Defendants do not assert any timely objections. They simply invite plaintiff to file a motion to compel.

2. The requested civil complaints regarding Deputy Zuno's conduct as a law enforcements officer are directly relevant to the subject matter of plaintiff's Complaint, as they would tend to establish a pattern and practice of misconduct similar to that alleged in the Complaint. As such, this information is also directly relevant to plaintiff's fourteenth cause of action, which alleges that plaintiff's injuries were a proximate result of the negligent hiring, training, supervision, and discipline of the deputy defendants.

3. If Deputy Zuno has been subject to previous civil complaints, he will have and does have an economic motive to fabricate or lie – to avoid discipline and its concomitant loss of wages, benefits, or even future promotions and advancements.

**REQUEST FOR PRODUCTION NO. 33:**

ALL civil complaints that have been filed in any civil court against Victor Lopez that allegedly resulted from his activities while acting in his capacity as a law enforcement officer.

**RESPONSE**

Defendants will not produce these documents, to the extent that they exist, without a court order.

**REASONS WHY THE COURT MUST ORDER PRODUCTION**

     1.  Defendants do not assert any timely objections.  They simply invite plaintiff to file a motion to compel.

     2.  The requested civil complaints regarding Deputy Lopez's conduct as a law enforcements officer are directly relevant to the subject matter of plaintiff's Complaint, as they would tend to establish a pattern and practice of misconduct similar to that alleged in the Complaint.  As such, this information is also directly relevant to plaintiff's fourteenth cause of action, which alleges that plaintiff's injuries were a proximate result of the negligent hiring, training, supervision, and discipline of the deputy defendants.

     3.  If Deputy Lopez has been subject to previous civil complaints, he will have and does have an economic motive to fabricate or lie – to avoid discipline and its concomitant loss of wages, benefits, or even future promotions and advancements.

**REQUEST FOR PRODUCTION NO. 45:**

ALL DOCUMENTS evidencing AND reflecting the incidence of excessive force concerning the San Mateo County Sheriff's Office AND its deputies.

**RESPONSE**

Defendants will not produce these documents, to the extent that they exist, without a court order.

**REASONS WHY THE COURT MUST ORDER PRODUCTION**

     1.  Defendants do not assert any timely objections.  They simply invite plaintiff to file a motion to compel.

     2.  This information is directly relevant to plaintiff's fourteenth cause of action, which alleges that plaintiff's injuries were a proximate result of the negligent hiring, training, supervision, and discipline of the deputy defendants.  The disciplinary records sought will tend to

1   demonstrate a pattern and practice of the conduct described in the request.

2   III.    BECAUSE DEFENDANTS ARE NOT SUBSTANTIALLY JUSTIFIED IN REFUSING
3           TO PRODUCE THE REQUESTED DOCUMENTS, PLAINTIFF IS ENTITLED TO AN
            AWARD OF EXPENSES FOR BRININGING THIS MOTION, INCLUDING
4           REASONABLE ATTORNEY FEES

5           The party who prevails on a motion to compel is entitled to his or her expenses, including

6   reasonable attorney fees, unless the losing party was substantially justified in its position. F.R.C.P.
7
    37(a)(5). Here, defendants have no justification in refusing to produce the requested documents.
8
9   Indeed, they do not even bother to make objections. Rather, they simply state, "Go get a court

10  order." This is a patent abuse of the discovery process and a total waste of judicial time.

11  Moreover, as the discovery cut-off in this case is June 11, 2008, defendants' conduct prejudices
12
    plaintiff's ability to conduct formal discovery with the benefit of the requested documents,
13
14  including the depositions of the defendant deputies. In sum, this Court must award plaintiff

15  reasonable expenses of $2,000 for the cost of bringing this motion. Roubinian Dec at ¶ 12.

16                          **IV.    CONCLUSION**

17          For the foregoing reasons, this Court must enter an order compelling production of the

18  documents in Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 32, 33, and 45 of
19
    Plaintiff's Request for Production of Documents, Set One, to each of the five defendants. The
20
21  Court must further Order that the five defendants and their attorney, San Mateo County Counsel,

22  are jointly and severally obligated to pay plaintiff $2,000 in expenses for the cost of bringing this

23  motion.

24                                      Respectfully submitted,

25                                      MEIS & ASSOCIATES
26
    DATED:   April 24, 2008        BY:
27                                      LEON V. ROUBINIAN, Esq.
                                        Attorneys for Plaintiff
28                                      MICHAEL GALATI