1 | FRED G. MEIS, ESQ., STATE BAR NO. 030712
LEON V. ROUBINIAN, ESQ., STATE BAR NO. 226893
2 | MEIS & ASSOCIATES
100 Bush Street, Suite 1800
3 | San Francisco, CA  94104-3920
Telephone:  (415) 981-4612
4 | Facsimile:  (415) 398-5060
Email:  fredgmeis@hotmail.com
5 |

6 | Attorneys for Plaintiff MICHAEL GALATI

7 |

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 |

11 |

12 |

13 | MICHAEL GALATI,                         )    Case No. CV 07 4035 CW
                                        )
14 |              Plaintiff,              )
                                        )
15 |     v.                              )    **DECLARATION OF LEON V.**
                                        )    **ROUBINIAN IN SUPPORT OF**
16 |                                     )    **PLAINTIFF MICHAEL GALATI'S**
COUNTY OF SAN MATEO; SAN                )    **MOTION TO COMPEL PRODUCTION**
17 | MATEO COUNTY SHERIFF'S               )    **OF DOCUMENTS**
DEPARTMENT; GREG MUNKS                  )
18 | individually and in his official capacities  )    **DISCOVERY MATTER**
as sheriff for the COUNTY OF SAN        )
19 | MATEO; DON HORSLEY individually      )
and in his former official capacities as  )    Date:   TBD
20 | sheriff for the COUNTY OF SAN        )    Time:   TBD
MATEO; SALVADOR ZUNO                    )    Dept.:  TBD
21 | individually and in his official capacities  )    Judge:  Hon. Claudia Wilken
as a sheriff's deputy for the COUNTY    )
22 | OF SAN MATEO; VICTOR LOPEZ           )
individually and in his official capacities  )
23 | as a sheriff's deputy for the COUNTY  )
OF SAN MATEO and DOES 1  to 100         )
24 | Inclusive,                           )
                                        )
25 |                                     )
              Defendants.               )
26 |                                     )
                                        )
27 |                                     )

28 |

I, Leon V, Roubinian, declare:

1. I am an attorney at law duly licensed to practice before all courts of the State of California, and an associate with the Law Offices of Meis & Associates, the attorneys of record for plaintiff in the above-captioned action.

2. Attached as Exhibit A is a true and correct copy of the Complaint filed in these proceedings on August 6, 2007.

3. Attached as Exhibit B is a true and correct copy of the "Declaration of Plaintiff Michael Galati in Opposition to Defendants' Motion for Summary Judgment."

4. Attached as Exhibit C to the courtesy print copy of this declaration is a copy of the video footage of the July 11, 2006 incident that is the subject of these proceedings. I have viewed this footage with Mr. Galati, who informed that it is a true recording of what happened at the San Mateo CalTrain station on the afternoon of July 11, 2006. In his accompanying Exhibit B declaration, Mr. Galati declares at paragraphs 6, 11, 13, 14, and 16 that the footage is an accurate recording of what transpired.

5. Attached as Exhibit D is a true and correct copy of the "Incident Report" prepared by the San Mateo County Sheriff's Office regarding the July 11, 2006 incident.

6. Attached as Exhibit E is a true and correct copy of the San Mateo County Superior Court docket sheet for plaintiff Michael Galati in connection with his July 11, 2006 arrest.

7. Attached as Exhibit F is a true and correct copy of "Plaintiff's Request for Production of Documents Defendant County of San Mateo, Set One." An identical set of such requests was also served on defendants Greg Munks, Don Horsley, Salvador Zuno, and Victor Lopez.

8. Attached as Exhibit G is a true and correct copy of "Defendants' Response to First Request for Production of Documents."

9. Attached as Exhibit H is a true and correct copy of an email exchange dated April 10,

2008 by which I attempted to meet and confer about defendants' refusal to produce documents without a court order. Defense counsel's response is sidelined.

10. On April 14, 2008, I spoke in person with Eugene Whitlock, Esq., counsel for defendants, about the discovery matter underlying this motion. Mr. Whitlock reiterated his clients' refusal to produce the requested documents without a court order.

11. The discovery cut-off in this case is June 11, 2008.

12. I have spent over eight hours on matters relating to this Motion to Compel Production of Documents. This includes time spent meeting and conferring, as well as preparing all moving papers in support of this motion. I anticipate spending an addition four hours reviewing opposition papers, preparing a reply brief, and attending the hearing. My reasonable hourly rate for this type of work is $250 an hour. Accordingly, plaintiff requests an award of expenses in the amount of $2,000.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:   April 24, 2008

Leon V. Roubinian

# EXHIBIT A

FRED G. MEIS, ESQ., STATE BAR NO. 030712
JOSEPH JAMES POPPEN, ESQ., STATE BAR NO. 239282
TABATHA YIN, ESQ., STATE BAR NO. 246197
ABIGAIL M. MORRIS, ESQ., STATE BAR NO. 223278
MEIS & ASSOCIATES
100 Bush Street, Suite 1800
San Francisco, CA  94104-3920
Telephone:  (415) 981-4612
Facsimile:  (415) 398-5060
Email:  fredgmeis@hotmail.com

Attorneys for Plaintiff MICHAEL GALATI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DISTRICT

C 07 4035

BZ

| | |
|---|---|
| MICHAEL GALATI,<br><br>           Plaintiff,<br><br>v.<br><br>COUNTY OF SAN MATEO; SAN MATEO COUNTY SHERIFF'S DEPARTMENT; GREG MUNKS individually and in his official capacities as sheriff for the COUNTY OF SAN MATEO; DON HORSLEY individually and in his former official capacities as sheriff for the COUNTY OF SAN MATEO; SALVADOR ZUNO individually and in his official capacities as a sheriff's deputy for the COUNTY OF SAN MATEO; VICTOR LOPEZ individually and in his official capacities as a sheriff's deputy for the COUNTY OF SAN MATEO and DOES 1 to 100 Inclusive,<br><br>           Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. § 1983; and pendant state law claims)<br><br>JURY TRIAL DEMANDED |

EXHIBIT A

1

**INTRODUCTION**

1. This case is revolved around the false detention, arrest, assault, battery and malicious prosecution of MICHAEL GALATI, who was at the time of this incident a thirty-eight (38) year-old long time San Mateo County resident.

2. On or about July 11, 2006, San Mateo County sheriff's deputies SALVADOR ZUNO and VICTOR LOPEZ falsely detained, arrested, assaulted and battered Mr. Galati pursuant to an alleged incident involving a blocked train at the San Mateo Caltrain station. Deputies ZUNO and LOPEZ, upon their arrival at the scene, rushed the person of Mr. Galati, physically detaining him and forcing Mr. Galati to the ground without provocation or reason. Deputies ZUNO and LOPEZ detained, assaulted, battered, arrested and caused Mr. Galati to be prosecuted on false charges in violation of his Federal and State constitutional rights.

3. As a result of deputies ZUNO and LOPEZ' malicious and at best reckless conduct, Mr. Galati was forced to remain in jail for twenty (20) days until bail was reduced from $50,000.00 to $5,000.00 at which time Mr. Galati was able to scrape together the required deposit to be released from jail.

4. Further, at the August 3, 2006 Pre-Trial Conference the Court dismissed the remaining charged counts and Mr. Galati voluntarily pled guilty to an infraction for the sole purpose of avoiding further court proceedings and costs. In addition, Mr. Galati was unable to work, endured pain and suffering as well as severe emotional distress due to this incident.

**JURISDICTION**

5. This action arises under 42 U.S.C. §§ 1983, 1985 and 1986. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343 and by California tort law covering false arrest, wrongful imprisonment, assault and battery.

1    6.  Plaintiff is required to comply with an administrative tort claim requirements under

2   California law.  Plaintiff has complied with all applicable government tort claim requirements.

3

4                           **INTRA DISTRICT ASSIGNMENT**

5

6    7.  This action arises out of events and/or omissions which substantially occurred in San

7   Mateo County.  Therefore, the San Francisco District is a proper venue in which to file this action.

8

9                                    **PARTIES**

10

11    8.  Plaintiff MICHAEL GALATI is a competent adult, a resident of San Mateo County,

12   California and a United States citizen.

13    9.  Defendant COUNTY OF SAN MATEO ("COUNTY") is and at all times herein

14   mentioned was a municipal corporation, duly organized and existing under the laws of the State of

15   California.  Under its authority, the COUNTY operates defendant the San Mateo County Sheriff's

16   Department.

17

18    10. Defendant GREG MUNKS ("MUNKS") is currently employed by defendant COUNTY as

19   Sheriff for the COUNTY.  He is being sued individually and in his official capacity as sheriff for

20   the COUNTY.

21    11. Defendant DON HORSLEY ("HORSLEY") was employed by defendant COUNTY as

22   Sheriff for the COUNTY when Plaintiff was wrongfully arrested and incarcerated.  He is being

23   sued individually and in his official capacity as the former sheriff for the COUNTY.

24

25    12. Defendant SALVADOR ZUNO ("ZUNO") is and at all times herein mentioned was

26   employed by defendant COUNTY as a deputy sheriff.  He is being sued individually and in his

27   official capacity as a deputy sheriff for the COUNTY.

28   \\

---

13.  Defendant VICTOR LOPEZ ("LOPEZ") is and at all times herein mentioned was employed by defendant COUNTY as a deputy sheriff.  He is being sued individually and in his official capacity as a deputy sheriff for the COUNTY.

14. Plaintiff is ignorant of the true names and/or capacities of Defendants DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and/or damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, their violation of public policy, assault and false arrest.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiff will seek leave to amend this complaint subject to further discovery.

15. In doing the acts and/or omissions alleged herein, defendants ZUNO, LOPEZ, HORSLEY and MUNKS acted within the course and scope of their employment for the COUNTY.

16. In doing the acts and/or omissions alleged herein, defendants ZUNO, LOPEZ, HORSLEY and MUNKS acted under color of authority and/or under color of law.

17. Due to the acts and/or omissions alleged herein, defendants acted as the agent, servant and employee and/or in concert with each of the said other defendants herein.

\\

\\

\\

\\

**FACTS**

18. On or about July 11, 2006 Plaintiff MICHAEL GALATI arrived at the Caltrain station in San Mateo, California with the intent to take a train to San Francisco for the afternoon. At approximately 2:00 P.M. the train to San Francisco began pulling into the San Mateo CalTrain station. As the train approached, the conductor of the train began to slow the train. The conductor then stuck her head out the window and yelled at Plaintiff for allegedly crossing the marked line with his bicycle. Once the train had pulled into the station, Plaintiff boarded the train, however another CalTrain employee instructed Plaintiff to de-board the train. Plaintiff de-boarded the train without incident so as to wait for the next train which was due to arrive in approximately thirty (30) minutes. As Plaintiff waited for the next train to arrive, he was not approached by any other CalTrain employees or asked to leave the station.

19. At approximately 2:35 P.M. another train heading towards San Francisco pulled into the station. As Plaintiff began to board the train, the conductor of this train would not allow Plaintiff to board the train. As Plaintiff spoke to the conductor about why he was not allowed on the train and how he could get a refund for his ticket, deputies ZUNO and LOPEZ arrived on the scene.

20. When deputies ZUNO and LOPEZ arrived on the scene they immediately, physically assaulted and battered Plaintiff without provocation or resistance. Plaintiff was slammed backwards across the train station platform because of the force by which both deputies physically attacked him. Plaintiff then threw his bicycle aside in order to protect himself and in an attempt to cooperate with the deputies. During the next ten (10) minutes defendant ZUNO proceeded to kick Plaintiff in the ribs and chest while defendant LOPEZ handcuffed Plaintiff and told him that he was going to jail for assault with a deadly weapon and other charges.

\\

\\

21. Plaintiff was then placed in the deputies' squad car and taken to jail where he awaited arraignment on the charges false by deputies ZUNO and LOPEZ. Plaintiff was charged with and prosecuted for four (4) counts, all of which were ultimately dismissed.

22. On or about July 11, 2006 COUNTY sheriff's deputies SALVADOR ZUNO and VICTOR LOPEZ falsely arrested Mr. Michael Galati. Mr. Galati was later charged with assault with a deadly weapon upon deputy ZUNO (Plaintiff's bicycle), resisting arrest and willfully using force upon deputies ZUNO and LOPEZ. Plaintiff was never prosecuted for the alleged incident involving the blocked train at the CalTrain station.

23. No evidence of these charges exists nor did any such evidence ever exist because the charges against Plaintiff were all fabricated by deputies ZUNO and LOPEZ. In fact, evidence directly refuting these charges was discovered at which point the charges were dismissed.

24. Nevertheless, Mr. Galati was taken to jail, charged with the above crimes and remained in jail for twenty (20) days until his preliminary hearing on July 25, 2006 at which time the Court dismissed the charge of assault with a deadly weapon due to insufficient evidence. At that time the Court reduced bail from $50,000.00 to $5,000.00 and set a pre-trial conference for August 3, 2006.

25. Plaintiff remained in jail for six (6) more days until he was able to scrape together the money needed to post bail. Plaintiff posted bail and was released on July 31, 2006.

26. At the August 3, 2006 Pre-Trial Conference the Court dismissed the remaining misdemeanor counts. Plaintiff then pled guilty to an infraction so as to avoid further court appearances and costs. All other counts were dismissed because the minimal evidence that existed clearly showed that none of the charges brought had any basis in fact, but were simply false by defendants ZUNO and LOPEZ. In fact, such evidence showed deputies ZUNO and LOPEZ physically attacking Plaintiff without provocation, reason or resistance. Based upon the

evidence Plaintiff was not acting in an aggressive manner nor was he aware of the deputies presence at the station until they rushed towards him and physically attacked him from the side and behind.

27. Due to the reckless and malicious conduct of deputies ZUNO and LOPEZ, Mr. Galati sustained severe injuries.

28. For example, Mr. Galati was imprisoned for twenty (20) days, was unable to work and suffered extreme emotional distress.

29. Mr. Galati suffered a violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person, a loss of his physical liberty, physical pain and suffering, emotional trauma and suffering, and accompanying financial loss.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

(42 U.S.C. § 1983 – VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

30. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29.

31. Defendants' above-described conduct violated plaintiff's right to be free from unreasonable seizures without probable cause under the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

\\

\\

\\

COMPLAINT FOR DAMAGES

**SECOND CAUSE OF ACTION**

(42 U.S.C. § 1983 – VIOLATION OF FOURTEENTH AMENDMENT)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31.

33. Defendants' above-described conduct violated plaintiff's right to be free from unreasonable seizures and excessive and/or arbitrary force without reasonable or probable cause under the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**

(42 U.S.C. § 1983 – VIOLATION OF CIVIL RIGHT TO LIFE AND LIBERTY)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33.

35. Defendants acted under color of law in subjecting plaintiff to an unreasonable seizure, thereby depriving plaintiff of certain constitutionally protected rights, including, but not limited to:

    a.   The right no to be deprived of life or liberty without due process of law, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    b.   The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and

    c.   The right to be free from pre-conviction punishment as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

\\

36. As a proximate result of the foregoing wrongful acts of defendants, Plaintiff has sustained, and will in the future sustain, pecuniary loss and other compensable injuries.

37. As a further proximate result of the acts of defendants, Plaintiff suffered general damages including pain and suffering.

38. In doing the foregoing wrongful acts, defendants and each of them, acted reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (ASSAULT)

### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38.

40. That the defendants, and each of them, demonstrated an unlawful intent to inflict immediate injury upon plaintiff. They acted with the intent to cause a harmful or offensive contact with plaintiff.

41. That plaintiff became aware of the defendants' actions and was caused and placed in imminent apprehension of physical and emotional harm.

42. That as a direct and proximate result of the defendants' conduct, as alleged herein, plaintiff suffered, fright, shock, pain, suffering, and extreme mental anguish. Accordingly plaintiff has suffered past and future general damages in amounts to be determined by proof at trial.

\\

\\

43. That as a direct and proximate result of the defendants' conduct, plaintiff was not able to work. He has suffered, as a result, past and future special damages in amounts to be determined by proof at trial.

44. That in threatening plaintiff, the individual defendants ZUNO and LOPEZ acted maliciously and oppressively, in willful and conscious disregard for plaintiff's rights and safety and with the sole intent to harm plaintiff. Plaintiff is therefore entitled to punitive or exemplary damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


**FIFTH CAUSE OF ACTION**

(BATTERY)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

45. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44.

46. That the defendants, and each of them, intended to cause and did cause harmful contact with plaintiff's person.

47. That plaintiff did not consent to the defendants' harmful contact.

48. That as a direct and proximate result of the defendants' conduct, as alleged herein, plaintiff suffered fright, shock, pain, suffering, and extreme mental anguish. Accordingly plaintiff has suffered past and future general damages in amounts to be determined by proof at trial.

49. That as a direct and proximate result of the defendants' conduct, plaintiff was unable to work. He has, as a result, suffered past and future special damages in amounts to be determined by proof at trial.

\\

\\

50. That in causing harmful contact with plaintiff, defendants ZUNO and LOPEZ acted maliciously and oppressively, in willful and conscious disregard for plaintiff's rights and safety and with the sole intent to harm plaintiff. Plaintiff is therefore entitled to punitive or exemplary damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


**SIXTH CAUSE OF ACTION**

(VIOLATION OF CALIFORNIA CONSTITUTION ARTICLE 1, § 13)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

51. Plaintiff re-alleges and incorporates by reference paragraphs 1-50.

52. Defendants' above-described conduct violated plaintiff's right to be free from unreasonable seizures without probable cause as guaranteed under Article 1, § 13 of the California Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


**SEVENTH CAUSE OF ACTION**

(DUE PROCESS VIOLATION OF CALIFORNIA CONSTITUTION ARTICLE 1, § 7(a))

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

53. Plaintiff re-alleges and incorporates by reference paragraphs 1-52.

54. Defendants' above-described conduct violated plaintiff's right not to be deprived of life, liberty or property without due process of law as guaranteed under Article 1, Section 7(a) of the California Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

\\

1

**EIGHTH CAUSE OF ACTION**

(EQUAL PROTECTION VIOLATION OF CALIFORNIA CONSTITUTION ARTICLE 1, § 7(a))

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

55. Plaintiff re-alleges and incorporates by reference paragraphs 1-54.

56. Defendants' above-described conduct violated plaintiff's right to equal protection as guaranteed under Article 1, Section 7(a) of the California Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


**NINTH CAUSE OF ACTION**

(VIOLATION OF CALIFORNIA CIVIL CODE § 52.1)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

57. Plaintiff re-alleges and incorporates by reference paragraphs 1-56.

58. Defendants' above described conduct constituted interference and attempted interference with Plaintiff's peaceable exercise and enjoyment of rights secured by the laws of the United States Constitution and the State of California in violation of California Civil Code § 52.1.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

\\

\\

\\

\\

\\

\\

\\

\\

COMPLAINT FOR DAMAGES

## TENTH CAUSE OF ACTION

### (FALSE ARREST AND IMPRISONMENT)

### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

59. Plaintiff re-alleges and incorporates by reference paragraphs 1-58.

60. Defendants and DOES 1 through 100 inclusive, in their individual capacities, and official capacities as employees of the COUNTY, falsely arrested and imprisoned Plaintiff without probable cause.  Plaintiff had not committed the crimes with which he was charged.

61. Defendants ZUNO and LOPEZ and DOES 1 through 100 inclusive, failed to observe proper procedures in falsely arresting and imprisoning Plaintiff without probable cause.  Deputies ZUNO and LOPEZ exceeded the limits of his authority as deputy sheriffs in falsely arresting and imprisoning Plaintiff without probable cause.

62. As a proximate result of Deputy ZUNO and LOPEZ' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION

### (NEGLIGENCE)

### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

63. Plaintiff re-alleges and incorporates by reference paragraphs 1-62.

64. Defendants ZUNO and LOPEZ and DOES 1 through 100 inclusive, in their individual capacities and official capacities as employees of the COUNTY, negligent actions and/or negligent failures to act, as set forth above proximately caused the emotional, physical and financial injuries visited upon plaintiff MICHAEL GALATI on or about July 11, 2006.

\\

COMPLAINT FOR DAMAGES

1    65. Plaintiff brings this action and claim for damages from, said defendants for negligent

2    actions and failure to act, and resulting injuries and damages.

3    WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

4

5

6                            **TWELFTH CAUSE OF ACTION**

7                            (MALICIOUS PROSECUTION)

8        (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

9    66. Plaintiff re-alleges and incorporates by reference paragraphs 1-65.

10

11   67. Defendants ZUNO, LOPEZ, MUNKS, HORSLEY and DOES 1 through 100 inclusive, in

12   their individual capacities and official capacities as employees of the COUNTY, malicious

13   prosecution and/or wrongful detention included, but was not limited to, imprisonment and

14   prosecution without probable cause, and failure to follow proper procedures resulting in the

15   malicious prosecution of plaintiff.

16

17   68. Plaintiff brings this action and his claim for damages against said defendants for malicious

18   prosecution and resulting injuries and damages.

19   WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

20

21                         **THIRTEENTH CAUSE OF ACTION**

22              (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

23       (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 THROUGH 100)

24

25   69. Plaintiff re-alleges and incorporates by reference paragraphs 1-68.

26   70. Defendants ZUNO, LOPEZ, MUNKS, HORSLEY and DOES 1 through 100 inclusive, in

27   their individual capacities and official capacities as employees of the COUNTY caused intentional

28   infliction of emotional distress that included but was not limited to mental abuse.  The mental

1    abuse caused Plaintiff to reasonably fear for his safety.  The mental abuse resulted in Plaintiff

2    suffering severe emotional distress with attendant physical manifestations.

3       71. Plaintiff brings this action and his claim for damages against defendants for negligent

4    infliction of emotional distress and resulting injuries and damages.

5       WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

6

7

8                  **FOURTEENTH CAUSE OF ACTION**

9       (NEGLIGENT HIRING, TRAINING, SUPERVISION AND DISCLIPINE)

10   (AGAINST DEFENDANT SHERIFF GREG MUNKS; DEFENDANT FORMER SHERIFF

11             DON HORSLEY AND DOES 1 THROUGH 100)

12

13      72. Plaintiff re-alleges and incorporates by reference paragraphs 1-71.

14      73. Defendants MUNKS, HORSLEY and DOES 1 through 100 inclusive, in their individual

15   capacities and their official capacities as employees of the COUNTY have and had a mandatory

16   duty of care to property and adequately hire, train, retain, supervise and discipline its sheriff's

17   deputies so as to avoid unreasonable risk of harm to citizens.

18

19      74. With deliberate indifference defendants MUNKS, HORSLEY and DOES 1 through 100

20   inclusive, failed to take necessary, proper and/or adequate measures in order to prevent the

21   violation of Plaintiff's rights and the injury to Plaintiff.

22      75. Defendants MUNKS, HORSLEY and DOES 1 through 100 inclusive, breached a duty of

23   care to law-abiding citizens and failed to adequately train sheriff's deputies in the proper and

24   reasonable making of arrests and treating citizens in a manner that is not in violation of their

25   rights.  This lack of adequate supervisory training and/or policies and procedures demonstrates a

26   failure to make reasonable arrests and to prevent malicious, unlawful behavior towards citizens by

27   deputies employed by the COUNTY.

28

COMPLAINT FOR DAMAGES

76. As a proximate result of defendants MUNKS, HORSLEY and DOES 1 through 100 inclusive, negligent conduct, Plaintiff suffered severe emotional and mental distress and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTEENTH CAUSE OF ACTION

### (DEFAMATION)

### (AGAINST ALL DEFENDANTS AND DOES 1 THROUGH 100)

77. Plaintiff re-alleges and incorporates by reference paragraphs 1-76.

78. Defendants and DOES 1 through 100 inclusive caused defamation that included, but was not limited to publishing one or more oral and written false statements which were intended to impeach Plaintiff's honesty, integrity, virtue or reputation.

79. Plaintiff, who is not a public figure, suffered harm to his reputation and public ridicule due to the defamatory statements of defendants.

80. Plaintiff brings this action and claim for damages against defendants for defamation and the resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

81. Plaintiff hereby demands a jury trial in this action.

\\

\\

\\

\\

\\

1

## **PRAYER**

2

WHEREFORE, Plaintiff prays for relief as follows:

3

82. For general damages in the sum of $5,000,000.00;

4

83. For special damages in a sum according to proof;

5

6

84. For punitive damages in a sum according to proof;

7

85. For injunctive relief enjoining the COUNTY from authorizing, allowing or ratifying the

8

practice by any police officer of falsely arresting law-abiding citizens;

9

86. For reasonable attorney fees;

10

87. For costs of suit herein incurred; and

11

12

88. For such other and further relief as the Court deems just and proper.

13

14

DATED:    August 6, 2007                              MEIS & ASSOCIATES

15

16

17

BY:_____
                                                        FRED O. MEIS, Esq.

18

                                                        Attorneys for Plaintiff

19

                                                        MICHAEL GALATI

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1 | FRED G. MEIS, ESQ., STATE BAR NO. 030712
JOSEPH JAMES POPPEN, ESQ., STATE BAR NO. 239282
2 | TABATHA YIN, ESQ., STATE BAR NO. 246197
LEON V. ROUBINIAN, ESQ., STATE BAR NO. 226893
3 | MEIS & ASSOCIATES
100 Bush Street, Suite 1800
4 | San Francisco, CA 94104-3920
Telephone: (415) 981-4612
5 | Facsimile: (415) 398-5060
Email: fredgmeis@hotmail.com
6
7 | Attorneys for Plaintiff MICHAEL GALATI

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11

12

13 | MICHAEL GALATI,                           )   Case No. CV 07 4035 CW
                                            )
14 |                    Plaintiff,           )
                                            )
15 |        v.                               )   **DECLARATION OF PLAINTIFF**
                                            )   **MICHAEL GALATI IN OPPOSITION**
16 |                                         )   **TO DEFENDANTS' MOTION FOR**
                                            )   **SUMMARY JUDGMENT**
17 | COUNTY OF SAN MATEO; SAN                )
     MATEO COUNTY SHERIFF'S                  )
18 | DEPARTMENT; GREG MUNKS                   )   Date:  February 21, 2008
     individually and in his official capacities )   Time:  2:00 p.m.
19 | as sheriff for the COUNTY OF SAN         )   Dept.: Courtroom 2, 4th Floor
     MATEO; DON HORSLEY individually         )   Judge: Hon. Claudia Wilken
20 | and in his former official capacities as  )
     sheriff for the COUNTY OF SAN           )
21 | MATEO; SALVADOR ZUNO                     )
     individually and in his official capacities )
22 | as a sheriff's deputy for the COUNTY     )
     OF SAN MATEO; VICTOR LOPEZ              )
23 | individually and in his official capacities )
     as a sheriff's deputy for the COUNTY    )
24 | OF SAN MATEO and DOES 1 to 100          )
     Inclusive,                              )
25 |                                         )
                                            )
26 |                    Defendants.          )
                                            )
27 | _____ )
                                            )
28

EXHIBIT B

I, MICHAEL GALATI, declare:

1. I am the plaintiff in the above-captioned proceedings. I have personal knowledge of the facts contained within this declaration. If called upon to do so, I could and would testify to the facts contained herein in a competent matter.

2. On or about July 11, 2006, I arrived at the CalTrain station in San Mateo, California with the intent to take a train to San Francisco that afternoon.

3. At approximately 2:00 P.M. the train to San Francisco (CalTrain #151) began pulling into the San Mateo CalTrain station. As the train approached, the conductor began to slow the train to about 2 MPH. She then stuck her head out the window and began yelling at me in an abusive manner for allegedly crossing the marked caution line with my bicycle. I did not understand why she was yelling at me, as I was behind the yellow caution line at all times when the train was approaching.

4. I have reviewed the portion of the police report attached as Exhibit B to the Declaration of Eugene Whitlock where it states that I was blocking the road tracks for Caltrain #151. See Incident Report at pg. 5. This statement is absolutely false. Again, I was behind the caution line when the train was approaching.

5. Once the train had pulled into the station, I boarded the train. After I boarded, I was joking around with another passenger about this odd incident. Then, the train conductor, who I believe was one Ms. Gallo, yelled at me from the second level engineer room to get off the train. I did not understand why she was asking me leave, but nevertheless removed my bike from the bike rack and exited the train. The Incident Report at pg. 6 indicates that I yelled racial slurs at Ms. Gallo. This is a malicious falsehood; I never did such a thing.

6. I then waited for the next train, which was due to arrive in approximately (30) minutes. At no time while I was waiting did any individual ever ask me to leave the station, or even approach

1    about what happened on CalTrain # 151. .

2       7.   At approximately 2:35 p.m. another train (#253) heading towards San Francisco pulled

3    into the station.  Before I boarded the train, the conductor, who I believe was one Joe Allred,

4

5    exited the train and stuck his hand out toward me.  As a result, I never even attempted to even

6    enter train # 253, let alone enter that train, as certain declarations in support of summary judgment

7    suggest.  Joe Allred was outside the train during the entirety of our short discussion.

8       8.   Mr. Allred then told me in an aggressive manner that I would not be permitted to board the

9    train.  Wanting to know how to get a refund, I pulled out the train ticket from pocket and showed

10   it to Mr. Allred.  I asked him how I could get a refund.  He replied not from him, and to look at

11   the back of the ticket.

12

13      9.   At that point, I had been waiting for approximately 30 minutes.  I was frustrated by the

14   situation, but in no way physically aggressive.  I have reviewed the security footage of this

15   incident, which shows that I was standing with my bicycle for the entirety of my conversation

16   with Mr. Allred, until I stepped back away from the train and away from Mr. Allred.  The security

17   footage is an accurate recording of what happened.

18

19      10.  Shortly thereafter, I noticed an individual who I believe to be Deputy Lopez aggressively

20   charging toward me.  He was no more than 6 steps away from me when I first noticed him.  I

21   stood still as he charged toward me.

22      11. Deputy Lopez was approximately 2-3 steps away from me when he first yelled at me to

23   "sit down."  Almost simultaneously with this command, Deputy Zuno grabbed me from behind

24   without any warning and put me in a bear hug.  The security footage, which corroborates this

25   testimony, is an accurate recording of what happened.

26

27      12.  I have reviewed the Incident Report attached as Exhibit B to the Declaration of Eugene

28   Whitlock.  On pg 5, the Report states that Deputy Lopez verbally ordered me to "step back" and

that I replied with expletives. This is absolutely false, as it was a matter of seconds before the deputies appeared on the scene and seized me without any warning. Furthermore, I was already away from both the train and any conductors. There was nothing to step back from and therefore they had no reason to instruct me to step back.

13. The Report then follows, "Deputy Lopez reiterated his command and motioned for [me] to step away from the train crew." This is yet another conscious falsehood, as the security footage clearly shows there was no such deliberate exchange, or even time for such a deliberate exchange.

14. At no time during this incident did I ever swing my bike at either deputy. I never even had the opportunity to do such a thing. The security footage I reviewed demonstrates that such an allegation is laughable.

15. Although it is not even mentioned in the Incident Report, neither did I ever pin my bicycle on top of a deputy. This is yet another malicious fabrication.

16. After Deputy Zuno put me in a "bear hug" without warning, he swung me around toward a bench. Shortly thereafter, I had no choice but drop my bicycle to the side. I was not resisting at any point, and was completely overpowered by the two deputies. The security footage shows the speed, force and domination by which they seized me and took me down

17. After approximately seven to ten seconds of being swung around in a "bear hug", I was able to come to a knee so as to avoid landing on top of Deputy Lopez. At no point did I strike either deputy with my arms or elbows.

18. Thereafter, Deputy Lopez came behind me and handcuffed me.

19. While I was being handcuffed and my hands were behind me, Deputy Zuno came around and forcefully kicked me twice in ribs, striking me with the tip of his boot.

20. Deputy Zuno then told in me in a taunting manner, "You're going to jail."

21. My ribs were in severe pain following this incident. This pain continued until my release

from jail on July 31, 2006.

22. I was then taken to jail and arrived there at approximately 3:10 p.m.

23. Later that day, at approximately 5:30 p.m., I informed a woman, who I believe was named Dr. Ruth, that my ribs were in pain. Dr. Ruth informed me that only life threatening medical problems would be addressed. Nevertheless, I placed two inmate requests for the pain in my ribs. Both were ignored.

24. The manner in which the two deputies arrested me, battered me, and made false charges against me caused severe emotional distress. For example, while in jail, I was usually only able to sleep for only one hour at a time.

25. I suffered from extreme continuous anxiety and felt claustrophobic during my time in jail.

26. I lost vision in my left eye on three separate occasions during my time in jail.

27. When my bail was initially set at $50,000, I did not have the financial means to post bail.

28. Only when the bail was reduced to $5,000 was I able to scrape together the funds to post bail.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


DATED:   January 31, 2008                              _Michael Galati_
                                                       Michael Galati

DECLARATION OF MICHAEL GALATI

# EXHIBIT C



EXHIBIT C

# EXHIBIT D

# Incident Report
# San Mateo County Sheriff

**06-3998**   Supplement No ORIG



Address
**400 County Center**
City State, Zip
**Redwood City CA, 94063**

Reported Date
**07/11/2006**
Nature of Call
**INCDNT RPT**
Deputy
**HOWARD, MARK**

Phone Number
**(650) 363-4525**
Fax Number

## Administrative Information

| Agency | | Report No | Supplement No | Reported Date | Reported Time | Status |
|---|---|---|---|---|---|---|
| San Mateo County Sheriff | | 06-3998 | ORIG | 07/11/2006 | 15:25 | INVESTIGATE |

| Nature of Call | Location | | | | City |
|---|---|---|---|---|---|
| INCIDENT REPORT | 300 BRADFORD STREET | | | | Redwood City |

| ZIP Code | Rep Dist | Area | Beat | From Date | From Time | To Date | To Time |
|---|---|---|---|---|---|---|---|
| 94063 | MCF - INTAKE | 90 | A | 07/11/2006 | 16:30 | 07/11/2006 | 17:21 |

| Deputy | Entered by |
|---|---|
| 1665/HOWARD, MARK | 1519 |

| Assignment | RMS Transfer | Prop Transfer |
|---|---|---|
| MAGUIRE CORRECTIONAL FACILITY - TEAM 2 | Successful | Successful |

| Approving Officer | Approval Date | Approval Time |
|---|---|---|
| 1501/KUYKENDALL, M | 07/11/2006 | 17:35:17 |

| OTHER AGENCY NAME | OTHER AGENCY CASE# |
|---|---|
| TRANSIT POLICE | SO3995 |

## Person Summary

| Invl | Invl No | Type | Name | MNI | Race | Sex | Date of Birth |
|---|---|---|---|---|---|---|---|
| ARR | 1 | I | GALATI,MICHAEL | 37169 | W | M | 06/12/1968 |

## Property Summary

Involvement
EVD

Description
ARTICLE: CAMERA/PHOTO EQUIPMENT/FILM DISC    Digital CD containing footage
of arrestee coming into custody.

## Summary Narrative

This case number was issued for evidence purposes only.

**CONTROLLED DOCUMENT NOT TO BE DUPLICATED**

**CONTACT ORIGINATING AGENCY OR THE COURT FOR DISPOSITION INFORMATION**

**GREG MUNKS, SHERIFF SAN MATEO COUNTY**

Report Officer
1665/HOWARD, MARK

Printed At
09/06/2007 16:20

Page 1 of 2

EXHIBIT D

Sep 06 2007 15:34    SAN MATEO COUNTY SHERIFF   6503659884    P.2

# Incident Report
## San Mateo County Sheriff

**06-3998**

Supplement No
**ORIG**

### ARRESTEE 1: GALATI, MICHAEL

| Involvement | Invl No | Type | Name | | MNI | Race | Sex |
|---|---|---|---|---|---|---|---|
| ARRESTEE | 1 | Individual | GALATI, MICHAEL | | 37169 | WHITE | MALE |

| Date of Birth | Age | Juvenile? | Height | Weight | Hair Color | Eye Color |
|---|---|---|---|---|---|---|
| 06/12/1968 | 38 | No | 6'00" | 165# | BROWN | BROWN |

| Type | Address | | City | State |
|---|---|---|---|---|
| HOME | 1110 TOURNAMENT DR | | HILLSBOROUGH | CALIFORNIA |

ZIP Code
**94100**

| Type | ID No | OLS |
|---|---|---|
| OPERATOR LICENSE | V5074204 | CALIFORNIA |

| Type | ID No |
|---|---|
| SHERIFF'S ID NUMBER | 279515 |

| Involvement | Arrest Type | Arrest Date | Arrest Time | Book Date | Book Time | Status | Dispo |
|---|---|---|---|---|---|---|---|
| ARRESTED | ARRESTED | 07/11/2006 | 15:26:00 | 07/11/2006 | 15:35:00 | BOOKED | FELONY |

| Charge | Level | Charge Literal |
|---|---|---|
| PC245 (A)(1) | F | FORCE OR ADW NOT FIR |

### Property

| Item | Involvement | In Property? | Tag No | Item No |
|---|---|---|---|---|
| 1 | EVIDENCE | Yes | 060001465 | 1 |

Description
Digital CD containing footage of arrestee coming into custody.

| Typ | Cat | Article | # Pieces |
|---|---|---|---|
| A | CAMERA/PHOTO EQUIPMENT/FILM | DISC | 1 |

CONTACT ORIGINATING
AGENCY OR THE COURT
FOR DISPOSITION INFORMATION

CONTROLLED
DOCUMENT
NOT TO BE
DUPLICATED

GREG MUNKS, SHERIFF
SAN MATEO COUNTY

| Report Officer | Printed At | |
|---|---|---|
| 1665/HOWARD, MARK | 09/06/2007 16:20 | Page 2 of 2 |

SAN MATEO COUNTY SHERIFF    6503659884    P.3

# Incident Report
# San Mateo County Sheriff



**06-3995**

Supplement No
ORIG

Address
**400 County Center**
City State, Zip
**Redwood City CA, 94063**

Reported Date
**07/11/2006**
Nature of Call
**ASSAULT**
Deputy
**ZUNO, S**

Phone Number
**(650) 363-4525**
Fax Number

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time | CAD Call No |
|---|---|---|---|---|---|
| San Mateo County Sheriff | 06-3995 | ORIG | 07/11/2006 | 14:19 | 061920009 |

| Status | Nature of Call |
|---|---|
| INVESTIGATE | ASSAULTS - AGGRAVATED OR SIMPLE |

| Location | City | ZIP Code |
|---|---|---|
| SAN MATEO CALTRAIN STATION | SAN MATEO | 94401 |

| From Date | From Time | Deputy |
|---|---|---|
| 07/11/2006 | 14:32 | 1472/ZUNO, S |

| Assignment | Deputy2 |
|---|---|
| PATROL - SHERIFF'S TRANSIT OPERATIONS POL | LOPEZ, V |

| Assignment | Entered by |
|---|---|
| PATROL - SHERIFF'S TRANSIT OPERATIONS POL | 1472 |

| Assignment | RMS Transfer | Prop Transfer |
|---|---|---|
| PATROL - SHERIFF'S TRANSIT OPERATIONS POL | Successful | Failed |

| Approving Officer | Approval Date | Approval Time |
|---|---|---|
| 1051/SCOTT, D | 07/13/2006 | 00:56:09 |

| Supplemental Documents | Evidence Submitted | Evidence |
|---|---|---|
| X | X | X |

| # Offenses | Offense | Description | Complaint Type |
|---|---|---|---|
| 1 | PC245A1 | ASAULT WITH A WEAPON | F |
| 2 | PC148 | RESISTING POLICE OFF | M |
| 3 | PC243B | BATTERY ON P/O, FIRE | M |
| 4 | PC369I | DELAY OBSTRUCT TRAIN | M |
| 5 | PC415 1 | DISTURBING THE PEACE | M |
| 6 | PC415 3 | OFFENSIVE WORDS IN P | M |

## Person Summary

| Invl | Invl No | Type | Name | MNI | Race | Sex | Date of Birth |
|---|---|---|---|---|---|---|---|
| SUS | 1 | I | GALATI, MICHAEL DANIEL | 37169 | W | M | 06/12/1968 |
| VIC | 1 | I | GALLO, DEBRICE | 59975 | | | |
| VIC | 2 | I | PICHI, RANDY | 59976 | | | |
| VIC | 3 | I | PATTERSON, RICHARD | 59977 | | | |
| VIC | 4 | I | ALLRED, JOE | 59978 | | | |
| VIC | 5 | I | CHUA, RENATO | 59979 | | | |
| VIC | 6 | I | GONDROM, MICHAEL | 59980 | | | |

CONTROLLED
DOCUMENT
NOT TO BE
DUPLICATED

CONTACT ORIGINATING
AGENCY OR THE COURT
FOR DISPOSITION INFORMATION

GREG MUNKS, SHERIFF
SAN MATEO COUNTY

| Report Officer | Printed At | |
|---|---|---|
| 1472/ZUNO, S | 09/06/2007 16:23 | Page 1 of 9 |

# Incident Report
# San Mateo County Sheriff

**06-3995**

Supplement No
ORIG

## Property Summary

Involvement
**EVD**

Description
ARTICLE: BICYCLE BICYCL RALEIG M20 MOUNTAIN BIKE USED BY GALATI TO ASSAULT
DEPUTY LOPEZ

Involvement
**EVD**

Description
ARTICLE: ELECTRONIC/AUDIO/STEREO/TV/AV TAPES DISC OFFICE  DISC CONTIANING
2 DIGITAL PHOTOS I TOOK OF GALATI'S BICYCLE.

Involvement
**EVD**

Description
ARTICLE: ELECTRONIC/AUDIO/STEREO/TV/AV TAPES TAPES MAXELL UR AUDIO
CASETTES CONTIAINING RECORDED STATEMENTS OF WITNESESS AND GALATI

Involvement
**EVD**

Description
ARTICLE: ELECTRONIC/AUDIO/STEREO/TV/AV TAPES DISC OFFICE  DISC CONTAINING
FOOTAGE FROM THE VIDEO SURVEILANCE CAMERAS ON THE PLATFORM

## Summary Narrative

**SUMMARY:**

On Tuesday, July 11, 2006, at approximately 1419 hours, Deputy Lopez and I responded to the
San Mateo Caltrain Station on the report of a subject blocking a moving train. Upon arrival, we
observed a subject who matched the description provided by County Communications (Later
identified as Mr. Galati). We noticed Mr. Galati was arguing with the train crew and was
confrontational.   Deputy Lopez approached Mr. Galati and ordered him to step away from the
conductor, as it appeared he may become physically assualtive towards the conductor. Mr.
Galati immediately became aggressive towards Deputy Lopez and swung his bicycle towards
Deputy Lopez in an attempt to strike him. At this point I attempted to subdue Mr. Galati however
he resisted.  After an extensive confrontation  Deputy Lopez and I were able to eventually secure
him in handcuffs  while on the ground.

Mr. Galati was arrested  and booked into the county jail on the listed charges.

This report will be forwarded  to the District Attorneys  Office for Prosecution  of Michael  Galati.

CONTACT ORIGINATING
AGENCY OR THE COURT
FOR DISPOSITION INFORMATION

CONTROLLED
DOCUMENT
NOT TO BE
DUPLICATED

GREG MUNKS, SHERIFF
SAN MATEO COUNTY

Report Officer
1472/ZUNO, S

Printed At
09/06/2007 16:23

Page 2 of 9

SEP-06-2007  16:32                    6503659884                    96%                    P.04

# Incident Report
## San Mateo County Sheriff

**06-3995**

Supplement No
ORIG

## SUSPECT 1: GALATI, MICHAEL DANIEL

| Involvement | Inv No | Type | Name | | MNI | Race | Sex |
|---|---|---|---|---|---|---|---|
| SUSPECT | 1 | Individual | GALATI, MICHAEL DANIEL | | 37169 | WHITE | MALE |

| Date of Birth | Age | Juvenile? | Height | Weight | Hair Color | Eye Color | Gen Appearance | Build |
|---|---|---|---|---|---|---|---|---|
| 06/12/1968 | 38 | No | 6'01" | 198# | BROWN | BROWN | CASUAL | LARGE |

Hair Description
MEDIUM/AVERAGE LENGTH/WAVY/CURLY

Facial Features
CLEAN SHAVEN

Demeanor
ANGRY/IRRATIONAL

CONTROLLED
DOCUMENT
NOT TO BE
DUPLICATED

Speech
LOUD/RAPID

## VICTIM 1: GALLO, DEBRICE

| Involvement | Inv No | Type | Name | | MNI | Means of Attack |
|---|---|---|---|---|---|---|
| VICTIM | 1 | Individual | GALLO, DEBRICE | | 59975 | OTHER |

| Extent of Injury | Dom Violence |
|---|---|
| NO VISIBLE INJURY | NO |

| Employer/School | Position/Grade |
|---|---|
| AMTRAK | ENGINEER |

| Location | | | |
|---|---|---|---|
| 510 W. SAN FERNANDO ST. | City SAN JOSE | State CALIFORNIA | |
| ZIP Code 95110 | Contact JIM GUNTHER | Phone Type BUSINESS | Phone No (408)271-4993 |

## VICTIM 2: PICHI, RANDY

| Involvement | Inv No | Type | Name | | MNI | Means of Attack |
|---|---|---|---|---|---|---|
| VICTIM | 2 | Individual | PICHI, RANDY | | 59976 | OTHER |

| Extent of Injury | Dom Violence |
|---|---|
| NO VISIBLE INJURY | NO |

| Employer/School | Position/Grade |
|---|---|
| AMTRAK | CONDUCTOR |

| Location | | | |
|---|---|---|---|
| 510 W. SAN FERNANDO ST. | City SAN JOSE | State CALIFORNIA | |
| ZIP Code 95110 | Contact JIM GUNTHER | Phone Type BUSINESS | Phone No (408)271-4993 |

## VICTIM 3: PATTERSON, RICHARD

| Involvement | Inv No | Type | Name | | MNI | Means of Attack |
|---|---|---|---|---|---|---|
| VICTIM | 3 | Individual | PATTERSON, RICHARD | | 59977 | OTHER |

| Extent of Injury | Dom Violence |
|---|---|
| NO VISIBLE INJURY | NO |

| Employer/School | Position/Grade |
|---|---|
| AMTRAK | CONDUCTOR |

| Location | | | |
|---|---|---|---|
| 510 W. SAN FERNANDO ST. | City SAN JOSE | State CALIFORNIA | |
| ZIP Code 95110 | Contact JIM GUNTHER | Phone Type BUSINESS | Phone No (408)271-4993 |

## VICTIM 4: ALLRED, JOE

| Involvement | Inv No | Type | Name | | MNI | Means of Attack |
|---|---|---|---|---|---|---|
| VICTIM | 4 | Individual | ALLRED, JOE | | 59978 | OTHER |

| Extent of Injury | Dom Violence |
|---|---|
| NO VISIBLE INJURY | NO |

| Employer/School | Position/Grade |
|---|---|
| AMTRAK | CONDUCTOR |

| Location | | | |
|---|---|---|---|
| 510 W. SAN FERNANDO ST. | City SAN JOSE | State CALIFORNIA | |
| ZIP Code 95110 | Contact JIM GUNTHER | Phone Type BUSINESS | Phone No (408)271-4993 |

CONTACT ORIGINATING
AGENCY OR THE COURT
FOR DISPOSITION INFORMATION

| Report Officer | Printed At | |
|---|---|---|
| 1472/ZUNO, S | 09/06/2007 16:23 | Page 3 of 9 |

# Incident Report
## San Mateo County Sheriff

**06-3995**

Supplement No
ORIG

### VICTIM 5: CHUA,RENATO

| Involvement | Invl No | Type | Name | MNI | Means of Attack |
|---|---|---|---|---|---|
| VICTIM | 5 | Individual | CHUA,RENATO | 59979 | OTHER |

| Extent of Injury | Dom Violence | | | | |
|---|---|---|---|---|---|
| NO VISIBLE INJURY | NO | | | | |

| Employer/School | Position/Grade |
|---|---|
| AMTRAK | CONDUCTOR |

| Location | City | State |
|---|---|---|
| 510 W. SAN FERNANDO ST. | SAN JOSE | CALIFORNIA |

| ZIP Code | Contact | Phone Type | Phone No |
|---|---|---|---|
| 95110 | JIM GUNTHER | BUSINESS | (408)271-4993 |

### VICTIM 6: GONDROM,MICHAEL

| Involvement | Invl No | Type | Name | MNI | Means of Attack |
|---|---|---|---|---|---|
| VICTIM | 6 | Individual | GONDROM,MICHAEL | 59980 | OTHER |

| Extent of Injury | Dom Violence | | | | |
|---|---|---|---|---|---|
| NO VISIBLE INJURY | NO | | | | |

| Employer/School | Position/Grade |
|---|---|
| AMTRAK | ENGINEER |

| Location | City | State |
|---|---|---|
| 510 W. SAN FERNANDO ST. | SAN JOSE | CALIFORNIA |

| ZIP Code | Contact | Phone Type | Phone No |
|---|---|---|---|
| 95110 | JIM GUNTHER | BUSINESS | (408)271-4993 |

### Property

| Item | Involvement | In Property? | Tag No | Item No | Owner Applied No |
|---|---|---|---|---|---|
| 1 | EVIDENCE | Yes | 060001473 | 1 | 342-0184 |

Description
MOUNTAIN BIKE USED BY GALATI TO ASSAULT DEPUTY LOPEZ

| Typ | Cat | Article | Brand | Model | # Pieces |
|---|---|---|---|---|---|
| A | BICYCLE | BICYCL | RALEIG | M20 | 1 |

> CONTACT ORIGINATING AGENCY OR THE COURT FOR DISPOSITION INFORMATION

| Item | Involvement | In Property? | Tag No | Item No |
|---|---|---|---|---|
| 2 | EVIDENCE | Yes | 060001473 | 2 |

Description
DISC CONTIANING 2 DIGITAL PHOTOS I TOOK OF GALATI'S BICYCLE.

| Typ | Cat | Article | Brand | # Pieces |
|---|---|---|---|---|
| A | ELECTRONIC/AUDIO/STEREO/TV/AV TAPES | DISC | OFFICE | 1 |

> CONTROLLED DOCUMENT NOT TO BE DUPLICATED

| Item | Involvement | In Property? | Tag No | Item No |
|---|---|---|---|---|
| 3 | EVIDENCE | Yes | 060001473 | 3 |

> GREG MUNKS, SHERIFF SAN MATEO COUNTY

Description
AUDIO CASETTES CONTIAINING RECORDED STATEMENTS OF WITNESESS AND GALATI

| Typ | Cat | Article | Brand | Model | # Pieces |
|---|---|---|---|---|---|
| A | ELECTRONIC/AUDIO/STEREO/TV/AV TAPES | TAPES | MAXELL | UR | 2 |

| Item | Involvement | In Property? | Tag No | Item No |
|---|---|---|---|---|
| 4 | EVIDENCE | Yes | 060001473 | 4 |

Description
DISC CONTAINING FOOTAGE FROM THE VIDEO SURVEILANCE CAMERAS ON THE PLATFORM

| Typ | Cat | Article | Brand | # Pieces |
|---|---|---|---|---|
| A | ELECTRONIC/AUDIO/STEREO/TV/AV TAPES | DISC | OFFICE | 1 |

### Modus Operandi

Crime Code(s)
ASSAULTS

### Narrative

**BACKGROUND:**

The San Mateo County Sheriff's Office - Transit Police Bureau is contracted by the San Mateo County Transit District (samTrans) and the Peninsula Corridor Commuter Railroad (Caltrain) to provide law enforcement services to both systems throughout San Francisco, San Mateo and Santa Clara counties. The Bureau works cooperatively with the Amtrak Police Department, who is co-contracted to provide law enforcement services specifically to the rail system.

| Report Officer | Printed At | |
|---|---|---|
| 1472/ZUNO, S | 09/06/2007 16:23 | Page 4 of 9 |

# Incident Report
# San Mateo County Sheriff

**06-3995**

**Narrative**

**DATE AND TIME:**
Tuesday, July 11, 2006 at approximately 1419 hours

> CONTACT ORIGINATING
> AGENCY OR THE COURT
> FOR DISPOSITION INFORMATION

**AWARENESS:**
On the above date and time, Deputy Lopez # 733 and I responded to the San Mateo Caltrain Station (downtown) on the report of a male subject on the northbound rail road tracks blocking Caltrain # 151 from departing. The subject was described and a white male with curly hair, wearing a white t shirt, brown jacket, blue jeans and having a bicycle. We were also advised that the subject was yelling at the conductor.

While en route, County Communications advised that the subject had allowed Caltrain #151 to continue and may have possibly left the area.

Deputy Lopez and I arrived on scene at the northbound platform of the San Mateo Caltrain Station at approximately 1432 hours. At this location we saw a subject with a bicycle who matched the exact description provided of the suspect. He was later identified as Mr. Michael Galati DOB (6/12/68).

Deputy Lopez and I heard Mr. Galati yelling at the train conductor on the platform and saw that he was waving his hand and pointing it just inches from the conductor's face in an aggressive manner. I heard Mr. Galati yelling at the train crew, "NO... FUCK YOU, YOU MOTHERFUCKER." Concerned for the safety of the conductor, Deputy Lopez verbally ordered Mr. Galati to, "Step back." Mr. Galati turned towards Deputy Lopez and replied, "NO, FUCK YOU, WHY?"

Deputy Lopez reiterated his command and motioned for him to step away from the train crew. At this point, Mr. Galati swung a metal bicycle with force towards Deputy Lopez, in an apparent attempt to strike him. Concerned for the safety of Deputy Lopez and the train crew, I quickly approached Mr. Galati and attempted to physically subdue him to keep him from further swinging the bicycle at Deputy Lopez or myself. I gave him commands to "get down" and let go of the metal bicycle. Mr. Galati replied, "FUCK YOU, FOR WHAT?" and began to physically resist.

Deputy Lopez and I continued to give Mr. Galati verbal commands to "stop resisting and stop fighting." However, Mr. Galati just became more violent and aggressive towards us. At some point during the altercation, Mr. Galati, Deputy Lopez and I fell down to the ground. Mr. Galati continued to be physically assaultive and he continued to resist. During this time, Mr. Galati continued yelling, "FUCK YOU BITCH, I DIDN'T DO ANYTHING." After an extensive confrontation with Mr. Galati, Deputy Lopez and I were able to secure him in handcuffs. At this point, Mr. Galati was now controlled on the ground. He continued to kick and scream obscenities and did not obey any commands from Deputy Lopez or myself. As a result of this confrontation, Deputy Lopez I and were struck several times by Mr. Galati. He used his arms and elbows as he fought and resisted to free himself from our control.

Once Mr. Galati was controlled, I approached the train crew on the platform and obtained brief statements from them. See CONTROLLED DOCUMENT NOT TO BE DUPLICATED

Report Officer
1472/ZUNO, S

GREG MUNKS, SHERIFF
SAN MATEO COUNTY

Printed At
09/06/2007 16:23

Page 5 of 9

SEP-06-2007   16:32                6503659884

SEP 06 2007 10:07    SAN MATEO COUNTY SHERIFF    6503659884    P.8

CONTROLLED
DOCUMENT
NOT TO BE
DUPLICATED

**Incident Report**
**San Mateo County Sheriff**

**06-3995**

Supplement No
ORIG

GREG MUNKS, SHERIFF

## Narrative

**STATEMENTS:**

**Statement of Suspect Michael Galati**
I read Mr. Galati his Miranda rights. He was uncooperative and refused to answer any questions.

**Statement of Conductor Joe Allred (summarized and paraphrased)**
Mr. Allred told me he had been instructed by San Jose Control (train operations) not to let Mr. Galati onto the train because he was aggressive and was causing trouble. Once he told Mr. Galati that he could not board the train, Mr. Galati became confrontational and began to yell, "FUCK YOU" while waving his hand inches from his face in an aggressive manner. Mr. Allred did not want to let Mr. Galati board the train and was concerned for the safety of the crew and passengers onboard. (Also see attached written and signed statement).

**Statement of Conductor Chua (summarized and paraphrased)**
Mr. Chua told me once Mr. Galati was told that he could not board the train, he immediately became aggressive and began to yell profanities. While doing this, he also began pointing his finger very close to the face of Conductor Allred and became concerned that he would become physical. Mr. Chua and two additional crew members stood at the entrance of the train to keep Mr. Galati from forcing his way onboard. (Also see attached written and signed statement).

**Statement of Engineer M. Gordon (summarized and paraphrased)**
As he was pulling into the station, he saw Mr. Galati on the platform waving his arms and swinging his bicycle. Once the train was stopped he, and the other two conductors met with Mr. Galati at the door of the bike car. Conductor Allred told Mr. Galati that he could not board the train. Mr. Galati became aggressive and began to yell profanities at them. While doing this he also began pointing his finger very close near the face of Conductor Allred. (Also see attached written and signed statement).

**DATE:**
7/12/06 at approximately 0930 hours:

CONTACT ORIGINATING
AGENCY OR THE COURT
FOR DISPOSITION INFORMATION

I received written and signed statements from the crew of the Caltrain # 151. This is the initial train that Mr. Galati blocked the movement of, which caused the train crew to request for deputies to respond. See below for summaries of written their statements.

**Statement of Engineer Debra Gallo (summarized and paraphrased)**
Ms. Gallo stated as she was pulling the train into the station, Mr. Galati kept stepping back and forth onto the edge of the platform (on the yellow caution stripe). Due his actions Ms. Gallo was forced to blow the train whistle to get him to move back. Mr. Galati continued to obstruct the movement of the train and for his safety Ms. Gallo was forced to stop the train prematurely to avoid striking Mr. Galati. Ms. Gallo notified conductor Pichi and advised him that Mr. Galati was obstructing and delaying the train and should not be allowed to board. Mr. Galati boarded the bicycle car and began to yell obscenities at Ms. Gallo in front of the other passengers. Mr. Galati called her a "black bitch', a "nigger" and a "cunt." Conductors Pichi and Patterson told Mr. Galati he could not ride the train and had to de-board. Mr. Galati continued to argue with them. Once Mr. Galati stepped off the train he began to verbally entice a fight with the conductors. For the safety the passengers and crew they closed the doors of the train and pulled away. As the train was pulling away Mr. Galati struck side of the train with his hand. (Also

| Report Officer | Printed At | |
|---|---|---|
| 1472/ZUNO, S | 09/06/2007 16:23 | Page 6 of 9 |

CONTROLL
DOCUMEN1
NOT TO BE
DUPLICATED

# Incident Report
# San Mateo County Sheriff

**06-3995**

Supplement No
ORIG

GREG MUNKS, SHERIFF
SAN MATEO COUNTY

**Narrative**

see attached written and signed statement).

## Statement of Conductor Randy Pichi (summarized and paraphrased)

Mr. Pichi stated as the train pulled into the San Mateo station he was advised by the engineer not to allow Mr. Galati onboard the train due his behavior. Mr. Galati boarded the train and became irrational. He immediately began yelling profanity and racial slurs. He also began to use profanity against other passengers for no reason. Mr. Pichi requested assistance from conductor Patterson in dealing with Mr. Galati. Mr. Galati continued his aggressive behavior and continued to yell profanities. Mr. Galati stepped off the train after several minutes. Once on the platform Mr. Galati continued his aggressive behavior. Mr. Galati motioned for conductors to step onto the platform and used profanities to entice a fight. The conductors closed doors of the train and pulled away. Mr. Pichi stated he in fear for the safety of the crew, the passengers and himself. (Also see attached written and signed statement).

## Statement of Conductor Richard Patterson (summarized and paraphrased)

Mr. Patterson stated after arriving into the San Mateo station he was requested to the respond to the bike car to assist conductor Pichi with a hostile passenger. Once he arrived at the bike car, he heard Mr. Galati yelling obscenities. Once Mr. Galati was off the train he continued his behavior and struck the side of his train with his hand. (Also see attached written and signed statement).

CONTACT ORIGINATING
AGENCY OR THE COURT
FOR DISPOSITION INFORMATION

## EXAMINATION OF CRIME SCENE:

The crime occurred in north end of the northbound platform (east side) of the San Mateo Caltrain Station, located at 2 North B St in the city of San Mateo. This station facilitates heavy commuter and high-speed bullet train traffic throughout the day. The platform is approximately 15 feet wide and has a concrete surface. The platform has benches and ticket vending machines spread throughout. There are three security surveillance cameras that monitor this platform. At the time of the incident there was moderate commuter and vehicle traffic in the area.

During this incident, Caltrain #253 was in the station, which obstructed any view of the incident to anyone to the west side of the station. Only the business on the east side of the station had a clear view of the incident. I will conduct a neighborhood check in this area and attempt to locate witnesses to this incident.

## EVIDENCE:

(E-1) A red Raleigh M20 Mountain bicycle Mr. Galati had in possession during the altercation.

(E-2) Two digital photographs of Mr. Galati's bicycle. This is the bicycle he had is his possession and used to assault Deputy Lopez.

(E-3) A Maxell audio cassette, containing the recording of Mr. Galati aggressive and uncooperative behavior while being transported to the county jail. (Recorded by Deputy Lopez)

(E-4) A Maxell audio cassette, containing the recorded statements of two witnesses.

(E-5) A disc containing the video from the surveillance camera of the San Mateo Caltrain

| Report Officer | Printed At | |
|---|---|---|
| 1472/ZUNO, S | 09/06/2007 16:23 | Page 7 of 9 |

# Incident Report
# San Mateo County Sheriff

CONTROLL
DOCUMENT
NOT TO BE
DUPLICATED    **06-3995**    Supplement No
ORIG

GREG MUNKS, SHERIFF
SAN MATEO COUNTY

**Narrative**

Station.

I booked all items into Sheriff's Office evidence.

**INJURIES:**
As a result of this confrontation, Deputy Lopez I and were struck several times by Mr. Galati's arms and elbows as he fought and resisted to free himself from our control. As a result, Deputy Lopez and I suffered minor bruising and complaint of pain, however no medical attention was necessary for anyone involved

Mr. Galati did not complain of any pain and did not appear to be injured. Once booked into the jail he was medically evaluated for his well being by a nurse.

> CONTACT ORIGINATING
> AGENCY OR THE COURT
> FOR DISPOSITION INFORMATION

**NEIGHBORHOOD CHECK:**
7-12-06, at approximately 1127 hours, I conducted a neighborhood check of the businesses located directly behind the platform the east side. I contacted Mr. Eric Pennington who witnessed the incident and I obtained the following audio recorded information.

**Statement of witness Eric Pennington (summarized, paraphrased and audio recorded)**
Mr. Pennington told me he saw Deputy Lopez try to calm and talk to Mr. Galati. He told me as Deputy Lopez gave him instructions Mr. Galati would reply with physical resistance and vulgarities. Mr. Pennington said that Deputy Lopez and I only used the necessary force to control Mr. Galati. Deputy Lopez made several attempts to calm Mr. Galati and explain the situation to him. Due to Mr. Galati's highly aggressive, and uncooperative behavior, he never calmed or gave Deputy Lopez or I a chance to speak.

I located another witness, who was Mr. Mario Luna at 23 south. Rail Road Ave in the city of San Mateo. I obtained the following audio recorded information in Spanish.

**Statement of witness Mario Luna (in Spanish, summarized, and audio recorded)**
Mr. Luna told me he saw Mr. Galati arguing with the conductor and yelling profanities in an aggressive manner. Mr. Luna said once Deputy Lopez and I arrived, Mr. Galati refused our instructions and became resistive and aggressive. Mr. Luna saw Mr. Galati physically resist Deputy Lopez and I as we attempted to secure him with handcuffs.

**ADDITIONAL INFORMATION:**
Due to Mr. Galati's highly aggressive and confrontational behavior, law enforcement assistance was requested by the train crew. From the moment Mr. Galati was contacted on scene by deputies, he became physically combative and uncooperative. While being transported to the jail by Deputy Lopez, Mr. Galati continued his escalating aggressive behavior. Because of this, Deputy Lopez audio recorded Mr. Galati's behavior on a cassette. This cassette contains a verbal outlash of Mr. Galati, which includes profanities and vulgarities towards Deputy Lopez and myself. This cassette will be booked into evidence.

Due to his highly aggressive behavior and once at the county jail Mr. Galati caused a delay in his booking process had to be restrained by several staff members to control him and keep him from hurting himself or others.

| Report Officer | Printed At | |
|---|---|---|
| 1472/ZUNO, S | 09/06/2007 16:23 | Page 8 of 9 |

# Incident Report
# San Mateo County Sheriff

**06-3995**

Supplement No
ORIG

## Narrative

**POTENTIAL LEADS AND RECOMMENDATIONS:**
Based on the information contained in this investigative report, I believe there is sufficient probable cause to charge Michael Galati with:

<u>2 counts of PC 369i</u>- Interfering and interrupting with safe operation of a train. Due to his actions Mr. Galati caused a delay of trains, #151 and 253 with a total of 11 minutes. (Refer to attached Amtrak report)

<u>PC 148(a) (1)</u> for willfully resisting deputies and attempting to avoid arrest.

<u>PC 243(b)</u> battery against a uniformed peace officer in performance of his duties.

<u>PC 245 (a) (1)</u> assault with a deadly weapon or force likely to produce great bodily injury. (Bicycle)

<u>PC 415 (1)</u> challenging other to fight in a public place.

<u>PC 415 (3)</u> using offensive words in a public place trying to provoke a violent reaction.

Case forwarded to the San Mateo County District Attorneys Office for prosecution of Michael Galati.

CONTACT ORIGINATING
AGENCY OR THE COURT
FOR DISPOSITION INFORMATION

CONTROLLED
DOCUMENT
NOT TO BE
DUPLICATED

GREG MUNKS, SHERIFF
SAN MATEO COUNTY

# Incident Report
# San Mateo County Sheriff

**06-3995**

Supplement No
0001



Address
**400 County Center**
City State, Zip
**Redwood City CA, 94063**

Reported Date
**07/25/2006**
Nature of Call
**ASSAULT**
Deputy
**ZUNO, S**

Phone Number
**(650) 363-4525**
Fax Number

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time | CAD Call No |
|---|---|---|---|---|---|
| San Mateo County Sheriff | 06-3995 | 0001 | 07/25/2006 | 18:27 | 061920009 |

| Status | Nature of Call | | | | |
|---|---|---|---|---|---|
| INVESTIGATE | ASSAULTS - AGGRAVATED OR SIMPLE | | | | |

| Location | | City | ZIP Code | |
|---|---|---|---|---|
| SAN MATEO CALTRAIN STATION | | SAN MATEO | 94401 | CONTROLLED DOCUMENT NOT TO BE DUPLICATED |

| From Date | From Time | Deputy | | | |
|---|---|---|---|---|---|
| 07/11/2006 | 14:32 | 1472/ZUNO, S | | | |

| Assignment | Deputy2 | |
|---|---|---|
| PATROL - SHERIFF'S TRANSIT OPERATIONS POL | LOPEZ, V | |

| Assignment | Entered by | GREG MUNKS, SHERIFF |
|---|---|---|
| PATROL - SHERIFF'S TRANSIT OPERATIONS POL | 1472 | SAN MATEO COUNTY |

| Assignment | RMS Transfer | Prop Transfer |
|---|---|---|
| PATROL - SHERIFF'S TRANSIT OPERATIONS POL | Successful | Pending |

| Approving Officer | Approval Date | Approval Time |
|---|---|---|
| 1284/COPELAND, R | 07/25/2006 | 21:13:44 |

## Summary Narrative

### SUPPLEMENTAL REPORT

**DATE AND TIME:**
July 25, 2006 at approximately 2130 hours.

<div style="border:1px solid">
CONTACT ORIGINATING AGENCY OR THE COURT FOR DISPOSITION INFORMATION
</div>

**ADDITIONAL INFORMATION:**
On the above date and time I collected the listed evidence associated with this case. In an effort to continue my investigation, I retained possession of all evidentiary items. These items were kept in a locked office located in the Sheriff's Transit Police Bureau in San Carlos. On Tuesday, July 25, 2006, I placed all evidentiary items in marked Sheriff's Office evidence envelopes, and I placed a Sheriff's Office Property Tag on the bicycle. I submitted all evidence to Sheriff's Office Property for safekeeping.

Reference property tag number 060001473 for the following items booked into evidence.

**EVIDENCE:**
(E-1) A red Raleigh M20 Mountain bicycle Mr. Galati had in possession during the altercation.

(E-2) Two digital photographs of Mr. Galati's bicycle. This is the bicycle he had is his possession and used to assault Deputy Lopez.

(E-3) A Maxell audio cassette, containing the recording of Mr. Galati aggressive and uncooperative behavior while being transported to the county jail. (Recorded by Deputy Lopez)

(E-4) A Maxell audio cassette, containing the recorded statements of two witnesses.

| Report Officer | Printed At | |
|---|---|---|
| 1472/ZUNO, S | 09/06/2007 16:23 | Page 1 of 2 |

# Incident Report
## San Mateo County Sheriff

**06-3995**

Supplement No 0001

**Summary Narrative**

(E-5) A disc containing the video from the surveillance camera of the San Mateo Caltrain Station.

Additional Evidence:
For video containing the footage on Mr. Galati's behavior upon arrival to the jail reference case # 06-3998 by Deputy M. Howard.

Additional Information:
I included the names and contact information of the two witnesses on scene.

**WITNESS 1: PENNINGTON,ERIC**

| Involvement | Invl No | Type | Name | MNI | Race | Sex |
|---|---|---|---|---|---|---|
| WITNESS | 1 | Individual | PENNINGTON,ERIC | 60766 | WHITE | MALE |

| Type | Address | City |
|---|---|---|
| WORK/BUSINESS | 23 SOUTH RAILROAD AVE | SAN MATEO |

| State | ZIP Code | |
|---|---|---|
| CALIFORNIA | 94401 | |

| Type | Address | City |
|---|---|---|
| WORK/BUSINESS | 401 IST AVE | SAN MATEO |

| State | ZIP Code | |
|---|---|---|
| CALIFORNIA | 94401 | |

| Phone Type | Phone No | Phone Type | Phone No | |
|---|---|---|---|---|
| BUSINESS | (650)347-8420 | BUSINESS | (650)347-8420 | |

**Modus Operandi**

Crime Code(s)
ASSAULTS

CONTACT ORIGINATING AGENCY OR THE COURT FOR DISPOSITION INFORMATION

CONTROLLED DOCUMENT NOT TO BE DUPLICATED

GREG MUNKS, SHERIFF
SAN MATEO COUNTY

| Report Officer | Printed At | |
|---|---|---|
| 1472/ZUNO, S | 09/06/2007 16:23 | Page 2 of 2 |

# Incident Report
# San Mateo County Sheriff

**06-3995**

Supplement No
**0002**



Address
**400 County Center**
City State, Zip
**Redwood City CA, 94063**

Phone Number
**(650) 363-4525**
Fax Number

Reported Date
**08/01/2006**
Nature of Call
**ASSAULT**
Deputy
**ZUNO, S**

## Administrative Information

| Agency | Report No | Supplement No | Reported Date | Reported Time | CAD Call No |
|---|---|---|---|---|---|
| San Mateo County Sheriff | 06-3995 | 0002 | 08/01/2006 | 15:29 | 061920009 |

| Status | Nature of Call | | | | |
|---|---|---|---|---|---|
| INVESTIGATE | ASSAULTS - AGGRAVATED OR SIMPLE | | | | |

| Location | | City | ZIP Code | |
|---|---|---|---|---|
| SAN MATEO CALTRAIN STATION | | SAN MATEO | 94401 | |

| From Date | From Time | Deputy | | |
|---|---|---|---|---|
| 07/11/2006 | 14:32 | 1472/ZUNO, S | | |

| Assignment | Deputy2 |
|---|---|
| PATROL - SHERIFF'S TRANSIT OPERATIONS POL | LOPEZ, V |

| Assignment | Entered by |
|---|---|
| PATROL - SHERIFF'S TRANSIT OPERATIONS POL | 1472 |

| Assignment | RMS Transfer | Approving Officer |
|---|---|---|
| PATROL - SHERIFF'S TRANSIT OPERATIONS POL | Successful | 1284/COPELAND, R |

| Approval Date | Approval Time | |
|---|---|---|
| 08/01/2006 | 15:33:23 | |

## Summary Narrative

Supplemental Report for witness information.

See the added contact information for witness Mario Luna.

## WITNESS 1: LUNA,MARIO

| Involvement | Invl No | Type | Name | MNI |
|---|---|---|---|---|
| WITNESS | 1 | Individual | LUNA,MARIO | 61207 |

| Race | Sex |
|---|---|
| HISPANIC/MEXICAN/LATIN | MALE |

| Type | Address | City |
|---|---|---|
| WORK/BUSINESS | 23 SOUTH RAILROAD AVE | SAN MATEO |

| State | ZIP Code | |
|---|---|---|
| CALIFORNIA | 94401 | |

| Phone Type | Phone No | |
|---|---|---|
| BUSINESS | (650) 347-8420 | |

## Modus Operandi

| Crime Code(s) |
|---|
| ASSAULTS |

CONTACT ORIGINATING
AGENCY OR THE COURT
FOR DISPOSITION INFORMATION

CONTROLLED
DOCUMENT
NOT TO BE
DUPLICATED

GREG MUNKS, SHERIFF
SAN MATEO COUNTY

| Report Officer | Printed At | |
|---|---|---|
| 1472/ZUNO, S | 09/06/2007 16:23 | Page 1 of 1 |

# EXHIBIT E

SAN MATEO    DISPLAY COURT CASE EVENTS    09/20/07
  C J I S    Case 4:07-cv-04035-CW    Document 24    Filed 01/17/2008    Page 4 of 35    15:06
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
MORE DATA PENDING                                                    PAGE   1
CASE: NF359160 A  DEF: GALATI, MICHAEL DANIEL
     EVENT CODE:          START DATE:          SEQUENCE: NORMAL
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
  DATE   SEQ CODE   ...............EVENT DESCRIPTION...................
07/13/06 005 FDCJR AFFIDAVIT OF COSTS FOR CRIMINAL JUSTICE ADMINISTRATION
                   FEE, RECEIVED.
         005 SHRES CASE SHIFTED FROM HEARING ON 07/13/2006 AT  1:30 P.M. IN
                   DEPARTMENT IC OF SUPERIOR COURT NORTHERN BRANCH TO
                   HEARING ON 07/13/2006 AT  1:30 P.M. IN DEPARTMENT 12 OF
                   SUPERIOR COURT SOUTHERN BRANCH.
         005 HHELD HEARING HELD ON 07/13/06 AT 1:30 P.M. IN SUPERIOR COURT
                   SOUTHERN BRANCH, D- 12. HON. H J ELLIS-SUPERIOR CT,
                   JUDGE, PRESIDING. CLERK: KRISTY NELSON. REPORTER: JENELL
                   MULLANE. CLERK2: MARTIN KING.  DEPUTY D.A. SERRATO.
                   DEFENSE COUNSEL PRESENT: NONE.
         010 HHFAR FELONY ARRAIGNMENT
         015 APWOC DEFENDANT APPEARED WITHOUT COUNSEL.
         020 ARWVE FURTHER ARRAIGNMENT AND ADVISE OF RIGHTS WAIVED.
         025 RAACR DEFENDANT ARRAIGNED AND ADVISED OF THE FOLLOWING RIGHTS:
NEXT FUNCTION: _____ CURR FUNCTION: CTDSP    ID: J24147-J241471   PF1=HELP



* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
MORE DATA PENDING                                                          PAGE    2
CASE: NF359160 A   DEF: GALATI, MICHAEL DANIEL
      EVENT CODE:            START DATE:              SEQUENCE: NORMAL
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
   DATE    SEQ CODE   ................EVENT DESCRIPTION....................
07/13/06 025           TO THE VARIOUS PLEAS AVAILABLE; TO A SPEEDY PUBLIC TRIAL
                       FROM THE DATE OF ARRAIGNMENT, WITHIN 30 DAYS IF IN
                       CUSTODY, WITHIN 45 DAYS IF NOT IN CUSTODY, OTHERWISE,
                       THE MATTER MUST BE DISMISSED; TO THE AID OF THE COURT TO
                       SUBPOENA AND PRODUCE WITNESSES ON OWN BEHALF, TO
                       CONFRONT AND EXAMINE ADVERSE WITNESSES; TO A TRIAL BY
                       JURY; IF CONVICTED, TO BE SENTENCED NOT SOONER THAN 6
                       HOURS NOR LATER THAN 5 DAYS OR WITHIN 20 COURT DAYS IF
                       REFERRED TO PROBATION OFFICE; TO THE AID OF AN ATTORNEY
                       AT ALL STAGES OF THE PROCEEDINGS; THAT THE COURT WILL
                       APPOINT AN ATTORNEY IF DEFENDANT IS UNABLE TO EMPLOY
                       OWN; TO A REASONABLE LENGTH OF TIME TO CONSULT AN
                       ATTORNEY; DEFENDANT ADVISED, IF NOT A CITIZEN, THAT
                       CONVICTION OF THE OFFENSE WITH WHICH HE HAS BEEN CHARGED
                       MAY RESULT IN DEPORTATION, EXCLUSION OR ADMISSION TO THE
NEXT FUNCTION: _____ CURR FUNCTION: CTDSP   ID: J24147-J241471   PF1=HELP

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
MORE DATA PENDING                                                                          PAGE    3
CASE: NF359160 A  DEF: GALATI, MICHAEL DANIEL
       EVENT CODE:              START DATE:                 SEQUENCE: NORMAL
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
  DATE    SEQ CODE   ................EVENT DESCRIPTION.....................
07/13/06 025         UNITED STATES, OR DENIAL OR NATURALIZATION PURSUANT TO
                     THE LAWS OF THE UNITED STATES.
         030 PAAPT   APPOINT PRIVATE DEFENDER.  DEFENDANT ADVISED THAT UPON
                     CONCLUSION OF THE CASE THE COURT MAY CONDUCT A HEARING
                     TO DETERMINE THE DEFENDANT'S THEN ABILITY TO PAY FOR ALL
                     OR ANY PART OF APPOINTED COUNSEL AND THAT DEFENDANT MAY
                     BE ORDERED TO PAY ALL OR THAT PART OF SAID COSTS WITHIN
                     DEFENDANT'S ABILITY TO PAY.
         035 PDREV   THE COURT WILL MAKE A DETERMINATION OF YOUR ABILITY TO
                     PAY ALL OR A PORTION OF THE COST OF THE ATTORNEY. IF THE
                     COURT DETERMINES THAT YOU HAVE THE FINANCIAL ABILITY TO
                     PAY ALL OR SOME OF THOSE COSTS, THE COURT WILL MAKE AN
                     ORDER THAT YOU REIMBURSE THE COUNTY TO THE EXTENT AND IN
                     THE MANNER THAT THE COURT FINDS REASONABLE. AN ORDER TO
                     REIMBURSE THE COUNTY FOR COURT-APPOINTED COUNSEL FEES
NEXT FUNCTION: _____ CURR FUNCTION: CTDSP    ID: J24147-J241471   PF1=HELP
```

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
MORE DATA PENDING                                                              PAGE    4
CASE: NF359160 A  DEF: GALATI, MICHAEL DANIEL
    EVENT CODE:          START DATE:              SEQUENCE: NORMAL
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
   DATE    SEQ CODE    ................EVENT DESCRIPTION....................
07/13/06 035          WILL HAVE THE SAME FORCE AND EFFECT AS A JUDGMENT IN A
                      CIVIL ACTION AND SHALL BE SUBJECT TO EXECUTION. BEFORE
                      THE COURT MAKES SUCH AN ORDER, YOU ARE ENTITLED TO
                      REQUEST AND HAVE A HEARING ON THE QUESTION OF WHETHER OR
                      NOT YOU HAVE THE FINANCIAL ABILITY TO PAY SOME OR ALL OF
                      THE COURT-APPOINTED COUNSEL FEE. YOU HAVE THE RIGHT TO
                      BE HEARD IN PERSON, PRESENT WITNESSES AND OTHER
                      DOCUMENTARY EVIDENCE, TO CONFRONT AND CROSS EXAMINE
                      ADVERSE WITNESSES, HAVE THE EVIDENCE AGAINST YOU
                      DISCLOSED TO YOU AND A WRITTEN STATEMENT OF THE FINDINGS
                      OF THE COURT. IF YOU DO NOT REQUEST SUCH A HEARING, YOU
                      WILL BE GIVING UP YOUR RIGHT TO SUCH A HEARING. IF AN
                      ATTORNEY IS APPOINTED TO REPRESENT YOU, YOU WILL BE
                      ORDERED TO APPEAR BEFORE THE REVENUE SERVICES MANAGER AT
                      THE CONCLUSION OF YOUR CASE FOR A DETERMINATION OF YOUR
NEXT FUNCTION: _____ CURR FUNCTION: CTDSP    ID: J24147-J241471  PF1=HELP

```
SAN MATEO  Case 4:07-cv-04035-CW  Document 24  Filed 01/17/2008   Page 8 of 35   09/20/07
  C J I S                    DISPLAY COURT CASE EVENTS                              15:06
**************************************************************************
MORE DATA PENDING                                                       PAGE    5
CASE: NF359160 A  DEF: GALATI, MICHAEL DANIEL
     EVENT CODE:          START DATE:              SEQUENCE: NORMAL
**************************************************************************
   DATE   SEQ CODE   ................EVENT DESCRIPTION....................
07/13/06 035        ABILITY TO PAY THE COST OF LEGAL ASSISTANCE PROVIDED.
                    SHOULD YOU FAIL TO APPEAR BEFORE THE REVENUE SERVICES
                    MANAGER AS ORDERED, S/HE WILL REPORT SUCH FAILURE AND
                    RECOMMEND THAT THE COURT ORDER PAYMENT OF THE FULL COST
                    OF THE LEGAL ASSISTANCE PROVIDED.
        040 PLEDA   DEFENDANT ENTERED A PLEA OF NOT GUILTY TO ALL COUNTS.
        045 WTIMB   TIME NOT WAIVED BY DEFENDANT / COUNSEL.
        050 RAWPC   DEFENDANT WAIVES THE RIGHT TO A HEARING FOR PROBABLE
                    CAUSE FOR THE ARREST.
        055 APCUS   DEFENDANT IN CUSTODY ON THIS CASE.
        060 BBSET   BAIL SET AT $50,000.00.
        065 SHOTB   CASE CONTINUED TO 07/25/2006 AT 2:00 P.M. IN SOUTH SAN
                    FRANCISCO IN DEPT. PH FOR PRELIMINARY HEARING..
        070 MIENT   ENTERED BY M.KING ON 07/13/2006.
07/24/06 005 SHRES  CASE SHIFTED FROM HEARING ON 07/25/2006 AT  2:00 P.M. IN
NEXT FUNCTION: _____ CURR FUNCTION: CTDSP   ID: J24147-J241471   PF1=HELP
```

```
SAN MATEO  Case 4:07-cv-04035-CW  Document 24  Filed 01/17/2008  Page 9 of 35   09/20/07
    C J I S                                                              15:06
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
MORE DATA PENDING                                                       PAGE   6
CASE: NF359160 A  DEF: GALATI, MICHAEL DANIEL
     EVENT CODE:          START DATE:              SEQUENCE: NORMAL
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
  DATE    SEQ CODE   . . . . . . . . . . . . . . . .EVENT DESCRIPTION. . . . . . . . . . . . . . . . . . . .
07/24/06 005        DEPARTMENT PH OF SUPERIOR COURT NORTHERN BRANCH TO
                    HEARING ON 07/25/2006 AT  2:00 P.M. IN DEPARTMENT 11 OF
                    SUPERIOR COURT NORTHERN BRANCH.
07/25/06 005 HHELD  HEARING HELD ON 07/25/06 AT 2:00 P.M. IN SUPERIOR COURT
                    NORTHERN BRANCH, D- 11. HON. JOHN L GRANDSAERT, JUDGE,
                    PRESIDING. CLERK: SARAI GOULART. REPORTER: MICHAEL
                    SHINTAKU. CLERK2: NONE.  DEPUTY D.A. RAFFANTI.  DEFENSE
                    COUNSEL PRESENT: JOHNSTON.
         010 HHPRL  PRELIMINARY HEARING
         015 APWAT  DEFENDANT APPEARED WITH ATTORNEY JOHNSTON.
         020 CDFAC  COUNT 1 DISMISSED ON MOTION OF THE PROSECUTION.  REASON
                    FOR DISMISSAL OR DISCHARGE: I.E..
         025 CDEEC  SPECIAL ALLEGATIONS, AS ALLEGED IN COUNT 1 ALLEGATION 1,
                    ARE STRICKEN.
         030 MOTFB  MOTION OF DEFENSE FOR DEFENDANT TO BE RELEASE ON O.R. IS
NEXT FUNCTION: _____ CURR FUNCTION: CTDSP    ID: J24147-J241471   PF1=HELP
```

```
SAN MATEO  Case 4:07-cv-04035-CW   Document 24   Filed 01/17/2008   Page 10 of 35  09/20/07
   C J I S                    DISPLAY COURT CASE EVENTS                              15:06
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
MORE DATA PENDING
CASE: NF359160 A  DEF: GALATI, MICHAEL DANIEL                          PAGE    7
      EVENT CODE:              START DATE:              SEQUENCE: NORMAL
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
   DATE    SEQ CODE    ................EVENT DESCRIPTION....................
07/25/06 030        DENIED.
         035 WTIMB TIME NOT WAIVED BY DEFENDANT / COUNSEL.
         040 APCUS DEFENDANT IN CUSTODY ON THIS CASE.
         045 BBBRD BAILED REDUCED TO $5,000.00.
         050 SHOTA CASE CONTINUED TO 08/03/2006 AT 8:30 A.M. IN REDWOOD
                   CITY IN DEPT. PT FOR PRETRIAL CONFERENCE..
         055 SHOTB CASE CONTINUED TO 08/07/2006 AT 9:00 A.M. IN SOUTH SAN
                   FRANCISCO IN DEPT. JT FOR JURY TRIAL..
         060 MIENT ENTERED BY S.GOULART ON 07/25/2006.
08/02/06 005 SHRES CASE SHIFTED FROM HEARING ON 08/03/2006 AT  8:30 A.M. IN
                   DEPARTMENT PT OF SUPERIOR COURT SOUTHERN BRANCH TO
                   HEARING ON 08/03/2006 AT  8:30 A.M. IN DEPARTMENT 19 OF
                   SUPERIOR COURT SOUTHERN BRANCH.
         005 BBBBP $5,000.00 BAIL BOND NUMBER LG5-430599 POSTED ON
                   07/31/2006 BY LINCOLN GENERAL SURETY COMPANY ALADDIN
NEXT FUNCTION: _____ CURR FUNCTION: CTDSP   ID: J24147-J241471   PF1=HELP
```

**************************************************************************
MORE DATA PENDING
CASE: NF359160 A   DEF: GALATI, MICHAEL DANIEL                        PAGE    8
     EVENT CODE:            START DATE:           SEQUENCE: NORMAL
**************************************************************************
   DATE    SEQ CODE    ...............EVENT DESCRIPTION....................
08/02/06 005        BAIL BOND COMPANY FOR DEFENDANT APPEARANCE ON 08/03/2006
                    AT 8:30 A.M..
        010 OTHER   BAIL BOND FILED IN CASE FILE
08/03/06 005 HHELD  HEARING HELD ON 08/03/06 AT 8:30 A.M. IN SUPERIOR COURT
                    SOUTHERN BRANCH, D- 19. HON. CREATAN FOR MCKENNA, COURT
                    COMMISSIONER, PRESIDING. CLERK: BIANCA NEDELCU.
                    REPORTER: SONIA KOLOKOURIS. CLERK2: ALEXANDRA FINNEY.
                    DEPUTY D.A. FLYNN.  DEFENSE COUNSEL PRESENT: JOHNSTON.
        010 HHPTC   PRE TRIAL CONFERENCE
        015 APWAT   DEFENDANT APPEARED WITH ATTORNEY JOHNSTON.
        020 AMCDF   COMPLAINT AMENDED ORALLY.
        025 AMABD   COMPLAINT AMENDED TO ADD COUNT 5 : INFRACTION, VIOLATION
                    OF PC 415(2), ON MOTION OF THE PROSECUTION.
        030 WRAAB   ARRAIGNMENT WAIVED ON THE AMENDED COMPLAINT.
        035 PLPLD   DEFENDANT ENTERED A PLEA OF GUILTY TO COUNT 5 IN AMENDED
NEXT FUNCTION: _____ CURR FUNCTION: CTDSP    ID: J24147-J241471   PF1=HELP

**************************************************************************
MORE DATA PENDING
CASE: NF359160 A   DEF: GALATI, MICHAEL DANIEL                    PAGE      9
    EVENT CODE:            START DATE:              SEQUENCE: NORMAL
**************************************************************************
   DATE    SEQ CODE    ...............EVENT DESCRIPTION....................
08/03/06 035    COMPLAINT.
         040 FDWOR DEFENDANT IS ADVISED OF, UNDERSTANDS, AND KNOWINGLY AND
               VOLUNTARILY WAIVES ALL THE FOLLOWING RIGHTS:  WAIVES THE
               RIGHT TO COUNSEL; TO TRIAL BY JURY; TO CONFRONT AND
               CROSS-EXAMINE ADVERSE WITNESSES; THE PRIVILEGE AGAINST
               SELF-INCRIMINATION.  THE COURT FINDS THAT THE DEFENDANT
               UNDERSTANDS THE NATURE OF THE CHARGES, THE ELEMENTS OF
               THE OFFENSE, THE DEFENSE THERETO, THE CONSEQUENCES OF
               PLEAS AND THE RANGE OF PENALTIES THERETO.  WAIVER OF
               RIGHTS SIGNED.
         045 CDFAD COUNT 2 DISMISSED ON MOTION OF THE PROSECUTION.  REASON
               FOR DISMISSAL OR DISCHARGE: NEGOTIATED PLEA.
         050 CDFAD COUNT 3 DISMISSED ON MOTION OF THE PROSECUTION.  REASON
               FOR DISMISSAL OR DISCHARGE: NEGOTIATED PLEA.
         055 CDFAD COUNT 4 DISMISSED ON MOTION OF THE PROSECUTION.  REASON
NEXT FUNCTION: _____ CURR FUNCTION: CTDSP    ID: J24147-J241471   PF1=HELP

```
SAN MATEO                 DISPLAY COURT CASE EVENTS
  C J I S   Case 4:07-cv-04035-CW    Document 24    Filed 01/17/2008    Page 13 of 35    09/20/07
************************************************************************    15:06
MORE DATA PENDING
CASE: NF359160 A   DEF: GALATI, MICHAEL DANIEL                               PAGE   10
     EVENT CODE:              START DATE:                SEQUENCE: NORMAL
*******************************************************************************
   DATE    SEQ CODE    ...............EVENT DESCRIPTION....................
08/03/06 055           FOR DISMISSAL OR DISCHARGE: NEGOTIATED PLEA.
        060 WTSTB TIME WAIVED FOR SENTENCING.
        065 ARWFS DEFENDANT WAIVES FORMAL ARRAIGNMENT FOR SENTENCING.
        070 MIVJT JURY TRIAL SET ON 08/07/2006 AT 9:00 A.M. ORDERED
                  VACATED.
        075 SEPFX TOTAL FINE AMOUNT PAYABLE, INCLUDING ALL ASSESSMENTS, IS
                  $282.00.
        080 SERET DEFENDANT ORDERED TO PAY $33.00 TO STATE RESTITUTION
                  FUND.  THIS PAYMENT  IS  A CONDITION OF PROBATION
        085 SECTT DEFENDANT GIVEN CREDIT, FOR TIME SPENT IN CUSTODY, OF
                  $300.00 TOWARDS BALANCE OF FINE.
        090 SEFED COURT SECURITY SURCHARGE FEE OF $20.00 ORDERED PAID.
        095 SEPRS DEFENDANT TO PAY FINE AND ASSESSMENTS THROUGH REVENUE
                  SERVICES.
        100 SESEG DEFENDANT GRANTED A STAY TO PAY FINE ON OR BEFORE
NEXT FUNCTION: _____ CURR FUNCTION: CTDSP    ID: J24147-J241471    PF1=HELP
```

```
SAN MATEO    Case 4:07-cv-04035-CW    Document 24    Filed 01/17/2008    Page 14 of 35    09/20/07
  C J I S                     DISPLAY COURT CASE EVENTS                                    15:06
 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
MORE DATA PENDING
CASE: NF359160 A   DEF: GALATI, MICHAEL DANIEL                                PAGE   11
     EVENT CODE:            START DATE:                      SEQUENCE: NORMAL
 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
   DATE     SEQ CODE    ................EVENT DESCRIPTION....................
08/03/06 100             09/05/2006.
         105 SECAF   DEFENDANT REFERRED TO REVENUE SERVICES FOR REIMBURSEMENT
                     FOR COURT APPOINTED FEES PER 987.8 PC. DEFENDANT TO
                     REPORT TO REVENUE SERVICES TODAY.
         110 MIASE   ALL SENTENCE ELEMENTS FOR THIS PROCEEDING ENTERED.
         115 MIENT   ENTERED BY AF ON 08/03/2006.
         005 MISEN   FILE SENT TO CLEARING DESK
08/07/06 005 MIRFL   FILE RETURNED TO CLERK'S OFFICE.
08/08/06 005 BBEXD   BAIL BOND NUMBER LG5-430599 FOR $5,000.00 EXONERATED.
08/10/06 005 FDCII   CII FORWARDED TO ARRESTING AGENCY.
         010 CJFNI   CJAF NOT IMPOSED.
09/11/06 005 MIPIF   FINE PAID IN FULL THROUGH REVENUE SERVICES.
         005 MIPPB   PARTIAL PAYMENT THROUGH REVENUE SERVICES OF $53.00
                     REMAINING BALANCE IS $.00.
09/15/06 005 MISEN   FILE SENT TO JUDGE LIVERMORE
NEXT FUNCTION: _____ CURR FUNCTION: CTDSP     ID: J24147-J241471    PF1=HELP
```

```
SAN MATEO                DISPLAY COURT CASE EVENTS
  C J I S Case 4:07-cv-04035-CW  Document 24   Filed 01/17/2008   Page 15 of 35   09/20/07
                                                                                      15:06
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
END OF DATA
CASE: NF359160 A   DEF: GALATI, MICHAEL DANIEL                      PAGE  12
      EVENT CODE:         START DATE:              SEQUENCE: NORMAL
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
  DATE    SEQ CODE    . . . . . . . . . . . . . . . .EVENT DESCRIPTION. . . . . . . . . . . . . . . . . . . . .
09/25/06 005 MIRFL  FILE RETURNED TO CLERK'S OFFICE.
         010 FDPJA  PETITION AND JUDGEMENT, APPOINTED ATTORNEY FEES PURSUANT
                    TO PC 987.8/987.81 FILED.
         015 FDJCA  GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND
                    DECREED THAT PLAINTIFF, COUNTY OF SAN MATEO, HAVE
                    JUDGMENT AGAINST DEFENDANT HEREIN IN THE SUM OF $515.00.




NEXT FUNCTION: _____  CURR FUNCTION: CTDSP    ID: J24147-J241471    PF1=HELP
```

# EXHIBIT F

1  FRED G. MEIS, ESQ., STATE BAR NO. 030712
   JOSEPH JAMES POPPEN, ESQ., STATE BAR NO. 239282
2  LEON V. ROUBINIAN, ESQ., STATE BAR NO. 226893
   MEIS & ASSOCIATES
3  100 Bush Street, Suite 1800
   San Francisco, CA  94104-3920
4  Telephone:  (415) 981-4612
   Facsimile:  (415) 398-5060
5  Email:  fredgmeis@hotmail.com

6  Attorneys for Plaintiff MICHAEL GALATI

7

8                    UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11

12

13  MICHAEL GALATI,                       )    Case No. CV 07 4035 CW
                                          )
14              Plaintiff,                )
                                          )
15        v.                              )    **PLAINTIFF'S REQUEST FOR**
                                          )    **PRODUCTION OF DOCUMENTS TO**
16  COUNTY OF SAN MATEO; SAN              )    **DEFENDANT COUNTY OF SAN**
    MATEO COUNTY SHERIFF'S                )    **MATEO, SET ONE**
17  DEPARTMENT; GREG MUNKS                )
    individually and in his official capacities )
18  as sheriff for the COUNTY OF SAN      )
    MATEO; DON HORSLEY individually       )
19  and in his former official capacities as )
    sheriff for the COUNTY OF SAN         )
20  MATEO; SALVADOR ZUNO                  )
    individually and in his official capacities )
21  as a sheriff's deputy for the COUNTY  )
    OF SAN MATEO; VICTOR LOPEZ            )
22  individually and in his official capacities )
    as a sheriff's deputy for the COUNTY  )
23  OF SAN MATEO and DOES 1  to 100       )
    Inclusive,                            )
24                                        )
                                          )
25              Defendants.               )
    _____)
26

27

28

EXHIBIT F

3/4

PROPOUNDING PARTY:   Plaintiff MICHAEL GALATI

RESPONDING PARTY:    Defendant COUNTY OF SAN MATEO

SET NO.:              ONE

Plaintiff Michael Galati hereby requests that defendant COUNTY OF SAN MATEO respond to his Request For Production of Documents, Set One, pursuant to Federal Rules of Civil Procedure Rule 34, presenting verified written responses and either providing copies or making originals available for copying at 100 Bush Street, Suite 1800, San Francisco, California 94104 within 30 days of service of these requests.

## DEFINITIONS AND INSTRUCTIONS

Words in CAPITAL LETTERS in this Request for Production are defined as follows:

1.    "DOCUMENT" or "DOCUMENTS" shall mean any and all tangible things, including, without limitation, any written, printed, typed, recorded, inputted, keyed, magnetic, punched, copied, graphic or other tangible thing in, upon, or from which information may be embodied, translated, conveyed or stored, as defined in FRCP 34(a) and Federal Rules of Evidence 1001(1) and (2). "DOCUMENT" or "DOCUMENTS" shall also be understood to include, without limitation, any records, files, notes, letters, telephone messages, memoranda, electronic mail (e-mail), telegrams, notes of conversations, facsimile transmissions, facsimile transmission reports, diagrams, drawings, blue prints, design drawings, meeting minutes, publications, studies, surveys, reports, brochures, pamphlets, contracts, agreements, X-rays, or other writing whether in print or stored as computer data.

2.    YOU or YOUR includes and refers to the above named responding party, and its agents, assigns, employer, insurance company, attorneys, adjusters, and insurance agents.

3.    The terms "AND" and "OR" mean and/or.

Case 4:07-cv-04035-CW    Document 51    Filed 04/25/2008    Page 61 of 80

4.     The term "ALL" means and and all.

5.     The term INCIDENT means and refers to the arrest of plaintiff Michael Galati on July 11, 2006, the events leading up to the arrest, and the events immediately following the arrest.

## REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

ALL DOCUMENTS constituting, reflecting or referring to ALL complaints filed by ALL persons with the San Mateo County Sheriff's Office, its agents, agencies, affiliates, and/or departments against defendant Salvador Zuno for acts indicating OR constituting dishonesty, false arrest, illegal search AND seizure, AND the fabrication of charges and/or evidence.

### REQUEST FOR PRODUCTION NO. 2:

ALL DOCUMENTS constituting, reflecting or referring to ALL complaints filed by ALL persons with the San Mateo County Sheriff's Office, its agents, agencies, affiliates, and/or departments against defendant Victor Lopez for acts indicating OR constituting dishonesty, false arrest, illegal search AND seizure, AND the fabrication of charges and/or evidence.

### REQUEST FOR PRODUCTION NO. 3:

ALL DOCUMENTS constituting, reflecting OR referring to ALL complaints filed by ALL persons with the San Mateo County Sheriff's Office, its agents, agencies, affiliates, and/or departments against defendant Salvador Zuno for any acts involving morally lax character.

### REQUEST FOR PRODUCTION NO. 4:

ALL DOCUMENTS constituting, reflecting OR referring to ALL complaints filed by ALL persons with the San Mateo County Sheriff's Office, its agents, agencies, affiliates, and/or departments against defendant Victor Lopez for any acts involving morally lax character.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS constituting, reflecting OR referring to ALL complaints filed by ALL persons with the San Mateo County Sheriff's Office, its agents, agencies, affiliates, and/or departments against defendant Salvador Zuno for acts of aggressive behavior, acts of violence and/or attempted violence, AND acts of excessive force and/or attempted excessive force

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS constituting, reflecting OR referring to ALL complaints filed by ALL persons with the San Mateo County Sheriff's Office, its agents, agencies, affiliates, and/or departments against defendant Victor Lopez for acts of aggressive behavior, acts of violence and/or attempted violence, AND acts of excessive force and/or attempted excessive force

**REQUEST FOR PRODUCTION NO. 7:**

ALL statements, written or oral, by ALL persons who have brought complaints as described in Requests 1, 2, 3, 4, 5, and 6 above against defendant Salvador Zuno.

**REQUEST FOR PRODUCTION NO. 8:**

ALL statements, written or oral, by ALL persons who have brought complaints as described in Requests 1, 2, 3, 4, 5, and 6 above against defendant Victor Lopez

**REQUEST FOR PRODUCTION NO. 9:**

ALL documents reflecting or referring to the names, addresses and telephone number of ALL persons who made complaints and/or statements described in Requests 1, 2, 3, 4, 5, 6, 7, and 8 above.

**REQUEST FOR PRODUCTION NO. 10:**

ALL statements, written or oral, by ALL persons who communicated with the San Mateo County Sheriff's Office, its agents, agencies, affiliates, departments investigators and/or other personnel as described in Requests 1, 2, 3, 4, 5, 6, 7, 8, and 9 above.

MICHAEL GALATI'S REQUEST FOR PRODUCTION TO DEFENDANT COUNTY OF SAN MATEO

**REQUEST FOR PRODUCTION NO. 11:**

ALL tape recordings and/or transcriptions thereof, notes, AND memoranda by investigation personnel of the San Mateo Sheriff's department, its agents, agencies, affiliates, departments, investigators and/or other personnel made concerning complaints AND statements described in Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 above.

**REQUEST FOR PRODUCTION NO. 12:**

ALL documents constituting the written procedures established by the San Mateo County Sheriff's Office to investigate citizen complaints against the San Mateo County Sheriff's Office, its deputies, agents, agencies, affiliates, departments, investigators AND other personnel.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS maintained by the San Mateo County Sheriff's Office concerning statements AND opinions, including, but not limited to, findings, letters, formal reports, and oral conversations made by superior deputies and/or fellow deputies, regarding Salavador Zuno, which pertain to acts indicating on constituting dishonesty, false arrest, illegal search and seizure, the fabrication of charges and/or evidence, AND any act demonstrating morally lax character.

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS maintained by the San Mateo County Sheriff's Office concerning statements AND opinions, including, but not limited to, findings, letters, formal reports, and oral conversations made be superior deputies and/or fellow deputies, regarding Victor Lopez, which pertain to acts indicating on constituting dishonesty, false arrest, illegal search and seizure, the fabrication of charges and/or evidence, AND any act demonstrating morally lax character.

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS maintained by the San Mateo County Sheriff's Office concerning statements and opinions, including, but not limited to, findings, letters, formal reports, and oral

conversations made by superior deputies and/or fellow deputies, regarding Salavador Zuno, which pertain to acts of aggressive behavior, acts of violence and/or attempted violence, AND acts of excessive force and/or attempted excessive force.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS maintained by the San Mateo County Sheriff's Office concerning statements and opinions, including, but not limited to, findings, letters, formal reports, and oral conversations made by superior deputies and/or fellow deputies, regarding Victor Lopez, which pertain to acts of aggressive behavior, acts of violence and/or attempted violence, AND acts of excessive force and/or attempted excessive force.

**REQUEST FOR PRODUCTION NO. 17:**

ALL records of discipline imposed by the San Mateo County's Sheriff's Office on Salvador Zuno for the conduct specified in Request Nos. 14 and 16, above.

**REQUEST FOR PRODUCTION NO. 18:**

ALL records of discipline imposed by the San Mateo County's Sheriff's Office on Victor Lopez for the conduct specified in Request Nos. 15 and 17, above.

**REQUEST FOR PRODUCTION NO. 19:**

ALL recordings of ALL radio communications on July 11, 2006 between any deputy who responded to the INCIDENT and any other person, including, but not limited to dispatchers, other deputies, and/or other emergency personnel (including, but not limited to 911 dispatchers).

**REQUEST FOR PRODUCTION NO. 20:**

ALL recordings of ALL radio communications on July 11, 2006 involving any deputy, agent, or employee of the San Mateo County Sheriff's Office AND County of San Mateo, regarding the INCIDENT, including, but not limited to dispatchers, other deputies, and/or other emergency personnel (including, but not limited to 911 dispatchers).

**REQUEST FOR PRODUCTION NO. 21**:

ALL DOCUMENTS related to the dispatch of officers on July 11, 2006 to the INCIDENT.

**REQUEST FOR PRODUCTION NO. 22**:

ALL DOCUMENTS referred to or used in the preparation of the Incident Report dated July 25, 2006 concerning the INCIDENT. This Request includes, but is not limited to, ALL notes made by ALL deputies at the scene of the INCIDENT, and ALL statements made by ALL witnesses, including handwritten statements and recorded statements.

**REQUEST FOR PRODUCTION NO. 23**:

ALL photographs, video, or film taken at the scene of the INCIDENT.

**REQUEST FOR PRODUCTION NO. 24**:

ALL photographs, video, film, AND audio recordings taken of plaintiff Michael Galati from July 11, 2006 to July 31, 2006, inclusive.

**REQUEST FOR PRODUCTION NO. 25**:

ALL reports made by ALL employees of the County of San Mateo regarding the INCIDENT. This Request includes, but is not limited to, reports by ALL deputies. It does not include reports of any attorney in the County Counsel's office or any investigator working specifically at the direction of any attorney in the City Attorney's Office as a result of the present litigation.

**REQUEST FOR PRODUCTION NO. 26**:

ALL DOCUMENTS that refer to or relate to ALL arrests of plaintiff Michael Galati by the San Mateo County Sheriff's Office at any time.

**REQUEST FOR PRODUCTION NO. 27**:

ALL DOCUMENTS that refer to or relate to ALL detentions of plaintiff Michael Galati by the San Mateo County Sheriff's Office at any time.

MICHAEL GALATI'S REQUEST FOR PRODUCTION TO DEFENDANT COUNTY OF SAN MATEO

**REQUEST FOR PRODUCTION NO. 28:**

ALL DOCUMENTS regarding ALL alleged criminal activity by plaintiff Michael Galati.

**REQUEST FOR PRODUCTION NO. 29:**

ALL video and/or audio recordings of plaintiff Michael Galati relating to INCIDENT AND the subsequent imprisonment of Mr. Galati.

**REQUEST FOR PRODUCTION NO. 30:**

ALL transcripts of ALL depositions of Salvador Zuno taken in ALL civil action(s) that pertained to or involved his employment as a law enforcement officer.

**REQUEST FOR PRODUCTION NO. 31:**

ALL transcripts of ALL depositions of Victor Lopez taken in ALL civil action(s) that pertained to or involved his employment as a law enforcement officer.

**REQUEST FOR PRODUCTION NO. 32:**

ALL civil complaints that have been filed in any civil court against Salvador Zuno that allegedly resulted from his activities while acting in his capacity as a law enforcement officer.

**REQUEST FOR PRODUCTION NO. 33:**

ALL civil complaints that have been filed in any civil court against Victor Lopez that allegedly resulted from his activities while acting in his capacity as a law enforcement officer.

**REQUEST FOR PRODUCTION NO. 34:**

A photocopy of Salvador Zuno's current driver's license.

**REQUEST FOR PRODUCTION NO. 35:**

A photocopy of Victor Lopez's current driver's license.

**REQUEST FOR PRODUCTION NO. 36:**

ALL DOCUMENTS regarding insurance policies that may afford Salvador Zuno coverage stemming from the allegations made in this litigation.

**REQUEST FOR PRODUCTION NO. 37:**

ALL DOCUMENTS regarding insurance policies that may afford Victor Lopez coverage stemming from the allegations made in this litigation.

**REQUEST FOR PRODUCTION NO. 38:**

ALL DOCUMENTS regarding any policy of self insurance that may afford Salvador Zuno coverage stemming from the allegations made in this litigation.

**REQUEST FOR PRODUCTION NO. 39:**

ALL DOCUMENTS regarding any policy of self-insurance that may afford Victor Lopez coverage stemming from the allegations made in this litigation.

**REQUEST FOR PRODUCTION NO. 40:**

ALL DOCUMENTS regarding ALL surveillance of ALL parties to the present litigation, including, but not limited to reports, photographs, films, and/or videos.

**REQUEST FOR PRODUCTION NO. 41:**

ALL DOCUMENTS that support the contention that plaintiff Michael Galati violated any statute, ordinance, or regulation in connection with the INCIDENT.

**REQUEST FOR PRODUCTION NO. 42:**

ALL DOCUMENTS that support the contention that plaintiff Michael Galati was not injured in connection with the INCIDENT.

**REQUEST FOR PRODUCTION NO. 43:**

ALL DOCUMENTS concerning the past or present physical, mental, or emotional condition of plaintiff Michael Galati.

**REQUEST FOR PRODUCTION NO. 44:**

ALL DOCUMENTS maintained AND relied upon by the San Mateo County Sheriff's Office to provide deputies with training on the use of force.

MICHAEL GALATI'S REQUEST FOR PRODUCTION TO DEFENDANT COUNTY OF SAN MATEO

**REQUEST FOR PRODUCTION NO. 45:**

ALL DOCUMENTS evidencing AND reflecting the incidence of excessive force concerning the San Mateo County Sheriff's Office AND its deputies.

**REQUEST FOR PRODUCTION NO. 46:**

ALL DOCUMENTS constituting reports AND compilations concerning the use of excessive force by the San Mateo County Sheriff's Office AND its deputies.

MEIS & ASSOCIATES

DATED:   March 4, 2008          BY: _____

LEON V. ROUBINIAN, Esq.
Attorneys for Plaintiff
MICHAEL GALATI

MICHAEL GALATI'S REQUEST FOR PRODUCTION TO DEFENDANT COUNTY OF SAN MATEO

## PROOF OF SERVICE

I, Pavel Krepkiy, declare as follows:

I am over the age of eighteen years, and not a party to this action. My business address is 100 Bush Street, Suite 1800, San Francisco, California 94104.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On March 4, 2008, at my place of business at San Francisco, California, a copy of the following document(s):

PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT COUNTY OF SAN MATEO, SET ONE

was placed for deposit in a sealed envelope addressed to:

Eugene Whitlock, Esq.
County Counsel
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
FAX: (650) 363-4034

and the named document was served in the manner indicated below:

**XX    BY MAIL:** I caused true and correct copies of the above documents, by following ordinary business practices, to be placed and sealed in envelope(s) addressed to the addressee(s), at Meis & Associates, 100 Bush Street, Suite 1800, San Francisco, California, 94104, for collection and mailing with the United States Postal Service, and in the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

**BY PERSONAL SERVICE:** I placed true and correct copies of the above documents in a sealed envelope(s) addressed to the addressee(s) and I delivered such envelope(s) by hand on the office(s) of the addressee(s).

**BY FEDERAL EXPRESS:** I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered to FEDERAL EXPRESS for overnight courier service to the office(s) of the addressee(s).

**BY FACSIMILE:** I caused a copy(ies) of such document(s) to be transmitted via facsimile machine. The fax number of the machine from which the document was transmitted was (415) 398-5060. The fax number(s) of the machine(s) to which the document(s) were transmitted are listed above. The fax transmission was reported as complete and without error. I caused the transmitting facsimile to print a transmission record of the transmission, a copy of which is attached to this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 4, 2008

PAVEL KREPKIY

1

# EXHIBIT G

MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: Eugene Whitlock, Deputy (SBN 237797)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4989
Facsimile: (650) 363-4034
E-mail: ewhitlock@co.sanmateo.ca.us

Attorneys for Defendants
COUNTY OF SAN MATEO, GREG MUNKS, DON
HORSLEY, SALVADOR ZUNO and VICTOR
LOPEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GALATI,<br><br>       Plaintiff,<br><br>   vs.<br><br>COUNTY OF SAN MATEO, et al.<br><br>      Defendants. | Case No. CV 07-4035CW<br><br>**DEFENDANTS' RESPONSE TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:   Plaintiff MICHAEL GALATI

RESPONDING PARTY:   Defendants COUNTY OF SAN MATEO, GREG MUNKS, DON
HORSLEY, SALVADOR ZUNO and VICTOR LOPEZ

SET NUMBER:          One

Defendants submit the following as and for their response to the request for production of

documents:

## **GENERAL OBJECTION**

To the extent any interrogatory calls for a response which would divulge information protected by

the attorney-client or work-product privileges, Defendants object to that interrogatory.  Defendants

reserve the right to amend, modify or delete said answers in light of further discovery.

EXHIBIT G

Case No. CV 07-4035CW

DEFENDANTS' RESPONSE TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1

## REQUESTS

2

3  1. Defendants will not produce these documents, to the extent that they exist, without a court
4 order.

5  2. Defendants will not produce these documents, to the extent that they exist, without a court
6 order.

7  3. Defendants will not produce these documents, to the extent that they exist, without a court
8 order.

9

10  4. Defendants will not produce these documents, to the extent that they exist, without a court
11 order.

12  5. Defendants will not produce these documents, to the extent that they exist, without a court
13 order.

14  6. Defendants will not produce these documents, to the extent that they exist, without a court
15 order.

16  7. Defendants will not produce these documents, to the extent that they exist, without a court
17 order.

18

19  8. Defendants will not produce these documents, to the extent that they exist, without a court
20 order.

21  9. Defendants will not produce these documents, to the extent that they exist, without a court
22 order.

23  10. Defendants will not produce these documents, to the extent that they exist, without a court
24 order.

25  11. Defendants will not produce these documents, to the extent that they exist, without a court
26 order.

27

28  12. These documents are provided together with this written response.

1    13.    Defendants will not produce these documents, to the extent that they exist, without a court

2  order.

3    14.    Defendants will not produce these documents, to the extent that they exist, without a court

4  order.

5

6    15.    Defendants will not produce these documents, to the extent that they exist, without a court

7  order.

8    16.    Defendants will not produce these documents, to the extent that they exist, without a court

9  order.

10    17.    Defendants will not produce these documents, to the extent that they exist, without a court

11  order.

12

13    18.    Defendants will not produce these documents, to the extent that they exist, without a court

14  order.

15    19.    There are no recordings.  However, Defendants are producing a transcript of the teletype

16  communications between Deputies Zuno and Lopez and "dispatch."

17    20.    See response to No. 19.

18    21.    See response to No. 19.

19
20    22.    These documents have already been provided as part of Defendants' Initial Disclosures.

21    23.    These documents have already been provided as part of Defendants' Initial Disclosures.

22    24.    These documents have already been provided as part of Defendants' Initial Disclosures.

23    25.    These documents have already been provided as part of Defendants' Initial Disclosures.

24    26.    Defendants have already produced and/or are producing these documents.

25    27.    Defendants have already produced and/or are producing these documents.

26    28.    Defendants have already produced and/or are producing these documents.

27    29.    Defendants have already produced and/or are producing these documents.

28

1    30.    No such document exists.

2    31.    No such document exists.

3    32.    Defendants will not produce these documents, to the extent that they exist, without a court

4    order.

5
6    33.    Defendants will not produce these documents, to the extent that they exist, without a court

7    order.

8    34.    This request is not within the scope of discovery.  Defendant will not produce this

9    document without a Court Order.

10    35.    This request is not within the scope of discovery.  Defendant will not produce this

11    document without a Court Order.

12    36.    The County is self-insured.

13
14    37.    The County is self-insured.

15    38.    See 36 and 37.

16    39.    See 36 and 37.

17    40.    No such documents exist.

18    41.    Defendants have already produced and/or are producing these documents.

19
20    42.    Defendants have already produced and/or are producing these documents.

21    43.    Defendants have already produced and/or are producing these documents to the extent

22    they are in Defendants' possession.

23    44.    Defendants are producing these documents.

24    45.    Defendants will not produce these documents, to the extent that they exist, without a court

25    order.

26    46.    No such documents exist.

27

28

Case No. CV 07-4035CW                    4

DEFENDANTS' RESPONSE TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1

2    Dated:  April 7, 2008                    MICHAEL P. MURPHY, COUNTY COUNSEL

3

4                                              By: _____
                                                      Eugene Whitlock, Deputy
5

6    Attorneys for Defendants
     COUNTY OF SAN MATEO, GREG MUNKS,
     DON HORSLEY, SALVADOR ZUNO and
7    VICTOR LOPEZ

8

9

10   L:\LITIGATE\G_CASES\Galati\Discovery\Defendant Responses to First DOCUMENT request.doc

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

I do hereby declare that I am a citizen of the United States employed in the County of San

3

Mateo, over 18 years old and that my business address is 400 County Center, Redwood City, California.

4

I am not a party to the within action.

5

On April 7, 2008, I served the following document(s):

6

**DEFENDANTS'S RESPONSE TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**
**(0042 – 0110)**

7

8

on all other parties to this action by placing a true copy of said document(s) in a sealed envelope in the

following manner:

9

[X] (BY U.S. MAIL) by placing a true copy of said document(s) in a sealed envelope(s) addressed as
10    shown below for collection and mailing at Redwood City, California following our ordinary
      business practices. I am readily familiar with this office's practice for collecting and processing
11    correspondence for mailing. On the same day that correspondence is placed for collection and
      mailing, it is deposited in the ordinary course of business with the United States Postal Service in a
12    sealed envelope with postage fully prepaid.

[ ]  (BY OVERNIGHT DELIVERY) by placing a true copy of said document(s) in a sealed
13    envelope(s) addressed as shown below for collection and delivery by an overnight delivery carrier
      with delivery fees paid or provided for in accordance with this office's practice. I am readily
14    familiar with this office's practice for processing correspondence for delivery the following day by
      an overnight delivery carrier.

15   [ ]  (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of
      the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent
16    to the persons at the e-mail address shown below. I did not receive, within a reasonable time after
      the transmission, any electronic message or other indication that the transmission was unsuccessful.

17   [ ]  (BY FACSIMILE TRANSMISSION) by telefaxing a true copy of said document(s) at ____, ___ m.
      on the date stated above to the addressee(s) and number(s) shown below. A transmission report
18    was properly issued by the transmitting facsimile machine and is attached hereto. The transmission
      was reported as completed and without error.

19   [ ]  (BY PERSONAL SERVICE) I caused such envelope(s) to be hand-delivered to the addressee(s)
      shown below. A proof of service signed by the authorized courier will be filed forthwith.

20        [ ]  (STATE) I declare under penalty of perjury under the laws of the State of California that the
                foregoing is true and correct.

21   [X]  (FEDERAL) I declare that I am employed in the office of a member of the Bar of this Court
                at whose direction the service was made.

22

23                                                  _____

24                                                  Shelley Cushere, Legal Secretary

25            Michael Galati v. County of San Mateo – CV 07-4035 CW

26        **NAME AND ADDRESS OF EACH PERSON TO WHOM SERVICE WAS MADE**

Joseph James Poppen
27   Meis & Associates
     100 Bush Street, Suite 1800
28   San Francisco, CA 94104-3920
     L:\LITIGATE\G_CASES\Galati\Pleadings\Proof of Service.doc

# EXHIBIT H



Leon Roubinian <roubinian@gmail.com>

# Galati v. County of San Mateo: Meet and confer about your clients' responses to RFPs

2 messages

**Leon Roubinian <roubinian@gmail.com>**                                    Thu, Apr 10, 2008 at 1:19 PM
To: Eugene Whitlock <ewhitlock@co.sanmateo.ca.us>

Eugene:

I write to meet and confer about your clients' responses to *Plaintiff's Request for Production of Documents* in an effort to resolve discovery issues short of court intervention.

Request Nos. 1 through 11 and 13 through 18 generally concern information about dishonestly, false arrest, illegal search and seizure, fabrication of charges/evidence, aggressive behavior on the part of Deputy Zuno and Deputy Lopez. Your clients' responses state that defendants will not produce requested documents without a court order. The discovery sought is directly related to Mr. Galati's claims and allegations, and the Court will most likely grant an Order compelling production. Please be advised that *Pitchess* does not apply as this case is in federal court with federal law causes of action. Accordingly, plaintiff requests that you deliver all requested documents to my office by April 16, 2008. Otherwise, plaintiff will file a motion to compel and seek expenses for the cost of the motion.

Request Nos. 32 and 33 seek civil complaints filed civil courts against the deputy defendants concerning their employment as law enforcement officers. Again, your clients' responses state that defendants will not produce requested documents without a court order. These documents are public information and relate to Mr. Galati's claims and allegations. The Court will most likely grant an Order compelling production. Accordingly, plaintiff requests that you deliver all requested documents to my office by April 16, 2008. Otherwise, plaintiff will file a motion to compel and seek expenses for the cost of the motion.

Request Nos. 34 and 35 cocnern your clients' current dirvers' licenses. This is basic identifying information and most certainly within the scope of dicovery. The Court will most likely grant an Order compelling production. Accordingly, plaintiff requests that you deliver all requested documents to my office by April 16, 2008. Otherwise, plaintiff will file a motion to compel and seek expenses for the cost of the motion.

Request No. 45 seeks documents reflecting the incidence of excessive force concerning the San Mateo County Sheriff's Office and its deputies. Your clients' responses state that defendants will not produce requested documents without a court order. The discovery sought is directly related to Mr. Galati's claims and allegations, and the Court will most likely grant an Order compelling production. Please be advised that *Pitchess* does not apply as this case is in federal court with federal law causes of action. Accordingly, plaintiff requests that you deliver all requested documents to my office by April 16, 2008. Otherwise, plaintiff will file a motion to compel and seek expenses for the cost of the motion.

There is approximately two months left for fact discovery in this case, and your clients' patently improper responses appear calculated to hinder plaintiff's ability to complete discovery within the time frame set by the Court. The Northern District local rules require counsel to meet and confer about discovery disputes by telephone conference. Please contact me at your earliest convenience so that we may have such a conference.
--
Leon V. Roubinian
Meis & Associates
Shell Building



EXHIBIT H

100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel: (415) 981-4612
Fax: (415) 398-5060

---

**Eugene Whitlock <ewhitlock@co.sanmateo.ca.us>**                                    Thu, Apr 10, 2008 at 2:32 PM
To: Leon Roubinian <roubinian@gmail.com>
Cc: Law Clerk <lawclerk@co.sanmateo.ca.us>

See my responses below in blue:


Eugene Whitlock
Deputy County Counsel
400 County Center, 6th Floor
Redwood City, CA 94063
Tel: 650-363-4989
Fax: 650-363-4034
ewhitlock@co.sanmateo.ca.us


>>> "Leon Roubinian" <roubinian@gmail.com> 4/10/2008 1:19 PM >>>
Eugene:

I write to meet and confer about your clients' responses to *Plaintiff's Request for Production of Documents*
in an effort to resolve discovery issues short of court intervention.

Request Nos. 1 through 11 and 13 through 18 generally concern information about dishonestly, false
arrest, illegal search and seizure, fabrication of charges/evidence, aggressive behavior on the part of
Deputy Zuno and Deputy Lopez.  Your clients' responses state that defendants will not produce requested
documents without a court order.  The discovery sought is directly related to Mr. Galati's claims and
allegations, and the Court will most likely grant an Order compelling production.  Please be advised that
*Pitchess* does not apply as this case is in federal court with federal law causes of action.  Accordingly,
plaintiff requests that you deliver all requested documents to my office by April 16, 2008.  Otherwise,
plaintiff will file a motion to compel and seek expenses for the cost of the motion.

- You will need to file a motion to compel, but I can tell you that there is nothing of interest or relevance
to the present case.


Request Nos. 32 and 33 seek civil complaints filed civil courts against the deputy defendants concerning
their employment as law enforcement officers.  Again, your clients' responses state that defendants will
not produce requested documents without a court order.  These documents are public information and
relate to Mr. Galati's claims and allegations. The Court will most likely grant an Order compelling
production. Accordingly, plaintiff requests that you deliver all requested documents to my office by April
16, 2008.  Otherwise, plaintiff will file a motion to compel and seek expenses for the cost of the motion.

- You will need to file a motion to compel, but there are no such complaints that I am aware of.

Request Nos. 34 and 35 cocnern your clients' current dirvers' licenses.  This is basic identifying information
and most certainly within the scope of dicovery.  The Court will most likely grant an Order compelling
production. Accordingly, plaintiff requests that you deliver all requested documents to my office by April
16, 2008.  Otherwise, plaintiff will file a motion to compel and seek expenses for the cost of the motion.

- This is an absurd and unnecessary request.  Is there really any question about who these deputies are?

File a motion if you really want it and the Court will (1) find it ridiculous and (2) perhaps grant the motion with all information other than name redacted. Think of how you are going to answer the question when the judge says "Mr. Roubinian, why do you need the drivers' licenses, is there some question as to the deputies' identity?" You will look foolish.

Request No. 45 seeks documents reflecting the incidence of excessive force concerning the San Mateo County Sheriff's Office and its deputies. Your clients' responses state that defendants will not produce requested documents without a court order. The discovery sought is directly related to Mr. Galati's claims and allegations, and the Court will most likely grant an Order compelling production. Please be advised that *Pitchess* does not apply as this case is in federal court with federal law causes of action. Accordingly, plaintiff requests that you deliver all requested documents to my office by April 16, 2008. Otherwise, plaintiff will file a motion to compel and seek expenses for the cost of the motion.

- Go ahead and file a court order, but my response is the same as above with the request specific to Zuno and Lopez.

There is approximately two months left for fact discovery in this case, and your clients' patently improper responses appear calculated to hinder plaintiff's ability to complete discovery within the time frame set by the Court. The Northern District local rules require counsel to meet and confer about discovery disputes by telephone conference. Please contact me at your earliest convenience so that we may have such a conference.

- You've got to be joking. You haven't even completed your client's responses to discovery! I strongly suggest that you sit down with an experienced lawyer from your office to discuss your very limited prospects for success in this case. It's obvious that nothing the mediator said to you about your misunderstanding of the law and your client's lack of credibility have had no effect on you.


--
Leon V. Roubinian
Meis & Associates
Shell Building
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel: (415) 981-4612
Fax: (415) 398-5060

4/24/2008 3:20 PM